1  NANCY E. PRITIKIN, Bar No. 102392
   nepritikin@littler.com
2  NIMA RAHIMI, Bar No. 295173
   nrahimi@littler.com
3  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
4  San Francisco, California 94108.2693
   Telephone:    415.433.1940
5  Facsimile:    415.399.8490

6  Attorneys for Defendants
   UNITED CONTINENTAL HOLDINGS, INC.,
7  UNITED AIRLINES, INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 | HENRY TUKAY,                          | Case No.
13 |              Plaintiff,               | **DEFENDANT UNITED AIRLINES,**
   |                                       | **INC.'S NOTICE OF REMOVAL OF**
14 |        v.                             | **CIVIL ACTION TO FEDERAL COURT**
   |                                       | **PURSUANT TO 28 U.S.C. SECTIONS 1332,**
15 | UNITED CONTINENTAL HOLDINGS,          | **1441, AND 1446**
   | INC., UNITED AIRLINES, INC.,          |
16 | DOES 1 TO 20,                         | **[28 U.S.C. §§ 1332, 1441, 1446]**
17 |              Defendants.              | Complaint Filed: August 4, 2014
18 |                                       | (San Mateo County Superior Court)

19

20

21

22

23

24

25

26

27

28

DEF'S NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION FROM STATE COURT                    Case No.

1          **TO THE CLERK OF THE UNITED STATES DISTRICT COURT,**

2 **NORTHERN DISTRICT OF CALIFORNIA:**

3          **PLEASE TAKE NOTICE** that Defendant UNITED AIR LINES, INC. ("Defendant"

4 or "United"), contemporaneously with the filing of this Notice, hereby effects removal of the above-

5 entitled action from the Superior Court of the State of California, County of San Mateo, to the

6 United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections

7 1441 and 1446 and, specifically, on the following grounds:

8 **I.       JURISDICTION AND VENUE ARE PROPER.**

9          1.      This action is a civil action over which this Court has original jurisdiction

10 based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be

11 removed to this Court by United pursuant to 28 U.S.C. section 1441(b) because it is a civil action

12 between citizens of different states and the amount in controversy exceeds $75,000, exclusive of

13 interests and costs, as set forth below. 28 U.S.C. § 1332; 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b).

14          2.      Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391

15 and 1446.

16 **II.      STATUS OF THE PLEADINGS AND PROCEEDINGS TO DATE**

17          3.      This lawsuit arises out of Plaintiff Henry Tukay's ("Plaintiff") employment

18 with Defendant United Airlines, Inc. On August 4, 2014, Plaintiff filed a Complaint in the Superior

19 Court of the State of California, County of San Mateo, entitled *Henry Tukay v. United Continental*

20 *Holdings Inc., United Airlines, Inc., and DOES 1 through 20, inclusive,* designated as Case No. CIV-

21 529829. The Complaint purports five Causes of Action: (1) Age and Disability Discrimination; (2)

22 Retaliation; (3) Wrongful Termination in Violation of Public Policy; 4) Breach of Statutory Duty (in

23 violation of California Labor Code §§ 201 and 203); and 5) Defamation. A true and correct copy of

24 the Complaint is attached hereto as **Exhibit A**.

25          4.      On August 7, 2014, Plaintiff mailed to Defendant's agent for service of

26 process a copy of the Complaint and Verification via U.S. mail, along with a Notice and

27 Acknowledgment of Receipt – Civil and Summons to be served on Defendant. Attached hereto as

28 **Exhibit B** are true and correct copies of these documents.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT

1.

Case No.

5.      On August 27, 2014, Defendant executed and returned the Notice and Acknowledgement of Receipt – Civil.  Attached hereto as **Exhibit C** is a true and correct copy of the executed Notice and Acknowledgment of Receipt – Civil.

6.      All pleadings, process or orders received by Defendant in the case are attached hereto.  Defendant has received no other process, pleadings or orders.  28 U.S.C. § 1446(a).

## III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

7.      Although Plaintiff's Complaint is silent as to the total amount of damages claimed, the failure to specify the total amount of damages sought by Plaintiff does not deprive this Court of jurisdiction.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F. 3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *see also White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim").  A defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum.  *See Sanchez v. Monumental Life Ins. Co.*, 95 F. 3d 856, 860-62 (9th Cir. 1996); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376 (9th Cir. 1997) (same).

8.      Further, "the court may consider facts in the removed petition and may require the parties to submit summary-judgment type evidence relevant to the amount in controversy at the time of removal." *Singer*, 116 F.3d at 377.  In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (*citing Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT                                    2.                           Case No.

1    removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)).

2         9.      Here, notwithstanding Plaintiff's failure to allege the total amount of damages

3    claimed, the amount in controversy as alleged by Plaintiff in this case exceeds the sum of seventy-

4    five thousand dollars ($75,000.00), exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

5    Although the Complaint does not state a specific dollar amount of damages, Plaintiff seeks to

6    recover, *inter alia*, special damages, compensatory damages, emotional distress damages, punitive

7    damages, attorney's fees and costs, California Labor Code penalties, and other relief the Court may

8    deem proper.  (*See* Compl., Prayer For Relief; ¶¶ 13, 19, 23, 24.)

9         **A.      Special And Compensatory Damages**

10        10.     Although Defendant denies it can or should be liable for the damages alleged

11   in Plaintiff's Complaint, Plaintiff alleges causes of action in his Complaint, including those under

12   California's Fair Employment and Housing Act (the "FEHA"), California Government Code §

13   12940 *et seq.*, which surpass the $75,000 threshold.  *See Commodore Home Sys., Inc. v. Super. Ct.*,

14   32 Cal. 3d 211, 221 (1982) (noting that in a civil action under the FEHA, "all relief generally

15   available in noncontractual actions . . . may be obtained").

16        11.     Plaintiff claims that, as a result of Defendant's alleged wrongful conduct, he

17   has suffered damages in the form of lost wages and other employment benefits.  (Compl. at ¶ 23.)

18   Plaintiff also alleges that Defendant violated public policy when he was discharged from

19   employment and that Defendant's conduct amounted to age and disability discrimination.  (*See*

20   Compl. at ¶ 22.)  If Plaintiff prevails on his public policy wrongful termination, age discrimination,

21   retaliation or disability-related claims, Plaintiff would be entitled to recover the amount Plaintiff

22   would have earned up to the present date, including any benefits or pay increases.  *See* Judicial

23   Council of California, Civil Jury Instructions ("CACI") Nos. 350 *et seq.*, 2433 (2011); *Wise v.*

24   *Southern Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

25        12.     Here, Plaintiff alleges that Defendant wrongfully terminated his employment

26   for discriminatory and retaliatory reasons on March 14, 2013.  (*See* Compl. at ¶ 4.)  Prior to

27   Plaintiff's employment termination, he earned $36.92 per hour, and worked at least full-time (40

28   hours per week).  (*See* Declaration of Cheryl Spataro, ["Spataro Decl."] ¶ 3.)  Assuming Plaintiff

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT                    3.                Case No.

seeks back pay from the time that he was terminated to the present (approximately 78 weeks) at the rate of pay he was earning prior to the alleged wrongful termination, and assuming Plaintiff prevailed on his claims, he would be awarded approximately $115,190.40 ($36.92 per hour x 78 weeks x 40 hours per week).  Thus, the amount in controversy attributable to Plaintiff's alleged lost wages *alone* exceeds the $75,000 threshold.

### B.    Emotional Distress Damages

13.    Plaintiff seeks damages for the emotional distress he allegedly suffered.  (*See* Compl. at ¶¶ 13, 19, 23, 24.)  The amount in controversy includes claims for such damages, exclusive of costs and interest.  *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at *11 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint"); *Conrad Assoc. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Plaintiff's claims further augment the foregoing amounts and demonstrate that the jurisdictional prerequisite for removal of this action is met.  *See Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal).

14.    In *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976 (9th Cir. 2005), *cert denied*, 127 S. Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy, which included emotional distress damages, had been established.  The Ninth Circuit reasoned that the plaintiff's emotional distress damages "would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees."  *Id.* at 980.  A similar result is compelled here as Plaintiff expressly seeks damages for emotional distress allegedly caused by Defendant's acts.  (*See* Compl. at ¶¶ 13, 19, 23, 24.)  Based on *Kroske*, the emotional distress component of Plaintiff's claims would add *at least* $25,000 to the amount in controversy, and likely more.

### C.    Punitive Damages

15.    Plaintiff also seeks punitive damages through his Complaint.  (*See* Compl.,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT                    4.                    Case No.

Prayer for Relief, subpart (3).)   Punitive damages are included in calculating the amount in controversy.  *See Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994).  In *State Farm vs. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that a single-digit ratio (i.e., no more than nine-to-one) was appropriate when issuing an award of punitive damages.  Using this 1:9 ratio, the punitive damages award against Defendant could total **$1,036,713.60** ($115,190.40 in claimed lost wages x 9 (ratio for award of punitive damages)).  Assuming even a 2.75:1 ratio, the amount of damages still exceeds the $75,000 threshold (2.75 x $115,190.40 in lost wages = **$316,773.60**).

16.     In *Aucina*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  *Aucina*, 871 F. Supp. at 334.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages might alone exceed the jurisdictional minimum.  *Id.*  The same finding is compelled here.

### D.     Attorneys' Fees

17.     Plaintiff's Complaint also seeks attorneys' fees.   (*See* Compl., Prayer for Relief, subpart (4).)  It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees.  *See Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007); *Kroske,* 432 F.3d at 980; *Galt G/S v. JSS Scandanavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001). In cases involving claims under FEHA, attorneys' fees alone could satisfy the requisite amount in controversy.  *See, e.g., Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *Zissu v. Bear, Stearns & Co.*, 805 F. 2d 75 (2nd Cir. 1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Mangold v. California Public Utilities Comm'n,* 67 F. 3d 1470 (9th Cir. 1995) (affirming $724,380 attorney's fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT                                             5.                           Case No.

1    18.    By including Plaintiff's claim for attorneys' fees, it is beyond doubt that

2    Plaintiff seeks to recover an amount in excess of $75,000 in this action.  *See, e.g., Beaty v. BET*

3    *Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees of

4    $376,520 may be appropriate in a discrimination case where the jury awarded compensatory

5    damages of only $30,000).

6    **E.    Penalties Under The California Labor Code**

7    19.    Plaintiff seeks penalties for the alleged nonpayment of "his wages, for his

8    medical treatment, and for his vacation and sick leave" pursuant to California Labor Code § 203.

9    (Compl. at ¶ 28.)  California Labor Code § 203 provides that if an employer violates California

10   Labor Code §§ 201 or 202, relating to the timely payment of all wages owing upon separation from

11   employment, "the wages of the employee shall continue as a penalty from the due date thereof at the

12   same rate until paid or until an action therefor is commenced" for up to 30 days.  Assuming Plaintiff

13   is awarded 30 days of waiting time penalties at his hourly rate of $36.92 per hour for eight (8) hours

14   each day, Plaintiff's waiting time penalties claim amounts to $8,860.80 ($36.92 per hour x 8 hours

15   per day x 30 days).

16   **F.    Other Relief**

17   20.    Plaintiff also seeks open-ended relief as "such other and further relief the

18   court deems just and proper."  (Compl. at Prayer for Relief, subsection (6)).  Although uncertain in

19   amount, these additional damages claims only serve to increase the amount in controversy.  *See*

20   *Lewis v. Exxon Mobil Corp*., 348 F. Supp. 2d 932, 932-34 (W.D. Tenn. 2004) (holding that the

21   "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all

22   incidental, consequential, compensatory and punitive damages," established that her case met the

23   amount in controversy requirement even though she plead in the complaint that she did not assert a

24   claim in excess of $75,000).

25   **G.    Recent Verdicts**

26   21.    Jury verdicts in various discrimination cases in California confirm that were

27   Plaintiff to prevail at trial, his damages would clearly be in excess of the $75,000 threshold.  For

28   example, in the matter of *Vanderheiden v. City of Alameda*, No. RG06 283619, in the Superior Court

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT                        6.                        Case No.

1  of Alameda County, on March 23, 2011, the jury awarded the plaintiff $680,182 in a case involving

2  disability discrimination.   (*See* Declaration of Nancy Pritikin ["Pritikin Decl."], ¶ 2, Exh. A.)

3  Further, in the matter of *Ybarra v. Dacar Holdings, Inc., et al.*, No. KC-054144, in the Los Angeles

4  Superior Court, on February 26, 2010, the jury awarded the plaintiff $615,236 after finding liability

5  for disability discrimination.  (*See* Pritikin Decl. at ¶ 3, Exh. B.)  Similarly, in the matter of *Morales*

6  *v. Los Angeles County Metropolitan Transportation Authority*, BC339557, on August 19, 2008, a

7  Los Angeles Superior Court jury awarded the plaintiff $2,247,137 in a case involving disability

8  discrimination.  (*See* Pritikin Decl. at ¶ 4, Exh. C.)

9        22.    Thus, by virtue of the claims asserted in Plaintiff's Complaint and the

10  applicable law, the preponderance of the evidence clearly establishes that Plaintiff is seeking well in

11  excess of the seventy-five thousand dollar ($75,000) jurisdictional limit of this Court, thus making

12  removal entirely proper here.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir.

13  2007) (finding that when a "complaint is unclear and does not specify 'a total amount in

14  controversy,'" the proper burden of proof for removal is a preponderance of the evidence); *see also*

15  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where "the defendant

16  can show by a preponderance of the evidence that the amount in controversy is greater than the

17  jurisdictional amount").

18        23.    As set forth above, Plaintiff seeks lost wages, damages for emotional distress,

19  as well as an award of attorneys' fees, punitive damages, and waiting time penalties, making the

20  total potential recovery for Plaintiff on his claims at least **$1,260,764.80** ($115,190.40 [special and

21  compensatory] + $25,000 [emotional distress] + $1,036,713.60 [punitive] + $75,000 [attorneys'

22  fees] + $8,860.80 [Labor Code claim]), easily meeting the $75,000 threshold.

23  **IV.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS HERE.**

24        24.    At all times relevant to this lawsuit, Plaintiff alleges that he was a resident of

25  Contra Costa County, California.  (*See* Compl. at ¶ 1.)

26        25.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its

27  state of incorporation and the state where it has its principal place of business.  28 U.S.C. §

28  1332(c)(1).  In *Hertz Corporation*, the U.S. Supreme Court analyzed 28 U.S.C. § 1332(c), and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT                                    7.                                    Case No.

1    exclusively adopted the "nerve center" test for determining corporate citizenship in diversity

2    jurisdiction cases.  In so doing, the *Hertz* Court determined that a corporation's "principal place of

3    business" is "the place where a corporation's high level officers direct, control, and coordinate the

4    corporation's activities."  *The Hertz Corporation v. Friend, et al.,* 559 U.S. 77, 130 S. Ct. 1181,

5    1186 (2010); *see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS 33554, *6-*7 (E.D. Cal. April

6    6, 2010) (invoking *Hertz* standard).  This "nerve center" should normally be the place where the

7    corporation maintains its headquarters.  *Hertz*, 130 S. Ct. at 1192.

8         26.    Applying the requirements of 28 U.S.C. § 1332(c) and the "nerve center" test

9    as articulated by the *Hertz* Court, there is complete diversity of citizenship in this matter as United is

10   a citizen of both Delaware and Illinois, and is <u>not</u> a citizen of California.

11   **A.    Defendant Is Incorporated In Delaware And Is Consequently A Citizen Of That State.**

12

13        27.    Defendant is incorporated in the State of Delaware.  (*See* Spataro Decl. at ¶ 5.)

14   **B.    Defendant's Principal Place Of Business Is In Illinois And Is Consequently A Citizen Of That State.**

15        28.    As shown below, Defendant's principal place of business is in Illinois, and <u>not</u>

16   in California:

17             a.    Defendant's corporate headquarters is located at 233 S. Wacker Drive,

18                  Chicago, Illinois 60606.  (*Id*. at ¶ 7.)

19             b.    Chicago, Illinois is also where United's high-level officers direct,

20                  control, and coordinate the corporation's activities.  (*Id*.)

21             c.    United's core executive and administrative functions are carried out in

22                  its headquarters in Chicago, Illinois, including but not limited to all

23                  legal work and analysis, all dispatch and crew scheduling and

24                  planning, safety and security policy-making and decisions, corporate

25                  communications (internal and external), advertising and marketing,

26                  and computer operations.  (*Id*. at ¶ 8.)

27        29.    Because Defendant is incorporated in Delaware and because Defendant's

28   high-level officers direct, control, and coordinate the corporation's activities from Chicago, Illinois,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT                          8.                    Case No.

1    Defendant is a citizen of both Delaware and Illinois, and is clearly not a citizen of California.

2           **C.**     **Complete Diversity of Citizenship Exists Here.**

3           30.     As set forth above, complete diversity of citizenship exists here because

4    Defendant, on the one hand, and Plaintiff, on the other hand, are citizens of *different* states.  *See* 28

5    U.S.C. § 1332(a)(1); *see also* Complaint at ¶¶ 1, 2.

6           31.     Regarding Plaintiff's citizenship, Plaintiff alleges that he is a citizen of Contra

7    Costa County, California.  (*See* Complaint at ¶ 1.)

8           32.     Does 1 through 20, inclusive, are wholly fictitious.  The Complaint does not

9    set forth the identity or status of any said fictitious defendants, nor does it set forth any charging

10   allegation against any fictitious defendants.  The citizenship of these Doe defendants is to be

11   disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the

12   diversity of citizenship between the parties in this action.  28 U.S.C. § 1441(a); *accord Newcombe v.*

13   *Adolf Coors Co.*, 157 F. 3d 686, 690-691 (9th Cir. 1998) (citing to 28 U.S.C. § 1441(a), and noting

14   that inclusion of Doe defendants in a state court complaint has no effect on removability); *see also*

15   *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

16          33.     Defendant United Continental Holdings, Inc. consents to this Notice of

17   Removal.  A true and correct copy of Defendant United Continental Holdings, Inc.'s Joinder in

18   Notice of Removal from State Court is attached hereto as **Exhibit D**.

19          34.     No other party is named, or has been served, as of the date of this Notice of

20   Removal.

21   **V.**       **THE REMOVAL IS TIMELY.**

22          35.     Plaintiff mailed the Summons and Complaint to Defendant's agent for service

23   of process along with a Notice and Acknowledgment of Receipt – Civil on August 7, 2014.

24   Pursuant to California Code of Civil Procedure Section 415.30(c), service of a summons and

25   complaint by mail with a Notice and Acknowledgment of Receipt is deemed complete on the date a

26   written acknowledgment of receipt of summons is executed.  Defendant executed the Notice and

27   Acknowledgment of Receipt on August 27, 2014.  Therefore, service of the Summons and

28   Complaint was effective on August 27, 2014.

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT
       9.       Case No.

1        36.     This Notice of Removal is therefore timely as it has been filed within thirty

2   (30) days after Defendant was effectively served with the Summons and Complaint and within one

3   year of the filing of the Complaint on August 7, 2014.  28 U.S.C. § 1446(b).

4   **VI.        NOTICE TO COURT AND PARTIES**

5        37.     Contemporaneously with the filing of this Notice of Removal in the United

6   States District Court for the Northern District of California, written notice of the removal will be

7   given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed

8   with the Clerk of the Superior Court for the State of California for the County of San Mateo as

9   required by 28 U.S.C. § 1446(d).

10

11   Dated: September 26, 2014

12                                              /s/ NANCY E. PRITIKIN
                                                NANCY E. PRITIKIN
13                                              LITTLER MENDELSON, P.C.
                                                Attorneys for Defendants
14                                              UNITED CONTINENTAL HOLDINGS, INC.,
                                                UNITED AIRLINES, INC.
15

16   Firmwide:128666876.3 052664.1111

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT                                10.                    Case No.

# EXHIBIT A

1  Albert M. Kun, Esq.  SB# 55820
2  381 Bush Street, Suite 200
   San Francisco, CA  94104
3  Telephone:  (415) 362-4000
   Facsimile:  (415) 362-1305
4
   Attorney for Plaintiff
5

(ENDORSED)
**FILED**
SAN MATEO COUNTY

AUG 0 4 2014

Clerk of the Superior Court
By  TYLER MAXWELL
DEPUTY CLERK

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8  **COUNTY OF SAN MATEO**

9

10

    HENRY TUKAY                          )  No.  **CIV 5 2 9 82 9**
11  ,                                     )
                   Plaintiff             )  **COMPLAINT FOR WRONGFUL**
12                                        )  **TERMINATION IN VIOLATION**
                                          )  **OF PUBLIC POLICY**
13  v.                                    )
                                          )
14  UNITED CONTINENTAL HOLDINGS, INC.,    )
    UNITED AIRLINES, INC.                 )  _____
15  DOES 1 TO 20,                         )
                                          )
16                   Defendants.          )
17  _____)

18      Plaintiff, HENRY TUKAY, alleges as follows:

19                      GENERAL ALLEGATIONS

20

21      1.  Plaintiff is, and at all relevant times was, an adult Asian male of Filipino descent, and

22  a resident of Contra Costa County, California; he is fifty-seven (57) years of age.

23      2.  Defendant United Continental Holdings Inc. is a corporation incorporated in the State

24  of Delaware. Defendant United Airlines Inc. is a corporation incorporated in the State of Illinois,

25  and doing or have done business in Alameda and San Mateo Counties.

26

27

28

3.   Plaintiff was employed as a mechanic at the Oakland (Alameda County) and San Francisco maintenance base for twenty-three years-plus years (23+) and had a satisfactory work record.

4.   Plaintiff is disabled. Plaintiff notified defendant of his disability and requested an accommodation for his disability. Plaintiff utilized intermittent leave under the FMLA due to symptoms of his medical condition, most recently around October, 2012.

Plaintiff was discharged on March 14, 2013. Defendants stated that the reason for his termination was vandalizing a co-worker's car in the parking lot. Defendants had no reasonable suspicion or probable cause to report plaintiff to the police, and in fact the San Mateo District Attorney subsequently dismissed all charges against plaintiff. Plaintiff is aware that other employees who were of a different race or age than himself, and who had committed similar or worse misconduct, were not terminated from employment by defendant, whereas other employees of Filipino descent were terminated.

Defendants' conduct herein was questionable, unprecedented, and clearly indicates discriminatory conduct in that it egregiously failed to uniformly apply its own policies. Previous incidents of burglary and vandalism on employees' vehicles were supposedly under the jurisdiction of local authorities, and defendant did not get involved if it occurred "outside the gates," according to defendant's security department. Plaintiff is aware that, in one instance, an employee's vehicle was burglarized and stolen from the parking lot, but United's security department's reply was: "United does not get involved" for any incident "outside the gates." In the extant case, United certainly violated its own policies, acted with malicious intent, and terminated plaintiff's employment without any concrete evidence of the vandalism allegations. The integrity of the evidence presented is questionable, consisting as it does of unverified photographs of the alleged damages, with no time/date stamps and no independent verification at

the time of allegations; the failure and refusal by defendant to provide further evidence of video footage, and unsubstantiated and unverified statements by the employee who made the allegations, and whose own record, credibility and motives were highly suspect. United conducted the apparently one-sided hearings in the manner of a "kangaroo court" (in the words of a local union representative), in which the company hearing officer simply disregarded any rules of evidence, all the valid arguments and objections presented by the plaintiff's union, but based his biased decision on assumptions, speculation and suggestion, absent any clear and convincing evidence, thus terminating the plaintiff's employment.

5.   Plaintiff's national origin (Filipino), his age at that time (56), his disability, and the fact that he had requested a disability-based accommodation, motivated the discharge, in violation of Title VII of the Civil Rights Act of 1964, as Amended, the Age Discrimination in Employment Act, as Amended, and the American with Disabilities Act, as Amended.

Plaintiff filed a complaint with EEOC regarding his termination on August 6, 2013, in response to which he received a Notice of Right to Sue on August 7, 2013 from the State of CA DFEH and given a year to file a complaint in state court while EEOC conducted its investigation.

Plaintiff, unfortunately, also received a final letter from his former union, International Brotherhood of Teamsters Local 856/986 on August 28, 2013, stating that his case would not be pursued further into arbitration and effectively ending his grievance on his termination. Thus plaintiff herein has exhausted most, if not all, remedies required by state law prior to filing a complaint in state court..

6.   The true names and capacities of defendants Does 1 to 20, inclusive, are presently unknown to plaintiff. Once they have been ascertained, plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious defendants participated in the acts

Complaint for Wrongful Termination in Violation of       3
Public Policy                                                                    Case No

alleged in this complaint to have been done by the named defendants and proximately caused damage to the plaintiff.

7.   Plaintiff is informed, and on that basis alleges, that at all relevant times each of the defendants, whether named or fictitious, was an agent or employee of the defendant, and in performing the acts alleged to have been done in the complaint, acted within the scope of such agency and employment, or ratified the acts of the other.

8.   Plaintiff was required by defendants to comply with certain claim procedures, and plaintiff has fully complied.

## FIRST CAUSE OF ACTION

### (Age and Disability Discrimination)

9.   Plaintiff incorporates each allegation set forth in paragraph 1 through 7.

10. In October, 1989 defendant hired plaintiff as a mechanic.

11. Plaintiff was employed by defendants continuously from the time of hiring until his termination.

12. During the course of plaintiff's employment:

   a)   Defendants made untrue statements about plaintiff within the course of Agency and/or employment relationship.

   b)   Plaintiff had a consistently satisfactory work record.

   c)   Plaintiff intermittently utilized FMLA leave due to symptoms of his medical condition, most recently on or about October 2012. He was discharged on March 14, 2013.

   d)   Defendants wrongfully, and without probable and just cause, accused plaintiff of vandalizing a co-worker's automobile. Defendants reported plaintiff's purported actions to the police, but the District Attorney dismissed the case.

13. Each of the defendants acted for the purpose of causing plaintiff to suffer financial loss, with concomitant severe emotional and physical distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

14. The acts of these defendants, and each of them, were done with specific and unlawful intent to deprive plaintiff of civil rights guaranteed by the State Constitution and the laws of the State of California, including but not limited to, Government Code §12940 et seq. Each act was performed by agreement and in concerted action with the deliberate intent to commit the aforementioned acts. Each actor committed specific affirmative acts in the furtherance of their goal to unlawfully deprive plaintiff of his rights as provided by the State of California.

## SECOND CAUSE OF ACTION

### (Retaliation)

15. Plaintiff incorporates each allegation as set forth in paragraphs 1 through 14.

16. Plaintiff opposed defendants' discriminatory acts by complaining to the Human Resources Department, superiors, and supervisors, and had made previous complaints (2003) to the EEOC, with defendant refusing to acknowledge its unlawful conduct. Plaintiff reported to superiors that he had been a harassed and threatened with bodily harm by one of defendants' employees (2000), but instead had been wrongfully disciplined and threatened by a supervisor to be "walked out" of job for claiming a work-related injury and victimization. In 2001 plaintiff was forced to file a harassment complaint in Contra Costa County Superior Court against the harassing employee, due to his persistent unlawful conduct inside the Oakland (Alameda County) maintenance base; but that employee seems to have had the tacit support of some immediate supervisors.

In September, 2007 plaintiff, while performing his employment-related duties, was the victim of criminal assault and threats of bodily harm on the part of a belligerent employee inside United Airlines' facilities. He reported the incident to his superiors, and was out of work for over a year due to his injuries; yet the other employee who caused the injuries was returned to his job.

Plaintiff was subjected to various forms of harassment, disparate treatment, and worked in a hostile environment until the time he was terminated, enduring derogatory remarks. On one occasion in 2012, a superior said, "Filipinos eat that shit," referring to roaches that may have infested the military barracks at the former US Subic Naval Base in the Philippines. Details of defendants' continuing willful and unlawful conduct will be revealed at trial.

17. Defendants terminated plaintiff's employment in retaliation for plaintiff's complaint regarding such behavior.

18. As a result of defendants' retaliation against him, plaintiff has suffered and continues to suffer damages in the form set forth in the First Cause of Action.

19. Each of the defendants acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress, and are guilty of sufficient oppression and malice to justify an award of punitive damages.


### THIRD CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy)

20. Plaintiff incorporates each allegation set forth in paragraphs 1 through 19.

21. At all times plaintiff was an employee of United Airlines and was acting within the scope and course of his employment relationship with the defendants.

Complaint for Wrongful Termination in Violation of    6
Public Policy                                                              Case No

22. The above-described conduct of defendants constitutes age and disability discrimination and wrongful termination of plaintiff in violation of public policy as embodied in California Government Code §12940(a) and California Constitution Article I, Section 8. This termination was without good cause, conducted in bad faith, and violated public policy and the laws of the State of California.

23. As a result of defendants' wrongful termination of him, plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the degree and extent of which will be proven at trial.

24. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional and physical distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### (Breach of Statutory Duty)

25.  Plaintiff incorporates each allegation set forth in paragraphs 1 through 25.

26. At all times plaintiff was an employee of United Airlines and was acting within the scope and course of his employment relationship.

27. On March 14, 2013 defendant terminated the plaintiff from his permanent position.

28. After termination, defendants failed to pay immediately plaintiff for his wages, for his medical treatment, and for his vacation and sick leave from December 3, 2012 to March 31, 2013 in violation of §201 and §203 of the Labor Code. March 31, 2013 was when plaintiff received his final separation letter from defendant.

29. In fact, defendants were not able to pay the above-mentioned obligations and their actions were willful, subjecting defendant to penalties. (See <u>Smith v. Superior Court</u> (L'Oreal USA Inc. California Supreme Court, July 11, 2006)).

<u>FIFTH CAUSE OF ACTION</u>

(Defamation)

30. Plaintiff incorporates each allegation set forth in in paragraphs 1 through 29.

31. On or about the time of termination of plaintiff's employment, defendants falsely accused plaintiff of a crime, i.e., that he had vandalized a co-worker's car in the parking lot.

32. The statements made by defendants about plaintiff's purported crime was defamatory per se in that such statements tended to injure plaintiff's standing with respect to his profession, trade or business, thereby making re-employment difficult.

33. The charge against plaintiff was false, was made without probable cause, and was made with malicious intent.

WHEREFORE, plaintiff prays:

1.  For special damages according to proof;

2.  For compensatory damages according to proof and prejudgment interest thereon to the extent allowable by law;

3.  For exemplary and punitive damages according to proof;

4.  For attorney's fees;

5.  For costs of suit; and

6.  For such other and further relief as the court may deem proper.

1

2

3

July 15, 2014

4

5

6                                    Albert M. Kun
                                     Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I am the Plaintiff in the above-entitled action. I have read the foregoing

Complaint for Wrongful Termination and know the contents thereof. I certify that the same is

true of my own knowledge except as to those matters which are therein stated upon information

or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this Verification was executed on _8/01/2014_,

2014, at Pleasant Hill, California.

CIV 5 2 9 8 2 9

(ENDORSED)
**FILED**
SAN MATEO COUNTY

AUG 0 4 2014

Clerk of the Superior Court
By TYLER MAXWELL
DEPUTY CLERK

VERIFICATION                              1                         Case No. PES-13-297229

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**

08/11/2014
CT Log Number 525495113

TO: Allyson Hawkins
United Airlines, Inc.
1600 Smith - HQS LG, 15th Floor
Houston, TX 77002

RE: **Process Served in California**

FOR: United Airlines, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Henry Tukay, Pltf. vs. United Continental Holdings, Inc. et al. including United Airlines, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Notice, Summons, Complaint, Verification |
| **COURT/AGENCY:** | San Mateo County - Superior Court - Redwood City, CA
Case # CIV529829 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 08/06/2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 08/11/2014 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Albert M. Kun
381 Bush Street
Suite 200
San Francisco, CA 94104
415-362-4000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/12/2014, Expected Purge Date: 08/17/2014
Image SOP
Email Notification, Allyson Hawkins allyson.hawkins@united.com
Email Notification, Lauren Doerries lauren.doerries@united.com
Email Notification, Cheryl Russell Cheryl.Russell@united.com |
| **SIGNED:**
**ADDRESS:** | C T Corporation System
555 Capitol Mall
Suite 1000
Sacramento, CA 95814 |
| **TELEPHONE:** | 916-497-0656 |

Page 1 of  1 / HP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**ALBERT M. KUN**
Attorney at Law
381 Bush Street, Suite 200
San Francisco, CA 94104



THE CORPORATION COMPANY

555 CAPITOL MALL STE 1000

SACRAMENTO, CA. 95814

TELEPHONE
(415) 362-4000

**ALBERT M. KUN**
LAW OFFICE OF ALBERT M. KUN
381 BUSH STREET, SUITE 200
SAN FRANCISCO, CA  94104

FACSIMILE
(415) 362-1305

August 7, 2014

The Corporation Company
555 Capitol Mall, Suite #1000
Sacramento, CA 95814

**Re: Henry Tukay v. United Airlines Inc.**
**Superior Court of California, San Mateo Co. # CIV**
**529829**

Dear Gentlepersons:

Please be so kind as to accept the Summons and Complaint in the above matter, and return the Acknowledgment of Receipt.

Thank you for your attention to this matter.

Very truly yours,

Albert M. Kun

Encls.

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Albert M. Kun  SB# 55820<br>381 Bush Street, Suite #200<br>San Francisco, CA 94104<br><br>TELEPHONE NO.: (415) 362-4000    FAX NO. *(Optional)*: (415) 362-1305<br>E-MAIL ADDRESS *(Optional)*: albert_kun@hotmail.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Henry Tukay | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern

PLAINTIFF/PETITIONER: Henry Tukay

DEFENDANT/RESPONDENT: United Airlines Inc.,  United Continental Holdings Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 529829 |
|---|---|

TO *(insert name of party being served)*: The Corporation Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 7, 2014

Albert M. Kun
_____
(TYPE OR PRINT NAME)

▶ *[signature]*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]   A copy of the summons and of the complaint.
2. [  ]   Other *(specify)*:


*(To be completed by recipient):*

Date this form is signed:

_____          ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

UNITED CONTINENTAL HOLDINGS INC.,
UNITED AIRLINES INC., DOES 1 TO 20

**(ENDORSED)**
**FILED**
SAN MATEO COUNTY

AUG 0 4 2014

Clerk of the Superior Court
By ___TYLER MAXWELL___
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

HENRY TUKAY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, San Mateo<br>County of San Mateo, 400 County Center<br>Redwood City, CA 94063 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIV 5 2 9 8 2 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Albert M. Kun SB#55820   381 Bush Street #200, San Francisco, CA 94104   (415) 362-4000

| DATE: AUG 04 2014 | JOHN C. FITTON | Clerk, by TYLER MAXWELL | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretaria)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* UNITED AIRLINES INC.

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Albert M. Kun, Esq.  SB# 55820
2  381 Bush Street, Suite 200
   San Francisco, CA  94104
3  Telephone:  (415) 362-4000
   Facsimile:  (415) 362-1305
4
   Attorney for Plaintiff
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(ENDORSED)
**FILED**
SAN MATEO COUNTY

AUG 0 4 2014

Clerk of the Superior Court
By  TYLER MAXWELL
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

HENRY TUKAY
,
   Plaintiff

v.

UNITED CONTINENTAL HOLDINGS, INC.,
UNITED AIRLINES, INC.
DOES 1 TO 20,

   Defendants.

No.  CIV 5 2 9 8 2 9

**COMPLAINT FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

Plaintiff, HENRY TUKAY, alleges as follows:

<u>GENERAL ALLEGATIONS</u>

1.  Plaintiff is, and at all relevant times was, an adult Asian male of Filipino descent, and a resident of Contra Costa County, California; he is fifty-seven (57) years of age.

2.  Defendant United Continental Holdings Inc. is a corporation incorporated in the State of Delaware. Defendant United Airlines Inc. is a corporation incorporated in the State of Illinois, and doing or have done business in Alameda and San Mateo Counties.

Complaint for Wrongful Termination in Violation of 1
Public Policy            Case No

3. Plaintiff was employed as a mechanic at the Oakland (Alameda County) and San Francisco maintenance base for twenty-three years-plus years (23+) and had a satisfactory work record.

4. Plaintiff is disabled. Plaintiff notified defendant of his disability and requested an accommodation for his disability. Plaintiff utilized intermittent leave under the FMLA due to symptoms of his medical condition, most recently around October, 2012.

Plaintiff was discharged on March 14, 2013. Defendants stated that the reason for his termination was vandalizing a co-worker's car in the parking lot. Defendants had no reasonable suspicion or probable cause to report plaintiff to the police, and in fact the San Mateo District Attorney subsequently dismissed all charges against plaintiff. Plaintiff is aware that other employees who were of a different race or age than himself, and who had committed similar or worse misconduct, were not terminated from employment by defendant, whereas other employees of Filipino descent were terminated.

Defendants' conduct herein was questionable, unprecedented, and clearly indicates discriminatory conduct in that it egregiously failed to uniformly apply its own policies. Previous incidents of burglary and vandalism on employees' vehicles were supposedly under the jurisdiction of local authorities, and defendant did not get involved if it occurred "outside the gates," according to defendant's security department. Plaintiff is aware that, in one instance, an employee's vehicle was burglarized and stolen from the parking lot, but United's security department's reply was: "United does not get involved" for any incident "outside the gates." In the extant case, United certainly violated its own policies, acted with malicious intent, and terminated plaintiff's employment without any concrete evidence of the vandalism allegations. The integrity of the evidence presented is questionable, consisting as it does of unverified photographs of the alleged damages, with no time/date stamps and no independent verification at

the time of allegations; the failure and refusal by defendant to provide further evidence of video footage, and unsubstantiated and unverified statements by the employee who made the allegations, and whose own record, credibility and motives were highly suspect. United conducted the apparently one-sided hearings in the manner of a "kangaroo court" (in the words of a local union representative), in which the company hearing officer simply disregarded any rules of evidence, all the valid arguments and objections presented by the plaintiff's union, but based his biased decision on assumptions, speculation and suggestion, absent any clear and convincing evidence, thus terminating the plaintiff's employment.

5.   Plaintiff's national origin (Filipino), his age at that time (56), his disability, and the fact that he had requested a disability-based accommodation, motivated the discharge, in violation of Title VII of the Civil Rights Act of 1964, as Amended, the Age Discrimination in Employment Act, as Amended, and the American with Disabilities Act, as Amended.

Plaintiff filed a complaint with EEOC regarding his termination on August 6, 2013, in response to which he received a Notice of Right to Sue on August 7, 2013 from the State of CA DFEH and given a year to file a complaint in state court while EEOC conducted its investigation.

Plaintiff, unfortunately, also received a final letter from his former union, International Brotherhood of Teamsters Local 856/986 on August 28, 2013, stating that his case would not be pursued further into arbitration and effectively ending his grievance on his termination. Thus plaintiff herein has exhausted most, if not all, remedies required by state law prior to filing a complaint in state court..

6.   The true names and capacities of defendants Does 1 to 20, inclusive, are presently unknown to plaintiff. Once they have been ascertained, plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious defendants participated in the acts

Complaint for Wrongful Termination in Violation of      3
Public Policy                                                          . Case No

alleged in this complaint to have been done by the named defendants and proximately caused damage to the plaintiff.

7.  Plaintiff is informed, and on that basis alleges, that at all relevant times each of the defendants, whether named or fictitious, was an agent or employee of the defendant, and in performing the acts alleged to have been done in the complaint, acted within the scope of such agency and employment, or ratified the acts of the other.

8.  Plaintiff was required by defendants to comply with certain claim procedures, and plaintiff has fully complied.

FIRST CAUSE OF ACTION

(Age and Disability Discrimination)

9.  Plaintiff incorporates each allegation set forth in paragraph 1 through 7.

10. In October, 1989 defendant hired plaintiff as a mechanic.

11. Plaintiff was employed by defendants continuously from the time of hiring until his termination.

12. During the course of plaintiff's employment:

   a)  Defendants made untrue statements about plaintiff within the course of Agency and/or employment relationship.

   b)  Plaintiff had a consistently satisfactory work record.

   c)  Plaintiff intermittently utilized FMLA leave due to symptoms of his medical condition, most recently on or about October 2012. He was discharged on March 14, 2013.

   d)  Defendants wrongfully, and without probable and just cause, accused plaintiff of vandalizing a co-worker's automobile. Defendants reported plaintiff's purported actions to the police, but the District Attorney dismissed the case.

Complaint for Wrongful Termination in Violation of        4
Public Policy                                                    Case No

13. Each of the defendants acted for the purpose of causing plaintiff to suffer financial loss, with concomitant severe emotional and physical distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

14. The acts of these defendants, and each of them, were done with specific and unlawful intent to deprive plaintiff of civil rights guaranteed by the State Constitution and the laws of the State of California, including but not limited to, Government Code §12940 et seq. Each act was performed by agreement and in concerted action with the deliberate intent to commit the aforementioned acts. Each actor committed specific affirmative acts in the furtherance of their goal to unlawfully deprive plaintiff of his rights as provided by the State of California.

## SECOND CAUSE OF ACTION

### (Retaliation)

15.    Plaintiff incorporates each allegation as set forth in paragraphs 1 through 14.

16.    Plaintiff opposed defendants' discriminatory acts by complaining to the Human Resources Department, superiors, and supervisors, and had made previous complaints (2003) to the EEOC, with defendant refusing to acknowledge its unlawful conduct. Plaintiff reported to superiors that he had been a harassed and threatened with bodily harm by one of defendants' employees (2000), but instead had been wrongfully disciplined and threatened by a supervisor to be "walked out" of job for claiming a work-related injury and victimization. In 2001 plaintiff was forced to file a harassment complaint in Contra Costa County Superior Court against the harassing employee, due to his persistent unlawful conduct inside the Oakland (Alameda County) maintenance base; but that employee seems to have had the tacit support of some immediate supervisors.

In September, 2007 plaintiff, while performing his employment-related duties, was the victim of criminal assault and threats of bodily harm on the part of a belligerent employee inside United Airlines' facilities. He reported the incident to his superiors, and was out of work for over a year due to his injuries; yet the other employee who caused the injuries was returned to his job.

Plaintiff was subjected to various forms of harassment, disparate treatment, and worked in a hostile environment until the time he was terminated, enduring derogatory remarks. On one occasion in 2012, a superior said, "Filipinos eat that shit," referring to roaches that may have infested the military barracks at the former US Subic Naval Base in the Philippines. Details of defendants' continuing willful and unlawful conduct will be revealed at trial.

17. Defendants terminated plaintiff's employment in retaliation for plaintiff's complaint regarding such behavior.

18. As a result of defendants' retaliation against him, plaintiff has suffered and continues to suffer damages in the form set forth in the First Cause of Action.

19. Each of the defendants acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress, and are guilty of sufficient oppression and malice to justify an award of punitive damages.


### THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

20. Plaintiff incorporates each allegation set forth in paragraphs 1 through 19.

21. At all times plaintiff was an employee of United Airlines and was acting within the scope and course of his employment relationship with the defendants.

22. The above-described conduct of defendants constitutes age and disability discrimination and wrongful termination of plaintiff in violation of public policy as embodied in California Government Code §12940(a) and California Constitution Article I, Section 8. This termination was without good cause, conducted in bad faith, and violated public policy and the laws of the State of California.

23. As a result of defendants' wrongful termination of him, plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the degree and extent of which will be proven at trial.

24. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional and physical distress, and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### (Breach of Statutory Duty)

25. Plaintiff incorporates each allegation set forth in paragraphs 1 through 25.

26. At all times plaintiff was an employee of United Airlines and was acting within the scope and course of his employment relationship.

27. On March 14, 2013 defendant terminated the plaintiff from his permanent position.

28. After termination, defendants failed to pay immediately plaintiff for his wages, for his medical treatment, and for his vacation and sick leave from December 3, 2012 to March 31, 2013 in violation of §201 and §203 of the Labor Code. March 31, 2013 was when plaintiff received his final separation letter from defendant.

29. In fact, defendants were not able to pay the above-mentioned obligations and their actions were willful, subjecting defendant to penalties. (See Smith v. Superior Court (L'Oreal USA Inc. California Supreme Court, July 11, 2006)).

## FIFTH CAUSE OF ACTION

### (Defamation)

30. Plaintiff incorporates each allegation set forth in in paragraphs 1 through 29.

31. On or about the time of termination of plaintiff's employment, defendants falsely accused plaintiff of a crime, i.e., that he had vandalized a co-worker's car in the parking lot.

32. The statements made by defendants about plaintiff's purported crime was defamatory per se in that such statements tended to injure plaintiff's standing with respect to his profession, trade or business, thereby making re-employment difficult.

33. The charge against plaintiff was false, was made without probable cause, and was made with malicious intent.

WHEREFORE, plaintiff prays:

1.  For special damages according to proof;

2.  For compensatory damages according to proof and prejudgment interest thereon to the extent allowable by law;

3.  For exemplary and punitive damages according to proof;

4.  For attorney's fees;

5.  For costs of suit; and

6.  For such other and further relief as the court may deem proper.

Complaint for Wrongful Termination in Violation of     8
Public Policy                                                          Case No

1

2

3

July 15, 2014

4

5

_Albert M. Kun_

6

Albert M. Kun
Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Wrongful Termination in Violation of      9
Public Policy                                                                     Case No

## VERIFICATION

I am the Plaintiff in the above-entitled action. I have read the foregoing

Complaint for Wrongful Termination and know the contents thereof. I certify that the same is

true of my own knowledge except as to those matters which are therein stated upon information

or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this Verification was executed on _8/01/2014_,

2014, at Pleasant Hill, California.

CIV 5 2 9 8 2 9

(ENDORSED)
**FILED**
SAN MATEO COUNTY

AUG 0 4 2014

Clerk of the Superior Court
By _TYLER MAXWELL_
DEPUTY CLERK

VERIFICATION                                1                    Case No. PES-13-297229

# EXHIBIT C

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Albert M. Kun  SB# 55820<br>381 Bush Street, Suite #200<br>San Francisco, CA 94104<br><br>    TELEPHONE NO: (415) 362-4000       FAX NO. *(Optional)*: (415) 362-1305<br>E-MAIL ADDRESS *(Optional)*: albert_kun@hotmail.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Henry Tukay | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo<br>    STREET ADDRESS: 400 County Center<br>    MAILING ADDRESS: 400 County Center<br>    CITY AND ZIP CODE: Redwood City, CA 94063<br>    BRANCH NAME: Southern |

| |
|---|
| PLAINTIFF/PETITIONER: Henry Tukay<br><br>DEFENDANT/RESPONDENT: United Airlines Inc.,  United Continental Holdings Inc. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIV 529829 |

TO *(insert name of party being served)*: The Corporation Company

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 7, 2014

Albert M. Kun
      (TYPE OR PRINT NAME)        ▶    *(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑  A copy of the summons and of the complaint.
2. ☐  Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed:  August 27, 2014

NANCY E. PRITIKIN, ESQ.
   (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>   ON WHOSE BEHALF THIS FORM IS SIGNED)       ▶   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

On behalf of Defendants named by Plaintiff as
United Continental Holdings, Inc. and United Airlines, Inc.

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

# EXHIBIT D

1   NANCY E. PRITIKIN, Bar No. 102392
    nepritikin@littler.com
2   NIMA RAHIMI, Bar No. 295173
    nrahimi@littler.com
3   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
4   San Francisco, California  94108.2693
    Telephone:    415.433.1940
5   Facsimile:    415.399.8490

6   Attorneys for Defendants
    UNITED CONTINENTAL HOLDINGS, INC.,
7   UNITED AIRLINES, INC.

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12  HENRY TUKAY,                              Case No.

13              Plaintiff,                    **DEFENDANT UNITED CONTINENTAL
                                              HOLDINGS, INC.'S JOINDER IN NOTICE
14       v.                                   OF REMOVAL FROM STATE COURT**

15  UNITED CONTINENTAL HOLDINGS,              Complaint Served:  August 7, 2014
    INC., UNITED AIRLINES, INC.,              (San Mateo County Superior Court)
16  DOES 1 TO 20,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

                                                                      Case No.

1          Defendant UNITED CONTINENTAL HOLDINGS, INC. hereby joins in Defendant

2    UNITED AIRLINES, INC's Notice of Removal to this Court of the state court action described in

3    said Notice of Removal.

4    Dated: September 26, 2014

5

6                                                  /s/ NANCY E. PRITIKIN_____

                                              NANCY E. PRITIKIN

7                                                  LITTLER MENDELSON, P.C.

                                              Attorneys for Defendants

8                                                  UNITED CONTINENTAL HOLDINGS, INC.,

                                              UNITED AIRLINES, INC.

9    Firmwide:129041165.1 052664.1111

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.                             Case No.

JOINDER IN NOTICE OF REMOVAL FROM STATE COURT