NANCY E. PRITIKIN, Bar No. 102392
nepritikin@littler.com
NIMA RAHIMI, Bar No. 295173
nrahimi@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California 94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
UNITED CONTINENTAL HOLDINGS, INC.,
UNITED AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| HENRY TUKAY,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED CONTINENTAL HOLDINGS,<br>INC., UNITED AIRLINES and DOES 1 to<br>20, inclusive,<br><br>                    Defendant(s). | Case No.  3:14-cv-04343-KAW<br><br>**DEFENDANTS' NOTICE OF MOTION,<br>MOTION AND MEMORANDUM OF<br>POINTS AND AUTHORITIES IN<br>SUPPORT OF DEFENDANTS' FED. R.<br>CIV. PRO. 12(b)(6) MOTION TO DISMISS<br>COMPLAINT**<br><br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>**DATE:**        December 4, 2014<br>**TIME:**        11:00 a.m.<br>**DEPT:**        TBD<br>**JUDGE:**       TBD<br><br>**COMPLAINT FILED:** August 4, 2014<br>**TRIAL DATE:**        No date set. |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT

Case No. 3:14-cv-04343-KAW

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 4, 2014 at 11:00 a.m. in Courtroom [TBD] of the United States District Court, Northern District of California, or as soon thereafter as counsel may be heard, United Continental Holdings, Inc. and United Airlines, Inc. (collectively "Defendants") will and hereby do move the Court for an order dismissing Plaintiff Henry Tukay's Complaint without leave to amend and with prejudice.  This Motion To Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds (see the Memorandum of Points and Authorities below for more detail and citations to authority):

1.    Plaintiff's First Cause of Action combines two separate claims and is therefore improperly pled.  The claim also fails to state facts sufficient to constitute a claim upon which relief can be granted because the Complaint fails to demonstrate that Defendants engaged in any discriminatory conduct.

2.    Plaintiff's Second Cause of Action for retaliation fails because Plaintiff does not plead facts to establish that he engaged in protected activity or establish temporal proximity with any alleged protected activity and the termination.

3.    Plaintiff's Third Cause of Action for wrongful termination in public policy fails to state facts sufficient to constitute a claim because the underlying discrimination cause of action upon which this claim is based cannot be maintained, therefore rendering this claim untenable.

4.    Plaintiff's Fourth Cause of Action for violation of California Labor Code §§ 201, 203 must be dismissed for failure to state a claim upon which relief can be granted because Plaintiff merely recites the statute without providing further factual assertions.

5.    Plaintiff's Fifth Cause of Action for defamation should be dismissed because it is time-barred, and even if it was not, such statements are privileged under California Civil Code § 47.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the complete files and records in this action, any reply papers Defendants

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT

i.

Case No.  3:14-cv-04343-KAW

1    may file, and such materials or argument as may be presented to the Court in conjunction with the

2    hearing on this motion.

3    Dated: October 3, 2014                                    Respectfully submitted,

4

5                                                            /s/ Nancy E. Pritikin
                                                            NANCY E. PRITIKIN
6                                                            LITTLER MENDELSON, P.C.
                                                            Attorneys for Defendants
7                                                            UNITED CONTINENTAL HOLDINGS,
                                                            INC., and UNITED AIRLINES, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT          ii.          Case No.  3:14-cv-04343-KAW

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ........................................................................................................... 1

II.   SUMMARY OF ALLEGATIONS ................................................................................. 1

III.  ARGUMENT ................................................................................................................. 3

    A.    Standard of Review ........................................................................................... 3

    B.    The Complaint Should Be Dismissed In Its Entirety Because Plaintiff Fails To Allege Facts Establishing The Elements Of Any Of His Causes Of Action ............... 5

        1.    Plaintiff's First Claim Should Be Dismissed Because It Improperly Combines Age And Disability Discrimination As One Claim ...................... 5

        2.    Even If Pled Correctly As Two Separate Counts, Plaintiff Still Fails To Sufficiently Plead Facts To Sustain His Age And Disability Claims............. 6

        3.    Plaintiff's Second Claim Of Retaliation Must Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted ................... 8

        4.    Plaintiff Fails To Sufficiently Plead Facts To Sustain His Wrongful Termination Claim ........................................................................................ 11

        5.    Plaintiff Does Not Plead Facts Sufficient To Maintain His California Labor Code Violation Claim................................................................................ 12

        6.    Plaintiff's Claim For Defamation Should Be Dismissed Because He Cannot Maintain This Claim........................................................................ 13

    C.    Defendant United Continental Holdings, Inc. Should Be Dismissed From This Action Because It Did Not Employ Plaintiff ............................................................. 16

    D.    Leave To Amend Would Be Futile And Should Be Denied.................................... 17

IV.   CONCLUSION............................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ahmend v. Gelfand*,
  160 F. Supp. 2d 408 (E.D.N.Y. 2001) ...................................................................................15

*Allen v. Pacific Bell*,
  212 F. Supp. 2d 1180 (C.D. Cal. 2002) ................................................................................16

*Am. Title Ins. Co. v. Lacelaw Corp.*,
  861 F. 2d 224 (9th Cir. 1988) ..............................................................................................16

*AmerisourceBergen Corp. v. Dialysis West, Inc.*,
  465 F.3d 946 (9th Cir. 2006) ................................................................................................17

*Anderson v. District Bd. Of Trustees of Cent. Fla. Community College*,
  77 F. 3d 364 (11th Cir. 1996) ................................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................... passim

*Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters*,
  459 U.S. 519 (1983) ...............................................................................................................5

*Balistreri v. Pacifica Police Dept.*,
  901 F. 2d 696 (9th Cir. 1990) ................................................................................................3

*Begnal v. Canfield & Associates, Inc.*,
  78 Cal. App. 4th 66 (2000) ....................................................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................... passim

*Caldwell v. Paramount Unified School Dist.*,
  41 Cal. App. 4th 189 (1995) ..................................................................................................6

*Calif. Fair Empl. & Housing Comm'n v. Gemini Aluminum Corp.*,
  122 Cal. App. 4th 1004 (2004) ............................................................................................10

*Cesnick v. Edgewood Baptist Church*,
  88 F. 3d 902 (11th Cir. 1996) ................................................................................................6

*Chabak v. Monroy*,
  154 Cal. App. 4th 1502 (2007) ............................................................................................16

*Chiu v. Citrix Sys.*,
  2011 U.S. Dist. LEXIS 151365 (C.D. Cal. Nov. 23, 2011)..................................................12

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

*Clark County Sch. Dist. v. Breeden*,
   532 U.S. 268 (2001)...................................................................................................10

*Coffman v. United States*,
   2007 WL 1598635 (W.D. Okla. June 4, 2007)........................................................15

*Cuenca v. Safeway San Francisco Employees Fed. Credit Union*,
   180 Cal. App. 3d 985 (1986) ...................................................................................15

*Filipovic v. K & R Express Sys., Inc.*,
   176 F. 3d 390 (7th Cir. 1999) ..................................................................................10

*Gantt v. Sentry Insurance*,
   1 Cal. 4th 1083 (1992)..............................................................................................11

*Hagberg v. Cal. Fed. Bank FSB*,
   32 Cal. 4th 350 (2004) .............................................................................................15

*Harris v. Radioshack Corp.*,
   2002 U.S. Dist. LEXIS 16096 (S.D. Fla. May 23, 2002) ..........................................6

*Holland v. Union Pac. R.R. Co.*,
   154 Cal. App. 4th 940 (2007) ...................................................................................17

*Holmes v. General Dynamics Corp.*,
   17 Cal. App. 4th 1418 (1993) ...................................................................................11

*In re Gilead Sciences Securities Litigation*,
   536 F.3d 1049 (9th Cir. 2008) ..............................................................................3, 13

*Kelly v. General Telephone Co.*,
   136 Cal. App. 3d 278 (1982) ....................................................................................14

*Kennedy v. Applause, Inc.*,
   90 F. 3d 1477 (9th Cir. 1996) ....................................................................................7

*Kennedy v. Kings Mosquito Abatement Dist.*,
   2013 U.S. Dist. LEXIS 37261 (E.D. Cal. Mar. 15, 2013) ("Kings Mosquito") ......7

*Kortan v. State of Cal.*,
   5 F. Supp. 2d 843 (C.D. Cal. 1998) aff'd. 217 F. 3d 1104 (9th Cir. 2000) .........9, 11

*Laird v. Capital Cities/ABC, Inc.*,
   68 Cal. App. 4th 727 (1998) .....................................................................................16

*Long v. Pinto*,
   126 Cal. App. 3d 946 (1981) ....................................................................................16

*Malais v. Los Angeles City Fire Dept.*,
   150 Cal. App. 4th 350 (2007) .....................................................................................9

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

*Martin v. Lockheed Missile & Space Co.*,
29 Cal. App. 4th 1718 (1994) ...................................................................17

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)...........................................................................7, 6

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ...................................................................17

*Morgan v. Regents of the University of California*,
88 Cal. App. 4th 52 (2001) ......................................................................8

*Ong v. Cleland*,
642 F.2d 316 (9th Cir. 1981) ...................................................................17

*Reeves v. Sanderson Plumbing Products Inc.*,
530 U.S. 133 (2000).................................................................................7

*Sanders v. Arneson Products*,
91 F.3d 1351 (9th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997).........................12

*Schechner v. KPIX-TV and CBS Broadcasting Inc.*,
686 F.3d 1018 (9th Cir. 2012) ...................................................................6

*Sequoia Ins. Co. v. Superior Court*
(1993) 13 Cal. App. 4th 1472 ...................................................................11

*Silvas v. E*Trade Mortg. Corp.*,
421 F. Supp. 2d 1315 (S.D. Cal. 2006)..................................................3, 5, 10

*Smith v. Maldonado*,
72 Cal. App. 4th 637 (1999)......................................................................14

*Sosa v. Hiraoka*,
920 F.2d 1451 (9th Cir. 1990) ...................................................................17

*Spreewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...............................................................3, 13

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ...................................................................17

*Strigliabotti v. Franklin Resources, Inc.*,
398 F. Supp. 2d 1094 (N.D. Cal. 2005) ...........................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)...............................................................................14

*Tomanovich v. City of Indianapolis*,
457 F. 3d 656 (7th Cir. 2006) ....................................................................9

*TRW, Inc. v. Superior Court*,
 25 Cal. App. 4th 1834 (1994) ..................................................................................12

*Turner v. Anheuser-Busch, Inc.*,
 7 Cal. 4th 1238 (1994) .............................................................................................11

*Villiarimo v. Aloha Island Air, Inc.*,
 281 F. 3d 1054 (9th Cir. 2002) ................................................................................10

*Wallis v. J.R. Simplot Co.*,
 26 F.3d 885 (9th Cir. 1994) .......................................................................................6

*White v. Hansen*,
 2005 U.S. Dist. LEXIS 43989 (N.D. Cal. July 28, 2005)........................................15

*Williams v. Taylor*,
 129 Cal. App. 3d 745 (1982) .............................................................................15, 16

*Yanowitz v. L'Oreal USA, Inc.*,
 36 Cal. 4th 1028 (2005) .............................................................................................9

**STATUTES**

42 U.S.C. § 2000e-5(e)(1) (1999) ......................................................................................17

ADA ..........................................................................................................................6, 7, 8

ADEA ..................................................................................................................................6

Cal. Civ. Code §§ 45–46 ..................................................................................................14

Cal. Civ. Code § 47(b) ...............................................................................................15, 16

Cal. Civ. Code § 47(c) ......................................................................................................15

Cal. Code Civ. Proc. § 340(c) ..........................................................................................13

Cal. Govt. Code § 12940(a) ..............................................................................................11

Cal. Govt. Code § 12940(h) ................................................................................................8

Cal. Govt. Code § 12960(d) ................................................................................................9

Cal. Labor Code §§ 201, 203 ...............................................................................3, 12, 13

FMLA ..................................................................................................................................8

**OTHER AUTHORITIES**

5 Witkin, Summary of Cal. Law (10th ed. 2005) .............................................................14

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT          iv.          Case No. 3:14-cv-04343-KAW

California Constitution Article I, Section 8 ..................................................................11

Fed. Rule of Civ. Proc. Rule 8..................................................................................15

Fed. Rule of Civ. Proc. Rule 10(b) .....................................................................5, 6

Fed. Rule of Civ. Proc. Rule 12(b)(6)..................................................................3, 4

Torts, § 529 ............................................................................................................14

Division of Labor Standards Enforcement Manual § 2.4 .......................................13

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT          v.          Case No.  3:14-cv-04343-KAW

**STATEMENT OF RELIEF SOUGHT**

By this motion, Defendants respectfully request that the Court dismiss Plaintiff's Complaint without leave to amend and with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Although Plaintiff Henry Tukay alleges claims of discrimination, retaliation, wrongful termination, California Labor Code violation, and defamation, he ignores one key fact – he was terminated after Defendant United Airlines, Inc. ("United") caught him on a security camera vandalizing another employee's vehicle parked on United's property. United conducted a thorough and fair hearing with Plaintiff, who was represented by his union, and submitted photographic and video evidence in addition to employee statements regarding the vandalism. The hearing officer ultimately upheld Plaintiff's discharge, and even Plaintiff's union declined to pursue his grievance any further.

Moreover, Defendant United Continental Holdings, Inc. is not Plaintiff's employer, a fact admitted by Plaintiff in the Complaint, and should therefore be dismissed from this suit. There is no unlawful conduct in this case, and it is clear that Plaintiff has no basis for his claims. Accordingly, this lawsuit should be dismissed in its entirety without leave to amend and with prejudice.

## II.     SUMMARY OF ALLEGATIONS[1]

Plaintiff was employed by Defendant United Airlines, Inc. ("United"). (Compl. at ¶¶ 3, 21, 26.) Plaintiff was a mechanic at United's Oakland and San Francisco maintenance bases for approximately 23 years. (*Id.* at ¶ 3, 10.) Plaintiff's employment was terminated on or about March 14, 2013 after United discovered that Plaintiff had vandalized another employee's car. (*Id.* at ¶ 4.) Prior to Plaintiff's termination, United conducted a hearing regarding the incident. (*Id.*) United submitted photographic and video evidence as well as employee statements. (*Id.*) The hearing officer upheld Plaintiff's discharge. (*Id.*)

---

[1] While Plaintiff's allegations must generally be treated as true for purposes of a 12(b)(6) motion, Plaintiff's conjecture and conclusory statements may be disregarded. *See* section IIIA below.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission on August 6, 2013.  (*Id*. at ¶ 5.)  The California Department of Fair Employment and Housing issued a Notice of the Right to Sue on August 7, 2013.  (*Id*.)  Plaintiff also received a letter on August 28, 2013, from his union, the International Brotherhood of Teamsters Local 856/986, stating that the union would not pursue his grievance regarding his termination any further.  (*Id*.)  Plaintiff initiated the instant action a year later on August 4, 2014.  (*See* Compl. at Dkt. No. 1-B.)

Plaintiff's claims of age and disability discrimination, retaliation, wrongful termination, and defamation all arise from his termination.  In the Complaint, Plaintiff alleges that Defendants "made untrue statements about plaintiff" and that Defendants "accused plaintiff of vandalizing a co-worker's automobile."  (Compl. at ¶¶ 12, 31.)  Plaintiff further alleges that his termination was in retaliation for the following conduct:

- In 2000, Plaintiff allegedly reported to superiors that he had been harassed and threatened with bodily harm by an employee, but instead was wrongfully disciplined and threatened by a supervisor to be "walked out" of his job for claiming a work-related injury and victimization (*id*. at 16);

- Plaintiff "was forced" to file a harassment complaint in Contra Costa County Superior Court against the harassing employee in 2001, and that the employee "seems to have had the tacit support of some immediate supervisors" (*id*.);

- In September 2007, Plaintiff alleges that while performing work-related duties, he was "the victim of criminal assault and threats of bodily harm on the part of a belligerent employee inside United Airlines' facilities."  (*Id*.)  He claimed he reported the incident to his superiors and "was out of work for over a year due to the injuries" while the other employee was returned to his job (*id*.); and

- In 2012, a superior allegedly commented, "Filipinos eat that shit," referring to a roach infestation at a former U.S. naval base in the Philippines.  (*id*.)  Plaintiff did not specify who made this statement or it was made to Plaintiff.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT                    2.                              Case No.  3:14-cv-04343-KAW

1    Lastly, Plaintiff alleges that he was not immediately paid for his "wages, for his

2    medical treatment, and for his vacation and sick leave" in violation of California Labor Code

3    sections 201 and 203.  (*Id.* at 28.)

4    **III.    ARGUMENT**

5        **A.    Standard of Review**

6        In ruling on a motion to dismiss under Rule 12(b)(6), the Court must determine

7    whether Plaintiff has stated a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6);

8    *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (discussing

9    the standards under Rule 12(b)(6)).  The Court should grant a motion to dismiss if the facts pled in

10   the Complaint, even if true, would not entitle Plaintiff to relief.  *Balistreri v. Pacifica Police Dept.,*

11   901 F. 2d 696, 699 (9th Cir. 1990) (as amended) (motion to dismiss warranted when there is an

12   "absence of sufficient facts alleged under a cognizable legal theory.")

13       To survive a motion to dismiss, a complaint must offer "more than labels and

14   conclusions" – "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl.*

15   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  And, although the Court must assume the Complaint's

16   factual allegations are true, "legal conclusions need not be taken as true merely because they are cast

17   in the form of factual allegations."  *Silvas v. E\*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, 1317

18   (S.D. Cal. 2006).  Nor is the Court required to accept as true allegations that are unreasonable

19   inferences.  *In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1057 (9th Cir. 2008);

20   *Spreewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

21       Further, while the pleading standard under the Federal Rules of Civil Procedure does

22   not require "detailed factual allegations . . . it [certainly] demands more than an unadorned, the-

23   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting

24   *Twombly*, 550 U.S. at 555).  A complaint that offers "'naked assertion[s]' devoid of 'further factual

25   enhancement'" is insufficient.  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Rather, factual allegations

26   must "possess enough heft to show that the pleader is entitled to relief."  *Twombly,* 550 U.S. at 545

27   (citations omitted).  A plaintiff must plead a "statement of circumstances, occurrences, and events in

28   support of the claim presented."  *Id.* at 556 n.3 (quoting C. WRIGHT & A. MILLER, FEDERAL

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT          3.          Case No.  3:14-cv-04343-KAW

PRACTICE AND PROCEDURE § 1202 (3d ed. 2004).  As the Supreme Court stated in *Twombly*, 550 U.S. at 555:

> While a complaint attacked by Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations (citations), a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions and formulaic recitation of the elements of a cause of action will not do (citations). Factual allegations must be enough to raise a right to relief above the speculative level . . . . [T]he pleading must contain something more . . . than . . .  a statement of facts that merely creates a suspicion [of] a legally cognizable right of action . . . .  (citations omitted).

Likewise, the court further noted in *Ashcroft v. Iqbal,* 556 U.S. 662, 664, 678-79 (2009) that:

> A court considering a motion to dismiss can choose to begin by identifying allegations that, **because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations**. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief . . . .

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." (Citations omitted.) Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." (Citations omitted.)

> To survive a motion to dismiss, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face."  (Citations omitted.)  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (Citations omitted.) The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.) Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief." (Citations omitted.)

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not **permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]"-"that the pleader is entitled to relief."**  (Emphasis added.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP 12(B)(6) MOTION TO DISMISS COMPLAINT

4.

Case No.  3:14-cv-04343-KAW

1    Moreover, a court should not assume that a plaintiff can prove facts that are not

2    alleged.  *Twombly,* 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of Calif., Inc. v.*

3    *California State Council of Carpenters,* 459 U.S. 519, 526 (1983)).   Indeed, if a plaintiff's

4    allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint

5    must be dismissed." *Id.* at 570.

6    **B.    The Complaint Should Be Dismissed In Its Entirety Because Plaintiff Fails To
        Allege Facts Establishing The Elements Of Any Of His Causes Of Action.**
7

8    Plaintiff makes no effort in any of his five causes of action to establish the required

9    elements.   Rather, Plaintiff merely "incorporates each allegation" set forth in the prior paragraphs

10   for each cause of action leaving Defendants (and the Court) to guess which allegations go with

11   which claims.  (Compl. at ¶¶ __.)  This is exactly the type of "threadbare" pleading that warrants

12   dismissal.  *See Iqbal*, 556 U.S. at 677-78 (quoting *Twombly,* 550 U.S. at 555).

13   Moreover, Plaintiff has made a number of conclusory allegations based solely on his

14   own speculation that should *not* be accepted as true.  *See, e.g.,* Compl. at ¶¶ 17, 22; *Iqbal,* 556 U.S.

15   at 664, 678-79.  For example, Plaintiff alleges, without stating any facts to substantiate his belief,

16   that Defendants "acted for the purpose of causing plaintiff to suffer financial loss and severe

17   emotional distress . . . ."  (Compl. at ¶¶ 13, 19, 24.)  Accordingly, Plaintiff's claims should be

18   dismissed for these additional reasons.  *See, e.g., Silvas,* 421 F. Supp. 2d at 1317 (noting that "a

19   Complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential

20   facts under that theory").

21   **1.    Plaintiff's First Claim Should Be Dismissed Because It Improperly
        Combines Age And Disability Discrimination As One Claim.**
22

23   As an initial matter, Plaintiff's first claim should be dismissed because it combines

24   and conflates two separate claims within the same count in violation of Federal Rule of Civil

25   Procedure Rule 10(b).  As pled, Defendants cannot discern Plaintiff's legal theories, which factual

26   allegations support which theory, and what theory Plaintiff purports to raise in his claims.  Plaintiff's

27   one count of "age and disability discrimination" invokes potential liability under the Americans with

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE   OF   MOTION,   MPA   ISO   DEFS'   FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT          5.          Case No.  3:14-cv-04343-KAW

Disability Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the California Fair Employment and Housing Act ("FEHA"), all which require different defenses.

Improper pleadings which do not "present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming" should be dismissed. *See Cesnick v. Edgewood Baptist Church*, 88 F. 3d 902, 905-07 (11th Cir. 1996); *Anderson v. District Bd. Of Trustees of Cent. Fla. Community College*, 77 F. 3d 364, 366-67 (11th Cir. 1996). "If Plaintiff desires to assert discrimination claims under various theories, these claims must be asserted in separate counts in accordance with Fed. R. Civ. P. 10(b)." *Harris v. Radioshack Corp.*, 2002 U.S. Dist. LEXIS 16096, at * 6 (S.D. Fla. May 23, 2002) (granting Defendant's motion to dismiss on the ground that Plaintiff failed to plead separate theories in separate counts as required by Rule 10(b)). Plaintiff's first claim should be dismissed on these grounds alone. Accordingly, Defendant respectfully moves this Court to dismiss Plaintiff's First Cause of Action for failing to adhere to the most basic of pleading standards.

Even assuming, *arguendo*, that Defendants could discern which legal theories and factual allegations apply to each claim, Plaintiff's claims still fail to plead facts sufficient to maintain these discrimination claims, as discussed below.

> **2. Even If Pled Correctly As Two Separate Counts, Plaintiff Still Fails To Sufficiently Plead Facts To Sustain His Age And Disability Claims.**
>
> **a. None Of The Allegations In The Complaint Support A Claim For Age Discrimination.**

Plaintiff pleads no facts that support a claim for age discrimination. To establish a *prima facie* case for age discrimination under the ADEA and FEHA, Plaintiff must plead facts that show: (1) he is at least forty years of age; (2) he suffered some adverse employment action; (3) at the time of the adverse employment action, his job performance met his employer's legitimate expectations; and (4) others who were similarly situated to her and not within her protected class were treated more favorably. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994) (noting that the factors of *McDonnell Douglas Corp. v. Green* also apply to the ADEA); *accord Schechner v. KPIX-TV and CBS Broadcasting Inc.*, 686 F.3d 1018, 1023 (9th Cir. 2012); *Caldwell v.*

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP 12(B)(6) MOTION TO DISMISS COMPLAINT 6. Case No. 3:14-cv-04343-KAW

1 | *Paramount Unified School Dist.*, 41 Cal. App. 4th 189, 200 (1995);  *McDonnell Douglas Corp. v.*
2 | *Green*, 411 U.S. 792, 802-803 (1973).

3 | Here, Plaintiff does nothing more than provide "'naked assertion[s]' devoid of
4 | 'further factual enhancement'" as required by *Iqbal* and *Twombly*, *supra*.  Plaintiff states that he is
5 | "aware that other employees who were of a different race or age than himself, and who had
6 | committed similar or worse misconduct, were not terminated from employment" and that "his age at
7 | that time (56) . . . motivated the discharge."  (Compl. at ¶¶ 4-5.)  Moreover, in a claim of age
8 | discrimination, the fact that is usually required to show the connection between the adverse
9 | employment and the plaintiff's age is the fact that the plaintiff was replaced by a substantially
10 | younger person.  *Kennedy v. Kings Mosquito Abatement Dist.*, 2013 U.S. Dist. LEXIS 37261, *28
11 | (E.D. Cal. Mar. 15, 2013) ("Kings Mosquito"); *Reeves v. Sanderson Plumbing Products Inc.*, 530
12 | U.S. 133, 142-143 (2000); *Begnal v. Canfield & Associates, Inc.*, 78 Cal. App. 4th 66, 73 (2000).

13 | In the instant action, there is no indication in the Complaint that Plaintiff was
14 | replaced after termination with a substantially younger person, nor are there any other facts that
15 | point to age-based discrimination.  A claim of age discrimination is not established simply because
16 | an employee reaches a particular age.  Plaintiff's claim for age discrimination is nothing more than
17 | "a formulaic recitation of the elements of a cause of action," which does not meet the pleading
18 | standards set forth in *Bell Atl. Corp. v. Twombly*.  This claim is inadequate and should be dismissed.

19 |                **b.      Plaintiff Has Not Sufficiently Plead The Essential Elements Of His**
                         **Disability Discrimination Claim.**
20 |

21 | Like Plaintiff's age discrimination claim, Plaintiff pleads no facts to support a
     disability discrimination claim.  To establish a *prima facie* case of employment discrimination under
22 |
     the ADA and FEHA, Plaintiff must show that (1) he is a disabled person within the meaning of the
23 |
     ADA and FEHA; (2) he is qualified, with or without reasonable accommodation, that is, able to
24 |
     perform the essential functions of the job; and (3) he suffered an adverse employment action because
25 |
     of the disability.  *See Kennedy v. Applause, Inc.*, 90 F. 3d 1477, 1481 (9th Cir. 1996); *Kings*
26 |
     *Mosquito*, 2013 U.S. Dist. LEXIS 37261 at *29 ("The elements of a discrimination claim under
27 |
     FEHA on the basis of disability are the same as the elements for a claim of disability generally.")
28 |

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT                7.                Case No.  3:14-cv-04343-KAW

Here, the only allegations Plaintiff makes related to disability discrimination are that he is disabled, he notified Defendants of his alleged disability, and that he "utilized intermittent leave under the FMLA due to symptoms of his medical condition . . . ." (Compl. at ¶ 4.)  Plaintiff then states in conclusory fashion that his alleged disability motivated the termination.  (*Id*. at ¶ 5.) Plaintiff does not plead that he is disabled within the meaning of the ADA or FEHA, nor does he plead that he is qualified, with or without reasonable accommodation, to perform the essential functions of his job.  Indeed, Plaintiff has not pled – nor can he plead – anything beyond his threadbare allegations precisely because such facts do not exist.  Plaintiff's disability discrimination claim should similarly be dismissed.

### 3.   Plaintiff's Second Claim Of Retaliation Must Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted.

Plaintiff has failed to plead facts that nudge his claim for retaliation across the line from conceivable to plausible.  *Iqbal*, 556 U.S. at 680.  To prove a cause of action for retaliation under the FEHA, Plaintiff must show: (1) he engaged in protected activity; (2) he was thereafter subject to adverse employment action by his employer and (3) there was a causal link between the two.  *Morgan v. Regents of the University of California*, 88 Cal. App. 4th 52, 69 (2001).  "Protected activity" is defined in the California Government Code as: (1) making a charge, testifying, assisting, or participating in any manner in proceedings or hearings under FEHA, or (2) opposing acts made unlawful by FEHA.  Cal. Govt. Code § 12940(h).

Here, Plaintiff's retaliation claim fails because Plaintiff has not alleged any specific facts to support his engagement in protected activity or facts that establish causation between his protected activity and an adverse action.  In the Complaint, Plaintiff alleges that: (1) he made complaints to the EEOC in 2003 and Defendants refused to acknowledge it and engaged in unlawful conduct; (2) in 2000 he reported to superiors that he was harassed and threatened with bodily harm by a fellow employee and Defendant thereafter wrongfully disciplined him and threatened him; (3) in 2001 he filed a complaint in Contra Costa Superior Court against a harassing fellow employee who appeared to have the tacit approval of Plaintiff's supervisors and (4) he was assaulted by a fellow employee in 2007, reported that assault to his superiors, and was off the job due to injuries,

but the employee remained on the job.  (Compl. at ¶ 16.)  With respect to the complaints allegedly made in 2000, 2001 and 2007, the Complaint is devoid of facts indicating that Plaintiff reported to Defendants that the alleged harassment and assault were based on his membership in a FEHA protected class.  *See Tomanovich v. City of Indianapolis*, 457 F. 3d 656, 663 (7th Cir. 2006) (While a complainant is not required to use the word "discrimination," he must indicate that the action complained of occurred because of sex, race, national origin, or some other protected class or conduct.) Accordingly, Plaintiff failed to allege the essential elements of protected activity.

Even assuming each of the four "complaints" constitute protected activity, Plaintiff also fails to set forth facts indicating Plaintiff suffered any adverse employment actions as a result of those complaints.  An adverse employment action is an action that "materially" affects the terms and conditions of employment.  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1051 (2005).  Under the foregoing standard, neither Defendants' refusal to acknowledge that it engaged in unlawful conduct nor Defendants' alleged tacit approval of or failure to fire harassing employees constitute adverse employment actions.  *See Malais v. Los Angeles City Fire Dept.*, 150 Cal. App. 4th 350, 358 (2007) ("the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action.")  Similarly, the general statement that Defendant wrongfully disciplined and threatened Plaintiff fails to sufficiently describe an adverse employment action.  *See Kortan v. State of Cal.*, 5 F. Supp. 2d 843, 853 (C.D. Cal. 1998) aff'd. 217 F. 3d 1104 (9th Cir. 2000) ("a negative evaluation alone, without any concomitant adverse impact, such as a demotion or a change of responsibilities, is not cognizable.") Absent an actionable adverse employment action, Plaintiff's retaliation claim necessarily fails.[2]

To the extent Plaintiff alleges he was terminated in 2013 as retaliation for the complaints made between 2000 and 2007, he has failed to allege sufficient supporting facts.  The

---

[2] As noted above, Plaintiff failed to adequately identify any adverse employment actions other than his termination in 2013.  Even if Plaintiff seeks to recover for incidents which allegedly took place around the time of his 2000-2007 complaints, Plaintiff is not entitled to any relief for incidents that occurred prior to one year before the filing of his administrative charge.  Plaintiff did not file a complaint with the DFEH until August 6, 2013.  Accordingly, Plaintiff cannot recover for adverse actions occurring prior to August 6, 2012.  *See* Cal. Govt. Code § 12960(d) ("No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice [] occurred.")

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT                    9.                    Case No.  3:14-cv-04343-KAW

allegations in Plaintiff's Complaint do not come remotely close to explaining the purported connection between Plaintiff's termination and the complaints he made at least six years, and at most 14 years, prior. In fact, temporal proximity is a key factor in determining whether an adverse employment action is sufficiently linked to protected activity. *Calif. Fair Empl. & Housing Comm'n v. Gemini Aluminum Corp.,* 122 Cal. App. 4th 1004, 1020 (2004). Courts have held as a matter of law that gaps of 20, 18, and even as little as four months between protected activity and adverse action are too great to support a claim for retaliation. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (20 months); *Villiarimo v. Aloha Island Air, Inc*., 281 F. 3d 1054, 1065 (9th Cir. 2002) (year and a half); *Filipovic v. K & R Express Sys., Inc*., 176 F. 3d 390, 398-399 (7th Cir. 1999) (4 months). Here, Plaintiff's most recent complaint took place six years prior to the alleged retaliatory termination. In addition to this significant time gap, Plaintiff fails to set forth any facts that would tend to suggest a causal connection between his complaints on the one hand and his termination on the other. Thus, to the extent Plaintiff's retaliation claim is based on the four specific "complaints" described above, Plaintiff's claim fails.

Plaintiff also makes general statements that he endured derogatory remarks and that he was subjected to discriminatory acts, harassment, disparate treatment and a hostile work environment (*see* Compl. at ¶ 16.) Thereafter, Plaintiff simply concludes that he was retaliated against because he complained about "such behavior." Plaintiff's assertions are mere "legal conclusions," not entitled to the assumption of truth. *Silvas*, 421 F. Supp. 2d at 1317. To the extent Plaintiff intends to describe something other than the specific complaints made between 2000 and 2007, the Complaint is completely devoid of any facts regarding the specifics of these complaints and the conduct that allegedly prompted them. Plaintiff does not state to whom he allegedly complained. Plaintiff does not state when he allegedly made such complaints, or the substance of his alleged complaints. As such, Plaintiff failed to adequately allege that he engaged in protected activity (*i.e.*, that he complained about acts made unlawful by FEHA).

Even assuming, *arguendo*, Plaintiff adequately pled protected activity, which Defendants maintain he did not, Plaintiff pleads no facts to indicate a causal connection between the alleged complaints and his termination. "The mere fact that an employee has made a complaint does

NOTICE OF MOTION, MPA ISO DEFS' FRCP 12(B)(6) MOTION TO DISMISS COMPLAINT     10.     Case No.  3:14-cv-04343-KAW

1    not create the inference that everything that happens thereafter is a result of that complaint." *Kortan*,

2    5 F. Supp. 2d at 856. Plaintiff's vague and conclusory allegations that Defendant terminated him

3    because of unspecified complaints do not show causation in support of a retaliation claim. Plaintiff

4    simply cannot show the requisite nexus between the alleged "protected activity" and his subsequent

5    termination.

6            Moreover, Plaintiff fails to allege any statutory basis for his retaliation claim that

7    would give Defendant notice as to the legal nature of his retaliation claim. Consequently, Plaintiff

8    has again failed to satisfy the federal pleading requirements under *Iqbal* and *Twombly*, and his

9    retaliation claim should be dismissed.

10           **4.    Plaintiff Fails To Sufficiently Plead Facts To Sustain His Wrongful
                     Termination Claim.**

11

12           To state a claim for wrongful termination in violation of public policy, Plaintiff must

13   allege (1) an employment relationship; (2) that he was discharged; (3) the discharge violated a policy

14   that is fundamental, beneficial to the public, and embodied in a statute or constitutional provision;

15   and (4) that the discharge caused him harm. *See Holmes v. General Dynamics Corp.*, 17 Cal. App.

16   4th 1418, 1426 n.8 (1993); *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994).

17   Additionally, in order to bring a cognizable public policy claim, Plaintiff must show: (1) that the

18   defendant violated some statute or regulation (or that plaintiff had a reasonable belief that the

19   defendant did so), and (2) that the violation was tethered to an important and fundamental public

20   policy articulated in the statute or regulation. *See Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1095

21   (1992); *Sequoia Ins. Co. v. Superior Court* (1993) 13 Cal. App. 4th 1472, 1475 (a showing that

22   employer's conduct was "specifically prohibited" by statute is a "foundational requirement" for a

23   wrongful termination in violation of public policy claim).

24           Here, Plaintiff merely states that "the above-described conduct of defendants

25   constitutes age and disability discrimination and wrongful termination of plaintiff in violation of

26   public policy as embodied in California Government Code § 12940(a) and California Constitution

27   Article I, Section 8." (Compl. at ¶ 22.) First, Plaintiff's wrongful termination in violation of public

28   policy claim is founded upon assertions that the FEHA was violated through purported age and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT        11.        Case No. 3:14-cv-04343-KAW

1  disability discrimination and retaliation.  Where a discrimination claim fails as a matter of law, as it

2  does here, a claim under California state law for wrongful discharge in violation of public policy

3  against discrimination fails as well.  *See Sanders v. Arneson Products*, 91 F.3d 1351, 1354 (9th Cir.

4  1996), *cert. denied*, 520 U.S. 1116 (1997); *see also TRW, Inc. v. Superior Court*, 25 Cal. App. 4th

5  1834, 1854 (1994) (holding there is no cause of action for violation of public policy if employer did

6  not violate the statutory provision asserted as the basis of the cause of action).

7  Second, even if Plaintiff could maintain his discrimination claims, his wrongful

8  termination claim still fails because he pleads nothing more than "mere conclusions," which "are not

9  entitled to the assumption of truth" under *Iqbal*.  Indeed, as with Plaintiff's other claims, Plaintiff

10  does nothing more than provide "a formulaic recitation of the elements of a cause of action," which

11  does not meet the strict pleading requirements of *Iqbal* and *Twombly*.  Because Plaintiff has not pled

12  facts sufficient to maintain this cause of action, the claim should be dismissed.

13       **5.**     **Plaintiff Does Not Plead Facts Sufficient To Maintain His California Labor Code Violation Claim.**

14

15  Plaintiff alleges that Defendants "failed to pay immediately plaintiff for his wages,

16  for his medical treatment, and for his vacation and sick leave" in violation of California Labor Code

17  §§ 201 and 203.  (Compl. at ¶ 28.)  As with his other claims, Plaintiff merely pleads the statutory

18  standards and nothing more.  Plaintiff has failed to plead a "statement of circumstances, occurrences,

19  and events in support of the claim presented."  *See Twombly,* 550 U.S. at 545 (citations omitted).

20  For example, the court in *Chiu v. Citrix Sys.*, 2011 U.S. Dist. LEXIS 151365, *11 (C.D. Cal. Nov.

21  23, 2011), found that the plaintiff sufficiently pled a claim for waiting time penalties where he

22  specifically alleged that Citrix had a companywide policy of not paying overtime to save money, and

23  that he was discharged but not paid overtime due to him.

24  Here, in contrast, Plaintiff pleads no facts substantiating his claim.  Plaintiff states

25  that he "received his final separation letter" on March 31, 2013, but does not state when he received

26  his final paycheck.  Plaintiff's allegation that he received a "final separation letter" after his

27  termination is not sufficient to establish that Defendants violated Section 201, which does not apply

28  to receipt of a *separation letter* upon termination.  Nor is the Court required to accept as true

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT      12.      Case No.  3:14-cv-04343-KAW

1    allegations that are unreasonable inferences, such as is the case here.  *See In re Gilead Sciences*

2    *Securities Litigation,* 536 F.3d 1049, 1057 (9th Cir. 2008); *Spreewell v. Golden State Warriors,* 266

3    F.3d 979, 988 (9th Cir. 2001).

4            Moreover, Section 203 only applies to wages, which is defined as "*money* or other

5    value which is received by an employee as compensation for labor or services performed."  *See*

6    Enforcement Policies and Interpretations Manual, Division of Labor Standards Enforcement ("DLSE

7    Manual") § 2.4 (emphasis added).  Thus, to the extent that Plaintiff alleges that Plaintiff violated

8    Section 201 due to unpaid "medical treatment," Section 203 is not applicable and such allegations

9    are nonsensical.  This, coupled with the "unadorned" allegations, demonstrates that Plaintiff's Labor

10   Code violation claim has no merit and should be dismissed.

### 6.   Plaintiff's Claim For Defamation Should Be Dismissed Because He Cannot Maintain This Claim.

#### a.   Plaintiff's Claim For Defamation Based On Statements Allegedly Made At The Time Of His Termination Is Barred By The Statute Of Limitations.

15           Plaintiff's defamation claim rests on statements allegedly made by Defendant United

16   Airlines, Inc. at the time of Plaintiff's termination.  (*See* Compl. at ¶ 31.)  Accordingly, Plaintiff's

17   claim is barred by the one year statute of limitations for a claim of defamation under California law.

18   *See* Cal. Code Civ. Proc. § 340(c).  While Plaintiff fails to describe the substance of Defendant's

19   allegedly defamatory statements, as discussed below, he does allege the statements were made at the

20   time of his termination (*i.e.*, March 14, 2013).  Plaintiff did not file the instant complaint until over a

21   year later, on August 4, 2014.  As such, Plaintiff's claim for defamation must be dismissed without

22   leave to amend.

#### b.   Assuming, *Arguendo*, That His Claim Is Not Time-Barred, Plaintiff Fails To State Facts Sufficient To Establish His Defamation Claim.

25           Plaintiff's defamation claim rests on the assertion that Defendants falsely accused

26   Plaintiff of vandalizing a co-worker's automobile.  However, Plaintiff's claim is solely made of

27   conclusory statements and must be dismissed.  The elements of a defamation claim are a publication

28   that is: (1) false; (2) defamatory; (3) unprivileged; and (4) has a natural tendency to injure or causes

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT                    13.                    Case No.  3:14-cv-04343-KAW

1    special damages.  Cal. Civ. Code §§ 45–46; 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, §

2    529, p. 782.  "Publication" means an intentional or negligent communication to some third person

3    other than the person allegedly defamed who understands the defamatory meaning of the statement

4    and its application to the plaintiff.  *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999); *see also*

5    *Kelly v. General Telephone Co.*, 136 Cal. App. 3d 278, 284 (1982).

6            In support of his defamation claim, Plaintiff states that "Defendants stated that the

7    reason for [Plaintiff's] termination was vandalizing a co-worker's car." (Compl. at ¶ 2).  Plaintiff

8    further states that "on or about the time of termination…defendants falsely accused plaintiff of a

9    crime, i.e., that he had vandalized a co-workers car." (*Id.* at ¶¶ 31, 32).  Plaintiff states that "the

10    charge . . . was false, was made without probable cause, and was made with malicious intent."

11    Plaintiff then concludes that Defendant's unidentified statements constitute defamation.  However,

12    "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare

13    recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S.

14    at 663.  Although the federal pleading duty encourages brevity, "the complaint must say enough to

15    give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tellabs, Inc.*

16    *v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).  Plaintiff's defamation cause of action

17    fails to meet the required pleading standard.

18            Nowhere in Plaintiff's Complaint does he describe the statements allegedly

19    supportive of his defamation claim.  Nor does he identify who made the statements.  Plaintiff also

20    fails to identify to whom the allegedly defamatory statements were made and as such, Plaintiff's

21    defamation claim lacks the essential element of publication.[3]  While Plaintiff alleges that an

22    unspecified "employee" made unsubstantiated assertions regarding Plaintiff's alleged vandalism (*see*

23    Compl. at ¶ 4), he has pled no facts that would tend to show Defendant was in any way responsible

24    for statements made by the unnamed employee.  Likewise, although Plaintiff takes issue with the

25    outcome of a hearing related to the vandalism allegations (*see id.*), he again fails to identify specific

26

27    [3] To the extent Plaintiff seeks to rely on statements made by Defendants to Plaintiff regarding
Plaintiff's alleged vandalism, those statements do not constitute a "publication."  The defamation

28    claim necessarily fails absent a communication to someone *other than* Plaintiff.  *See Smith*, *supra*,
72 Cal. App. 4th at 645.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT    14.    Case No.  3:14-cv-04343-KAW

statements or speakers.[4]  Plaintiff's factually devoid assertions simply do not support a claim for defamation.  *See White v. Hansen*, 2005 U.S. Dist. LEXIS 43989, at *29 (N.D. Cal. July 28, 2005) (allegation that defendant made belittling statements about plaintiff was insufficient to support slander claim because plaintiff did not identify any specific statements or indicate to whom the statements were made); *Coffman v. United States*, 2007 WL 1598635, at *1 (W.D. Okla. June 4, 2007) ("There are . . . minimum requirements for a defamation claim, such as the identification and substance of the complained of statements, to whom the statements were made, and whether the statements heard by third parties"); *Ahmend v. Gelfand*, 160 F. Supp. 2d 408, 416 (E.D.N.Y. 2001) (plaintiff asserting defamation must "state the substance of the purported communication, who made the communication, when it was made, and to whom it was communicated" to satisfy Rule 8).

Lastly, Plaintiff alleges that Defendant lacked probable cause to report Plaintiff to the police for vandalism.  (Compl. ¶ 4.)  In so doing, Plaintiff contends that Defendant's statements, made to the police in the course of filing a police report, constitute a defamatory publication.  To the extent Plaintiff's defamation claim rests on this basis, it fails because statements made in the context of filing a police report are absolutely privileged under California Civil Code § 47(b).  Pursuant to Section 47(b), when a citizen contacts law enforcement to make a report and to instigate law enforcement personnel to respond, the communication typically enjoys an unqualified privilege, known as the "official proceeding privilege."  *Hagberg v. Cal. Fed. Bank FSB,* 32 Cal. 4th 350, 364 (2004); *see also Williams v. Taylor*, 129 Cal. App. 3d 745, 753-754 (1982) (the absolute privilege of section 47(b) applied to statements made by an employer who contacted the police to report suspected theft on the part of an employee and to request that the police conduct an investigation).  The alleged publications to the police fall within the scope of the absolute privilege afforded by

---

[4] Even assuming Plaintiff had identified specific statements or speakers, Plaintiff failed to allege facts that would tend to show Defendants' conduct at the hearing was not within the privilege for communications to interested persons.  *See* Cal. Civ. Code § 47(c).  As to the alleged investigative hearing regarding Plaintiff's actions, "[c]ommunications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested persons."  *Cuenca v. Safeway San Francisco Employees Fed. Credit Union*, 180 Cal. App. 3d 985, 995 (1986).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1   section 47(b).   Accordingly, such publications cannot serve as a basis for Plaintiff's defamation

2   claim,[5] and his claim should be dismissed.

3       **C.    Defendant United Continental Holdings, Inc. Should Be Dismissed From This
            Action Because It Did Not Employ Plaintiff.**

4

5           Should this Court decline to dismiss this action, the Court should dismiss Defendant

6   United Continental Holdings, Inc. ("United Continental") from this action entirely because it was not

7   Plaintiff's employer.  Plaintiff admits in his Complaint that "at all times Plaintiff was an employee of

8   United Airlines."   (*See Compl.* at ¶¶ 21, 26.)   Statements made in a complaint are judicial

9   admissions, and Plaintiff is bound by them.  *See, e.g., Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F. 2d

10  224, 226 (9th Cir. 1988) ("A statement in a complaint, answer or pretrial order is a judicial

11  admission . . ."); *Allen v. Pacific Bell*, 212 F. Supp. 2d 1180, 1192 (C.D. Cal. 2002) ("This Court

12  may take judicial notice of its own records, and documents that are public records and capable of

13  accurate and ready confirmation by sources that cannot reasonably be questioned.")  This is further

14  supported by the fact that Defendant United Airlines, Inc. stated that United Continental has no

15  employees and never employed Plaintiff.  (Request for Judicial Notice ("RJN"), ¶ 3.)

16          Indeed, Plaintiff pleads no facts to establish parental liability for United Continental.

17  Under both California and federal law, there is a strong presumption that corporate entities have

18  separate existences. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998).  Common

19  ownership or control alone is never enough to establish parent liability.  *Id.* at 738.  Thus, the fact

20  that United Continental is United Airlines, Inc.'s parent company (RJN at ¶ 3) is not enough to

21  establish that United Continental's inclusion in this suit is proper.  *See, e.g., Allen*, 212 F. Supp. 2d at

22  1200 (dismissing corporate parent from case because the "only relation to this case is that it is the

23  parent corporation to Pacific Bell").

24

25  [5] The fact that charges against Plaintiff were ultimately dropped is immaterial.  *See Williams*, 129
    Cal. App. 3d at 750 (in defamation suit, defendant former employer protected by official proceeding

26  privileged even though charges against plaintiff former employee were dropped); *Chabak v. Monroy*,
    154 Cal. App. 4th 1502, 1513–14 (2007) (even allegedly false reports to police are absolutely

27  protected and privileged under section 47(b)); *Long v. Pinto*, 126 Cal. App. 3d 946, 949-950 (1981)
    ("[t]he importance of unabashed input into investigations outweighs the occasional harm which may

28  befall a defamed individual.")

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT          16.          Case No.  3:14-cv-04343-KAW

1    Additionally, Plaintiff's charge to the EEOC named only Defendant United Airlines,

2  Inc. (RJN at ¶ 1.) Plaintiff has not exhausted administrative remedies with respect to United

3  Continental. The general rule requires administrative complaints to be filed with the EEOC within

4  180 days of the discriminatory act, unless the complaint is first filed with "a state or local agency

5  with authority to grant or seek relief from such practice," in which case it may be filed within 300

6  days. 42 U.S.C. § 2000e-5(e)(1) (1999); *Ong v. Cleland*, 642 F.2d 316, 318 (9th Cir. 1981); *Sosa v.*

7  *Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990). Similarly, under FEHA, timely exhaustion of the

8  administrative process is a jurisdictional prerequisite to any court claims. *Martin v. Lockheed*

9  *Missile & Space Co.,* 29 Cal. App. 4th 1718, 1724 (1994) (the failure to exhaust an administrative

10  remedy is a jurisdictional defect); *see also Holland v. Union Pac. R.R. Co.*, 154 Cal. App. 4th 940,

11  45 (2007) (stating Plaintiff must plead and prove <u>timely filing</u> of a sufficient complaint with the

12  DFEH).

13    Allowing Plaintiff to involve United Continental would be beyond the scope of

14  Plaintiff's EEOC charge. It is clear that United Continental has no involvement in this suit and that

15  it should be dismissed.

16    **D.    Leave To Amend Would Be Futile And Should Be Denied.**

17    "Although there is a general rule that parties are allowed to amend their pleadings, it

18  does not extend to cases in which any amendment would be an exercise in futility . . . or where the

19  amended complaint would also be subject to dismissal . . . ." *Steckman v. Hart Brewing, Inc.*, 143

20  F.3d 1293, 1298 (9th Cir. 1998). Indeed, courts routinely deny a party leave to amend where the

21  amendment is futile or subject to dismissal. *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465

22  F.3d 946, 953 (9th Cir. 2006) (noting that a court may deny leave to amend where an amendment is

23  futile); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538, 542 (9th Cir. 1989) (affirming

24  trial court's denial of leave to file a third amended complaint when claims sought to be added

25  "[w]ere defective, and would have been subject to dismissal.").

26    In this case, allowing Plaintiff leave to amend would be futile because the facts

27  Plaintiff needs to sufficiently plead each claim simply do not exist. As a result, any amended

28  complaint would continue to provide "unadorned" assertions, devoid of factual enhancement, and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT                17.                Case No. 3:14-cv-04343-KAW

1  would be nothing more than "a formulaic recitation" of the elements of each claim.  The simple truth

2  is that Plaintiff was terminated for vandalizing property, not because he was discriminated or

3  retaliated against.  Any amendment to the Complaint cannot escape this fact.

4  **IV.      CONCLUSION**

5         For the foregoing reasons, Defendants respectfully request that the Court dismiss

6  Plaintiff's Complaint in its entirety without leave to amend and with prejudice.  Alternatively, should

7  the Court allow Plaintiff leave to amend the Complaint, the Court should dismiss Defendant United

8  Continental Holdings, Inc. from this action.

9  Dated: October 3, 2014                                    Respectfully submitted,

10

11                                                          /s/ *Nancy E. Pritikin*
                                                            NANCY E. PRITIKIN
12                                                          LITTLER MENDELSON, P.C.
                                                            Attorneys for Defendants
13                                                          UNITED CONTINENTAL HOLDINGS, INC.
                                                            and UNITED AIRLINES, INC.
14

15

16
   Firmwide:129281464.4 052664.1111
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEFS' FRCP
12(B)(6) MOTION TO DISMISS COMPLAINT          18.          Case No.  3:14-cv-04343-KAW