1  Albert M. Kun, Esq.  SB# 55820
2  381 Bush Street, Suite 200
   San Francisco, CA  94104
3  Telephone:  (415) 362-4000
   Facsimile:  (415) 362-1305
4
5  Attorney for Plaintiff, HENRY TUKAY

6

7               UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                 SAN FRANCISCO DIVISION

10

11                                        )   Case  3:14-CIV-04343 JST
    HENRY TUKAY,                          )
12                                        )   **NOTICE OF MOTION AND**
                       Plaintiff          )   **MOTION TO REMAND**
13   v.                                   )   **REMOVED ACTION**
                                          )   **[28 USCS §1447(c)]**
14  UNITED CONTINENTAL HOLDINGS, INC.,    )
15  UNITED AIRLINES and DOES 1 TO 20,     )   Hearing Date: December 11, 2014
    inclusive,                            )   Time:          2:00 p.m.
16                     Defendants.        )   Courtroom:   Judge Tigar
                                          )
17  ─────────────────────────────────    )

18

19        To defendants United Continental Holdings, Inc., United Airlines, Does 1 to 20,

20  inclusive, and their attorneys of record:

21        PLEASE TAKE NOTICE that plaintiff HENRY TUKAY will move this court, in

22  courtroom of Judge Tigar, United States District Court House, 450 Golden Gate Avenue, San

23  Francisco, California, on December 4, 2014 at 2:00p.m., or as soon thereafter as the matter may

24  be heard, for an order remanding this case to the Superior Court of California, County of San

25  Mateo. This motion is made on the ground that the cause was improperly removed and is not

26  within the jurisdiction of this court, in that this court has no jurisdiction of the claim asserted in

27  the complaint and the controversy is not wholly between citizens of different states, defendant

28

Notice of Motion and Motion to Remand          1
Removed Action                                              Case No. 3:14-CIV-04343 JST

1   DOE ONE being a citizen of the State of California, the same state as that of which plaintiff is a

2   citizen.

3       All the above more clearly appears in the affidavit of Albert M. Kun, attached hereto as

4
    Exhibit A and made a part hereof. Plaintiff further moves this court for an order that defendants
5
    United Continental Holdings, Inc. and United Airlines pay plaintiff for all his costs and actual
6
7   expenses, including attorneys fees, incurred by reason of the removal proceedings. All attached

8   exhibits and a memorandum of law in support of the above motion are attached hereto and made

9   a part hereof.

10
                        **MEMORANDUM OF POINTS AND AUTHORITIES**
11
12      A case removed from State court may be remanded back to State court only in

13  accordance with 28 USCS §1447 <u>Thermtron Products Inc. v. Hermansdorfer</u> (1976), 423 U.S.

14  336, 345-346; 96 S. Ct. 584, 46 L. Ed. 2d 542.

15                          <u>THIS MOTION IS TIMELY SET</u>

16
        This case was originally set before Magistrate Judge Kandis A. Westmore in the Oakland
17
    Division of this court. On or about October 7, 2014 the case was reassigned to Judge Jon S.
18
19  Tigar, of the San Francisco Division, and all motions were reset. Thus the thirty (30) days is to

20  be calculated from the October 7, 2014 date.

21          <u>DEFENDANT FACTUALLY ATTACKS PLAINTIFF'S COMPLAINT</u>

22
        A motion to remand under 28 USCS § 1447(c) is the functional equivalent of a
23
    defendant's motion to dismiss for lack of subject matter jurisdiction under
24
25  Fed. R. Civ. P. 12(b)(1). A plaintiff's motion to remand may raise either a facial attack or a

26  factual attack on the defendant's jurisdictional allegation, triggering application of the rules for

27  resolving such challenges, <u>Leife v. Crane Co.</u> (9th Cir. 2014) 749 F. 3d 1117, 1121, 1122.

28

Notice of Motion and Motion to Remand              2
Removed Action                                          Case No. 3:14-CIV-04343 JST

1

2        In their removal motion defendants make a "factual" attack on plaintiff's complaint by

3    introducing evidence outside the pleadings. Plaintiff is introducing evidence by the declaration of

4    Albert M. Kun in support of plaintiff's motion to show that regardless of any argument over the

5    potential recovery being over or below $75,000, the defendant sued herein as DOE ONE makes

6    the controversy not wholly between citizens of different states.

7                    PLAINTIFF MAY PROPERLY JOIN DOE ONE AS A DEFENDANT

8        The court in Padilla v. AT&T Corp. (2009) 697 F. Supp. 2d 1156,1157 held that

9    attorneys pleading cases in California courts often seek to broadly joint defendants involved in

10   the transaction or occurrence. Similarly to the action in the Padilla case, in this action DOE ONE

11   is the principal instigator for the firing of plaintiff in the San Mateo court, a case that was

12   eventually dismissed. Under such circumstances the defendants must show that there is no

13   possibility that the plaintiff could prevail in any cause of action against the non-diverse

14   defendant. This, the defendants have not shown.

15

16              PLAINTIFF MAY PROPERLY SEEK ATTORNEYS FEES FOR THIS MOTION

17       To protect the jurisdiction of state courts, removal jurisdiction should be strictly

18   construed in favor of remand. Harris v. Bankers Life and Casualty Co. (9th Cir. 2005)

19   425 F. 3d 689, 698.

20

21       To insure that courts strictly construe in favor of remand, the Padilla case held that all

22   just attorneys fees should be allowed.

23

24

25

26   October 27, 2014                    Albert M. Kun
                                         Attorney for plaintiff
27

28

Notice of Motion and Motion to Remand          3
Removed Action                                              Case No. 3:14-CIV-04343 JST