UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY TUKAY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED CONTINENTAL HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-04343-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 8, 16 |

Before the Court in this action brought by Plaintiff Henry Tukay against his former employer is Defendants' United Continental Holdings, Inc. and United Airlines' motion to dismiss. ECF No. 8. After Plaintiff filed his complaint in state court, Defendants' removed the action to federal court. Plaintiff has not filed an opposition to Defendants' motion to dismiss, but has filed a motion to remand the action to state court pursuant to 28 U.S.C. § 1447. ECF No. 16.

The Court will grant Defendants' motion to dismiss in part and deny it in part, and deny Plaintiff's motion to remand.

**I.     BACKGROUND**

    **A.     Factual Background[1]**

For more than twenty-three years, Tukay worked as a mechanic for Defendants at their Oakland and San Francisco maintenance base. ECF No. 1 at 14. Tukay is a 57 year-old Filipino male who is disabled.[2] Id.

---

[1] For the purposes of this order, the Court accepts as true all of the well-pled factual allegations contained in Plaintiff's Complaint.

[2] Although Tukay alleges that Defendants discriminated against him on the basis of his disability, Tukay's complaint does not make the nature of his alleged disability clear. Tukay states only that he "notified defendant of his disability and requested an accommodation for his disability. Plaintiff utilized intermittent leave under the FMLA due to symptoms of his medical condition, most recently around October, 2012." ECF No. 1 at 14.

After Tukay was accused of vandalizing another employee's car in the workplace parking lot, Defendants terminated Tukay's employment. Id. Tukay states that Defendants had "no reasonable suspicion or probable cause to report plaintiff to the police, and in fact the San Mateo District Attorney subsequently dismissed all charges against plaintiff." Id. Defendants conducted a hearing regarding the allegations, at which evidence the presented against Tukay consisted of photographs of the vehicle damage which lacked time stamps and statements made by the employee who made the accusations against Tukay. Id. at 14-15. Defendants did not provide Tukay with video footage of the alleged vandalism. Id. at 15.

Tukay alleges that employees of different ages and races were not terminated for "similar or worse misconduct," but that "other employees of Filipino descent were terminated." Id. at 14. Following one prior incident wherein an employee's vehicle had been stolen from the parking lot, Tukay alleges that Defendants refused to get involved, as the incident occurred "outside the gates." Id.

Plaintiff filed a complaint with the EEOC on August 6, 2013. Id. Plaintiff received a Right to Sue letter from the California Department of Fair Housing and Employment on August 7, 2013. Id.

## II.  JURISDICTION

Although Plaintiff initially filed his complaint in California Superior Court on July 15, 2014, Defendants subsequently removed the action to this federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Id. at 2. Defendants claim this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Id. Plaintiff seeks to remand the action to California Superior Court, alleging that this Court lacks jurisdiction. ECF No. 26. Plaintiff claims that there is not complete diversity between plaintiff and defendants because defendant Doe One, who has not yet been served, is a citizen of the California. Id.

### A.  Legal Standard

"A civil action in state court may be removed to federal district court if the district court had 'original jurisdiction' over the matter." Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a)). "[R]emoval statutes are strictly

construed against removal." Luther v. Countrywide Homes Loans Serv., LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. Id. at 566-67.

### B. Amount in Controversy

In order for a district court to possess diversity jurisdiction over an action, the amount of money in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Tukay's complaint seeks special and compensatory damages, emotional distress damages, and punitive damages. Nonetheless, the complaint does not specify the dollar amount of damages that Tukay seeks. Although Tukay's motion to remand does not dispute that the amount in controversy exceeds $75,000, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006).

Defendants argue that, because Tukay seeks damages relating to his wrongful discharge from employment, the amount in controversy includes the amount Plaintiff would have earned through present had he not been discharged on March 14, 2013. ECF No. 1 at ¶ 12. Defendants have submitted the Declaration of Cheryl Spataro, a Labor and Employment Case Manager employed by United, who testifies that Tukay's personnel records indicate that he earned $36.92 per hour at the time of his discharge, at which time he was a full-time hourly employee averaging 40 hours of work a week. ECF No. 1-2 at ¶ 3. If Plaintiff were to recover his back pay through present, he therefore would receive approximately $115,190.40--an amount in excess of the $75,000 amount in controversy requirement. "[I]f a defendant prepares a well-founded evidentiary record, a defendant's reasonable extrapolations from the plaintiff's allegations suffice to establish the amount in controversy, if unrebutted by the plaintiff." Patel v. Nike Retail Servs., Inc., No. 14-CV-00851-JST, ___ F.Supp.2d ___, 2014 WL 3611096, at *7 (N.D. Cal. July 21, 2014). The Court therefore concludes that Defendants have proven by a preponderance of the evidence that the amount in controversy requirement has been met.

### C. Complete Diversity

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). Plaintiff claims that the case should be remanded because defendant Doe One is a citizen of California, defeating complete diversity. Plaintiff's counsel alleges that Doe One, one of Plaintiff's former coworkers, "was the instigator for plaintiff's removal from the United payroll" and was "a principal witness against plaintiff in the San Mateo criminal action." ECF No 16-1 at ¶ 3-4.

Because Doe One is a fictitious defendant, however, his or her presence in the action cannot create diversity among the parties. In determining whether a civil action is removable on the basis of the jurisdiction under the diversity jurisdiction statute, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). "It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity." Lincoln Prop. Co., 546 U.S. at 84.

As to the named corporate Defendants, a corporation is a citizen of the state of its incorporation and the state in which it maintains its "principal place of business." 28 U.S.C. § 1332. The latter is typically "the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). Defendants' notice of removal states that they are incorporated in Delaware and their headquarters in located in Chicago, Illinois. ECF No. 1 at 8. In his motion to remand, Plaintiff does not dispute that named defendants are diverse from him. The Court finds that Defendants have shown by a preponderance of the evidence that there exists complete diversity between all named plaintiffs and all named defendants.

### D. Conclusion

As Defendants have established by a preponderance of the evidence that diversity jurisdiction exists, the Court denies Plaintiff's motion to remand. ECF No. 16.

///

## III. DEFENDANTS' MOTION TO DISMISS

### A. Legal Standard

On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 687. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In the Ninth Circuit, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." Starr, 652 F.3d at 1216 (original emphasis).

///
///
///
///
///
///
///

### B. Age Discrimination[3]

Defendants seek to dismiss Plaintiff's age discrimination claim, arguing that the allegations in the complaint do not support the claim. Under California law, it is "an unlawful employment practice for an employer to refuse to hire or employ, or to discharge, dismiss, reduce, suspend, or demote, any individual over the age of 40 on the ground of age, except in cases where the law compels or provides for such action." Cal. Gov't Code § 12941. "In order to make out a prima facie case of age discrimination under FEHA, a plaintiff must present evidence that the plaintiff (1) is over the age of 40; (2) suffered an adverse employment action; (3) was performing satisfactorily at the time of the adverse action; and (4) suffered the adverse action under circumstances that give rise to an inference of unlawful discrimination, i.e., evidence that the plaintiff was replaced by someone significantly younger than the plaintiff." Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 321 (2010).

The Court concludes Plaintiff has adequately pled a claim for age discrimination under § 12941. Plaintiff has stated that he was 56 at the time of his termination and that he "had a consistently satisfactory work record." ECF No. 1 at 16. Plaintiff alleges that he was terminated for pretextual reasons relating to allegations of vandalism that had been made against him. Plaintiff claims that "other employees who were of a different race or age than himself, and who had committed similar or worse misconduct, were not terminated from employment by defendant . . . ." Id. at 15.

Defendants' motion to dismiss Plaintiff's age discrimination claim is therefore denied.

### C. Disability Discrimination

Defendants next move to dismiss Plaintiff's claim of disability discrimination. Although

---

[3] Defendants allege that Plaintiff's first claim should be dismissed because it "combines and conflates two separate claims" for age discrimination and disability discrimination "within the same count in violation of Federal Rule of Civil Procedure 10(b)." ECF No. 8 at 5. Rule 10(b) provides that "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10. Although the separation of Plaintiff's claims for disability and age discrimination into separate counts would provide additional clarity, the Court will address the merits of these claims rather than dismissing them for their form.

Plaintiff has pled a claim for disability discrimination, he has not identified his disability. Plaintiff states only that he "intermittently utilized FMLA leave due to symptoms of his medical condition," ECF No. 1 at 16, and that he "had requested a disability-based accommodation." Id. at 15.

"To show a prima facie case of disability discrimination under FEHA, a plaintiff must show that: (1) she is a member of a protected class; (2) she was performing competently in the position she held; (3) she suffered an adverse employment action, such as termination; and (4) some other circumstances that suggest a discriminatory motive." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1242 (9th Cir. 2013). Because Plaintiff has not identified his disability or what accommodation he requested from Defendants, he has not provided "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" against his charge of disability discrimination. Starr, 652 F.3d at 1216. Plaintiff's claim of disability discrimination is therefore dismissed without prejudice.

### D.  Retaliation

Defendants seek to dismiss Plaintiff's second count, which alleges Defendants retaliated against him for his complaints regarding other employees. Under California law, it is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). "To establish a prima facie case of retaliation, a plaintiff must show that she engaged in protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a causal link between the two." Guthrey v. State of California, 63 Cal. App. 4th 1108, 1125 (1998).

Plaintiff's complaint alleges that, prior to his discharge, Plaintiff had "opposed defendants' discriminatory acts by complaining to the Human Resources Department, superiors, and supervisors, and had made previous complaints (2003) to the EEOC." Complaint, ECF No. 1 at 17. Plaintiff claims that he was "wrongfully disciplined and threatened by a supervisor to be 'walked out' of job" for a report he made to superiors that he had been threatened with bodily harm by a fellow employee in 2000. Id. at 18. Plaintiff states he filed a complaint for harassment

in Contra Costa County Superior Court against that fellow employee in 2001. Id. Plaintiff pleads that he was assaulted at work by another employee in September of 2007 and missed over a year of work due to his injuries. Id. Plaintiff reported this incident to supervisors, who nevertheless allowed the employee responsible to return to his job. Id. Plaintiff alleges that Defendants terminated his employment in retaliation for his complaints regarding his fellow employees' behavior. Id.

Defendants argue that, besides his termination, Plaintiff has not pled any adverse employment action taken by Defendants against Plaintiff as a result of his complaints. "Minor or relatively trivial adverse actions or conduct by employers or fellow employees that, from an objective perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment and are not actionable, but adverse treatment that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion falls within the reach" of California statutory law prohibiting retaliation. Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1054-55 (2005). Plaintiff has pled that he was "wrongfully disciplined" and that a supervisor threatened to walk him out of his job. The Court cannot discern from these allegations what kind of discipline Plaintiff was subjected to and whether that discipline was "reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion." Id. Plaintiff has therefore not sufficiently pled an adverse employment action taken by Defendants prior to his termination.

Defendants also argue that, to the extent Plaintiff alleges that he was terminated as a result of his internal complaints, 2001 Contra Costa County Superior Court complaint, or 2003 EEOC complaint, the allegations do not plausibly support a claim that there was a causal link between this protected activity and his termination. Plaintiff has not pointed to any facts supporting his allegation that the termination was based upon this protected activity. It is true that a "causal link may be established by an inference derived from circumstantial evidence, such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Jordan v. Clark, 847 F.2d

1368, 1376 (9th Cir. 1988). But Plaintiff has also failed to point to circumstantial evidence indicating that his termination was related to these complaints. Plaintiff has pled that he engaged in allegedly protected activity from 2000-2007. Plaintiff was not terminated until March of 2013. The lapse in time between Plaintiff's complaints and his ultimate termination, combined with the lack of any other alleged connection between these events, prevents the Court from drawing an inference of retaliation.

Plaintiff has failed to identify any adverse employment action taken against him prior to his termination in March 2013. In the absence of any direct or circumstantial evidence that existed a causal link between Plaintiff's protected activity and his termination, Plaintiff has failed to adequately plead a claim for retaliation stemming from that termination. Plaintiff's retaliation claim is accordingly dismissed without prejudice.

### E. Wrongful Termination in Violation of Public Policy

Plaintiff also claims that he was wrongfully terminated in violation of the public policy embodied in California Government Code § 12940(a) and the California Constitution Article I, Section 8. California law recognizes a cause of action for wrongful termination in violation of public policy where an employee can "show that the important public interests they seek to protect are tethered to fundamental policies that are delineated in constitutional or statutory provisions." Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 71, 960 P.2d 1046, 1048 (1998) (internal quotations and citation omitted). "The Fair Employment and Housing Act (FEHA) (Gov.Code, § 12900 et seq.) declares as a public policy of this state a necessity to protect and safeguard the right and opportunity to seek, obtain, and hold employment without discrimination on various grounds, among which is age." Jennings v. Marralle, 8 Cal. 4th 121, 124 (1994). Because Plaintiff has adequately pled a claim of termination in violation of FEHA's prohibition of age discrimination, he has stated a claim for wrongful termination in violation of public policy on his claim of age discrimination.

### F. California Labor Code

Plaintiff alleges that Defendants violated § 201 and § 203 of the California Labor Code by failing to "pay immediately plaintiff for his wages, for his medical treatment, and for his vacation

and sick leave from December 3, 2012 to March 31, 2013 . . . when plaintiff received his final separation letter from defendant." ECF No. 1 at 19. Defendants allege that Plaintiff has failed to plead sufficient facts relating to this claim because he has not stated "circumstances, occurrences, and events in support of the claim presented," Twombly, 550 U.S. at 545, such as the date he received his final paycheck.

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a). "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. Cal. Lab. Code § 203(a). Plaintiff alleges that he was not paid "wages earned and unpaid at the time of discharge" immediately upon termination. Plaintiff has therefore pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 687, and need not plead more facts to survive a motion to dismiss. The Court will therefore deny Defendants' motion to dismiss Plaintiff's claims under § 201 and § 203 of the California Labor Code.

### G. Defamation

Defendants argue that Plaintiff's defamation claim is time-barred. The California statute of limitations for defamation actions is one year. Cal. Code. Civ. Pro. § 340(c). Plaintiff's complaint states "[o]n or about the time of termination of plaintiff's employment, defendants falsely accused plaintiff of a crime, i.e., that he had vandalized a co-worker's car in the parking lot." Complaint, ECF No. 1 at 20. Plaintiff has pled he was discharged on March 14, 2013. Id. at 14. Plaintiff did not file his complaint until August 4, 2014. Therefore, Plaintiff's defamation claim appears to be time-barred under California's one-year statute of limitations in defamation actions and is dismissed without prejudice.

### H. Defendant Continental Holdings, Inc.

Defendants also ask that we dismiss Defendant United Continental Holdings, Inc. from the

10

1 litigation, as that Defendant is merely United Airlines, Inc.'s parent company and was not
2 Plaintiff's employer. "An employee who seeks to hold a parent corporation liable for the acts or
3 omissions of its subsidiary on the theory that the two corporate entities constitute a single
4 employer has a heavy burden to meet under both California and federal law." Laird v. Capital
5 Cities/ABC, Inc., 68 Cal. App. 4th 727, 737, 80 Cal. Rptr. 2d 454 (1998). Plaintiff has pled that
6 he was employed by United Airlines. ECF No. 1 at ¶¶ 21, 26. Plaintiff has pled no facts
7 regarding the involvement of United Continental Holdings, Inc. in any of the allegedly unlawful
8 employment decisions made by United Airlines. Therefore, Plaintiff's claims again Defendant
9 United Continental Holdings are dismissed without prejudice.

## IV. CONCLUSION

The Court DENIES Plaintiff's motion to remand. The Court GRANTS Defendants' motion to dismiss Plaintiff's claims of disability discrimination, retaliation, and defamation without prejudice. The Court DENIES Defendants' motion to dismiss Plaintiff's age discrimination, wrongful discharge in violation of public policy, and California Labor Code claims. Plaintiff's claims against United Continental Holdings are dismissed without prejudice.

Plaintiff may file an amended complaint within thirty days from the date of this order. If no amended complaint is filed, the Court will deem that Plaintiff is proceeding only on the claims that survived this motion to dismiss. Plaintiff is reminded that he may not add new claims to an amended complaint without first obtaining leave of court.

**IT IS SO ORDERED.**

Dated: December 22, 2014

JON S. TIGAR
United States District Judge