Albert M. Kun, Esq. SB# 55820
381 Bush Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-4000
Facsimile: (415) 362-1305

Attorney for Plaintiff, HENRY TUKAY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY TUKAY,<br><br>          Plaintiff<br>v.<br><br>UNITED AIRLINES, INC.,<br>DOES 1 TO 20<br>          Defendants. | Case 3:14-CIV-04343 JST<br><br>**FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

Plaintiff, HENRY TUKAY, alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is, and at all relevant times was, an adult Asian male of Filipino descent, and a resident of Contra Costa County, California.; he is fifty-seven years of age.

2. Defendant United Airlines, Inc. is a corporation incorporated in the State of Illinois and doing business in Alameda and San Mateo Counties, California.

3. Plaintiff was employed as a mechanic at the San Francisco maintenance base for twenty-three-plus (23+) years and had a satisfactory work record.

4.   Plaintiff is disabled. Plaintiff notified defendant of his disability and requested an accommodation for his disability. Plaintiff utilized intermittent leave under the FMLA due to symptoms of his medical condition, most recently around October, 2012.

5.   At all relevant periods herein, Plaintiff was an individual suffering from a disability within the meaning and scope of 42 U.S.C. §12102 and under FEHA provisions. Plaintiff herein suffers from Low Back Problems diagnosed as Lumbar Intervert Disc Displacement, Lumbar Spinal Stenosis which were due to his work-related injury working for Defendant United Airlines; Joint Pain and Strain of Right-Hand Wrist which was caused by unlawful assault by a belligerent employee during his employment with defendant United Airlines. Plaintiff also suffers from Hypertension problems and has been diagnosed with a Diabetic condition. These are just some of the conditions that affect the basic functions of walking, running, and working. Given these conditions, plaintiff is a member of a protected class of persons under ADA. Under 42 U.S.C. §12112 and §12203 and also under FEHA provisions, which prohibit discrimination in employment against individuals with a disability, require reasonable accommodation to be provided to persons with such disabilities, and which prohibit retaliation against any individual with such disabilities.

6.   Plaintiff was discharged on March 14, 2013. Defendants stated that the reason for his termination was vandalizing a co-worker's car in the parking lot. Defendants had no reasonable suspicion or probable cause to report plaintiff to the police, and in fact the San Mateo District Attorney subsequently dismissed all charges against plaintiff. Plaintiff is aware that other employees who were of a different race than himself, and who had been accused of similar misconduct, were not terminated from employment by defendant, whereas other employees of Filipino descent were so terminated.

7. Plaintiff's national origin (Filipino), his age at that time (57), his disability, and the fact that he had requested a disability-based accommodation, motivated the discharge, in violation of Title VII of the Civil Rights Act of 1964, as Amended, the Age Discrimination in Employment Act, as Amended, and the Americans with Disabilities Act, as Amended.

8. The true names and capacities of defendants Does 1 to 20, inclusive are presently unknown to plaintiff. Once they have been ascertained, plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious defendants participated in the acts alleged in this complaint to have been done by the named defendants and proximately caused damages to the plaintiff.

9. Plaintiff is informed, and on that basis alleges, that at all relevant times each of the defendants, whether named or fictitious, was an agent or employee of the defendant, and in performing the acts alleged to have been performed in the complaint, acted within the scope of such agency and employment, or ratified the acts of the other.

10. Plaintiff was required by defendants to comply with certain claim procedures, and plaintiff has fully complied.

FIRST CAUSE OF ACTION

(Age Discrimination)

11. Plaintiff incorporates each allegation set forth in paragraphs 1 through 10.

12. In October, 1989 defendant hired plaintiff as a mechanic.

13. Plaintiff was employed by defendants continuously from the time of hiring until his termination.

14. During the course of plaintiff's employment:

    a) Defendants made untrue statements about plaintiff within the course of agency and/or employment relationship.

    b) Plaintiff had a consistently satisfactory work record.

    c) Plaintiff intermittently utilized FMLA leave due to symptoms of his medical condition, most recently on or about October 2012. He was discharged on March 14, 2013.

    d) Defendants wrongfully, and without probable or just cause, accused plaintiff of vandalizing a co-worker's automobile. Defendants reported plaintiff's purported actions to the police, but the District Attorney dismissed the case.

15. Each of the defendants acted for the purpose of causing plaintiff to suffer financial loss, with concomitant severe emotional and physical distress, and are guilty of oppression ad malice, justifying an award of exemplary and punitive damages.

16. The acts of these defendants, and each of them, were done with specific and unlawful intent to deprive plaintiff of civil rights guaranteed by the State Constitution and the laws of the State of California, including but not limited to, Government Code §12940 et seq.

## SECOND CAUSE OF ACTION

(Disability Discrimination)

17. Plaintiff herein incorporates each allegation set forth in paragraphs 1 through 16.

18. Plaintiff had utilized FMLA due to the aforementioned disabilities, but had to work despite those restrictions since defendant United Airlines simply would not re-employ any individual with restrictions upon the employee's returning to work after being on medical leave. United's policy of refusing to re-employ such employees appears to run counter to a recent Court decision of accommodating disabled workers who are unable to return to their former jobs, see EEOC v. United Airlines, No. 11-1774. 7th Cir., as required by ADA.

19. With respect to plaintiff's 2003 EEOC complaint, it was about this time period when a United supervisor who was the subject of that complaint, acted in an unlawful manner, by professing to be a medical professional making determinations as to what was covered, and tried to prevent plaintiff from using FMLA as a form of accommodation for his disabilities.

20. Plaintiff, upon information and belief, states that due to the aforementioned work-related disabilities, defendant is responsible and liable for plaintiff's medical care on those claims, and that for quite some time since his termination, plaintiff has experienced denial of care through defendant's UR reviews. Plaintiff infers from these repeated denials of care on the above workers compensation cases that he is being retaliated against.

21. In this most recent adverse action by defendants as set forth above, plaintiff was discriminated against by defendant because of his disability by being wrongfully terminated.

### THIRD CAUSE OF ACTION

(Retaliation)

22. Plaintiff incorporates each allegation as set forth in paragraphs 1 through 21.

23. On or about 2007 plaintiff was assaulted while on the job by a fellow employee named "Santiago." Plaintiff still has residual problems from this assault.

24. Plaintiff filed a Worker's Compensation claim and was awarded disability benefits.

25. On or about August 2012 plaintiff commenced taking leave under the Family and Medical Leave Act of 1993 (28 U.S.C.§2601 et seq.), which he was permitted to do as a long-term employee.

26. Defendant retaliated against plaintiff by terminating his employment with the Company.

## FOURTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy)

27. Plaintiff incorporates each allegation set forth in paragraphs 1 through 26.

28. At all relevant times plaintiff was an employee of United Airlines and was acting within the scope and course of his employment relationship with the defendants.

29. The above-described conduct of defendants constitutes age and disability discrimination, and wrongful termination of plaintiff in violation of public policy as embodied in California Government Code §12940(a) and California Constitution Article I, Section 8. This termination was without good cause, was conducted in bad faith, and violated public policy and the laws of the State of California.

30. As a result of defendants' wrongful termination of him, plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the degree and extent of which will be proven at trial.

31. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and severe emotional and physical distress, and are guilty of oppression and malice justifying an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

(Breach of Statutory Duty)

32. Plaintiff incorporates each allegation set forth in paragraphs 1 through 31.

33. At all times plaintiff was an employee of United Airlines and was acting within the scope and course of his employment relationship.

34. On March 14, 2013 defendant terminated the plaintiff from his permanent position.

35. After termination, defendants failed to pay plaintiff immediately for his wages, for his medical treatment, and for his vacation and sick leave from December 3, 2012 to March 30,

2013, in violation of §201 and §203 of the Labor Code. March 31, 2013 was the day plaintiff received his final separation letter from defendants.

36. In fact, defendants were able to pay the above-mentioned obligations, and their actions were willful, subjecting defendant to penalties. (See <u>Smith v. Superior Court</u> (L'Oriel USA Inc., California Supreme Court, July 11, 2006)).

### FIFTH CAUSE OF ACTION

(Defamation)

37. Plaintiff incorporates each allegation set forth in paragraphs 1 through 36.

38. On or about the time of termination of plaintiff's employment, defendants falsely accused plaintiff of a crime, namely that he had vandalized a co-worker's car in the parking lot.

39. The statement made by defendants about plaintiff's purported crime was defamatory per se in that such statement tended to injure plaintiff's standing in respect to his profession, trade, or business, thereby making re-employment difficult.

40. The charge against plaintiff was false, was made without probable cause, and was made with malicious intent.

41. Plaintiff herein re-asserts his claim of Defamation even if it appears that the statute of limitations may have passed. Plaintiff herein re-asserts the Doctrine of Equitable Tolling for the above claim. The court should recognize an exception and, due to manifest injustice to plaintiff, plaintiff should not be barred by statute of limitations; moreover, defendants would not be unfairly prejudiced if this claim is allowed to proceed. In <u>Elkins v. Derby</u>, supra, 2 Cal. 3d 410, the California Supreme Court formulated the principle of equitable tolling, applying the doctrine to situations "'[w]here an injured person has several legal remedies and reasonably an in good faith, pursues one.'" (Id. At p. 414, <u>Myers v. County of Orange</u> (1970), 6 Cal. App. 3d 626,634 [86 Cal Rptr.198]).

42. In an attempt to further discredit and mar plaintiff's record with a criminal one, defendant/s filed a vandalism complaint with the San Mateo County District Attorney's Office; this was subsequently dismissed for lack of conclusive evidence on April 28, 2014. Thus this Defamation complaint must be equitably tolled due to the fact that defendant's action interfered with and contributed to plaintiff's delay in filing suit. (See <u>Bollinger v. National Fire Insurance Co.</u> (1944), Cal. 2d 399, 411). Defendant's employee, Mr. Sahebami, herein made a defamatory statement on April 4, 2013 to an investigator named Mr.O'Brien designating plaintiff as "crazy . . . guy who gets a gun and starts shooting," when asked for more information and what motive plaintiff herein had in his allegation. Again, in a statement made to San Francisco Airport Police Officer V. Bertolozzi on February 26, 2013, Mr. Sahebjami stated that plaintiff was a "long-time disgruntled employee." These were false and unprivileged statements.

47. Shortly prior to his termination, plaintiff noticed Mr. Sahebjami, a member of a different race than plaintiff's, sleeping on the job on two occasions—on or about September 2012 and on or about November 2012, respectively. Plaintiff believes that Mr. Sahebjami's Supervisor, Zach Mott, a member of the Caucasian race, also noticed the above lapses, in addition to seeing Mr, Sahebjami watching TV while on the job, but failed to take action against Sahebjami.

44. Both Zach Mott and Sahebjami were instrumental in plaintiff's subsequent dismissal.

## SEVENTH CAUSE OF ACTION

(Racial Discrimination)

45. Plaintiff incorporates each allegation set forth in paragraphs 1 through 44.

46. Pursuant to 42 U.S.C. §2000e-5(f)(3) plaintiff seeks damages for violation of his rights as protected by Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, et seq. Title VII provides in relevant part: [U.S.C. 2000e-2(a)]:

"It is unlawful for an employer to

"(a) Discharge any individual, or otherwise to discriminate against any individual with respect to any compensation, terms, conditions, or privileges of employment, because of that individual's race.
(b) Limit, segregate, classify employees in any way that would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his/her status as an employee because of the individual's race."

47. Plaintiff is a Filipino (Asian) male, was an employee of defendant United Airlines, and therefore belongs to a protected class under Title VII. At some time around mid 2012 prior to his termination, a supervisor, Paul Wapensky ("Mr. Wapensky") remarked to other employees on swing shift, "Filipinos eat that shit!" in reference to roaches that may have infested the military barracks at the former US Naval Base in the Philippines (see original complaint). Mr. Wapensky has made disparaging remarks about the plaintiff to a local union official, saying he is an unqualified mechanic; but there has been no record of any major mistakes, errors, or accidents attributable to the plaintiff in the performance of his duties. Plaintiff has consistently performed his duties in accordance with United's aircraft maintenance requirements and (FAA) Federal Aviation Administration standards.

48. On or about September 2012 and November 2012, repectively, plaintiff witnessed a fellow employee, Mr. Sahebami, sleeping on the job. Plaintiff also noticed that Supervisor Zach Mott saw Mr. Sahebami not doing his job, but watching TV instead. Yet defendant failed to do anything about these acts, but instead terminated the plaintiff's employment.

### EIGHTH CAUSE OF ACTION

(Discrimination Based on Veteran Status; 38 U.S.C. 4212 et seq., 38 U.S.S. 4301 et seq.)

49. Plaintiff herein re-alleges and re-incorporates all the statements set forth above, including paragraphs 1 through 20.

50. At all relevant periods herein, plaintiff was a veteran of the United States, having served honorably in the U.S. Navy from 1980 through 1989, and receiving therefrom an

honorable discharge.

51. 38 U.S.C. §4211 et seq., defines eligible veterans, and plaintiff believes he meets the eligibility requirements of this section, 38 U.S.C. §4211-1(a), 38 U.S.C. §4211-4(a). Defendant United Airlines is a federal contractor having contract/s with various agencies of the United States, notably the U.S. Air Force. It is common knowledge among many employees at the SFO maintenance base that defendant is refurbishing, repairing and/or overhauling aircraft engines of the U.S. Air Force's fleet of transport aircraft. The exact terms of the contract are unknown to the plaintiff at this time, but is believed to be a multi-million dollar contract that clearly benefits defendant United Airlines' "bottom line," courtesy of the American taxpayers.

52. As beneficiary of any of such contract/s, defendant is required by the above statutes to comply with them, including by avoiding prohibited discriminatory conduct against such veterans, and by affirmatively advancing the interests of veterans who have honorably served this country

38 U.S.C. §4212-(a) provides in relevant part:

"Any contract in the amount of $100,000 or more entered into by any department or agency for the procurement of personal property and non-personal property and non-personal services (including construction) for the United States shall take affirmative action to employ and advance in employment qualified special disabled veterans, veterans of the Vietnam era, recently separated veterans . . . "

38 U.S.C. §4301-(a)(3) provides:

"The purposes of this chapter are to prohibit discrimination against persons because of their work in the uniformed service."

38 U.S.C. §4311-(a) provides in relevant part:

"A person who is a member of, applies to be a member of, performs, has performed, applies to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of

of service, application for service, or obligation."

38 U.S.C. §4311-(b) provides in relevant part:

"An employer may not discriminate in employment or take adverse employment action against any person because such person (1) has taken action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with a proceeding under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services."

53. In dismissing plaintiff, defendant failed to advance plaintiff's interest as a veteran as required by the statutes.

**PRAYER FOR RELIEF**

WHEREFOR, Plaintiff prays for relief as follows:

1. For General Damages in amounts according to proof and in no even an amount less than the jurisdictional limit of this Court;

2. For special damages according to proof;

3. For punitive damages according to proof;

4. For attorney fees as provided by law;

5. For costs of suit herein;

6. For such other and further relief as Court deems fair and just.


Dated January 15, 2015                ALBERT M. KUN

                                       /s/Albert M. Kun
                                      Attorney for Plaintiff

Case3:14-cv-04343-JST   Document23-2   Filed01/20/15   Page12 of 12