NANCY E. PRITIKIN, Bar No. 102392
nepritikin@littler.com
NIMA RAHIMI, Bar No. 295173
nrahimi@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone:   415.433.1940
Facsimile:   415.399.8490

Attorneys for Defendant
UNITED AIRLINES, INC.

ALBERT M. KUN, Bar No. 55820
381 Bush Street, Suite 200
San Francisco, California 94104
Telephone:   415.362.4000
Facsimile:   415.362.1305

Attorneys for Plaintiff
HENRY TUKAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY TUKAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br>DOES 1 TO 20,<br><br>　　　　Defendant. | Case No. C-14-04343 JST<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT**<br><br>Date:　　　February 25, 2015<br>Time:　　　2:00 p.m.<br>Location:　Courtroom 9, 19th Floor<br>Judge:　　　Jon S. Tigar |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

JOINT INITIAL CMC STATEMENT
Firmwide:131232338.2 052664.1111

Case No. C-14-04343 JST

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Orders for All Judges of the Northern District of California dated, July 1, 2011 and Civil Local Rule 16-9.

I.   **JURISDICTION AND SERVICE**

The parties agree that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, and complete diversity exists because the parties are citizens of different states. There are no issues with regard venue and no parties remain to be served.

II.   **FACTS**

  A.   **Plaintiff's Position**

Plaintiff is an adult Asian male of Filipino descent. He is fifty-seven years of age. Plaintiff was employed as a mechanic at United Airlines, Inc.'s San Francisco maintenance base for over twenty-three (23) years, and had a satisfactory work record.

Plaintiff is disabled. Plaintiff notified defendant of his disability and requested accommodation for his disability. Plaintiff utilized intermittent leave under the FMLA due to symptoms of his medical condition, most recently around October 2012.

Plaintiff was discharged from employment on March 14, 2013. Defendant stated that the reason for his termination was the vandalizing of a co-worker's vehicle in the parking lot. Defendant had no reasonable suspicion or probable cause to report plaintiff to the police; and, in fact, the San Mateo District Attorney subsequently dismissed all charges against plaintiff. Plaintiff is aware that other employees who were of a different race than himself, and who had committed similar or worse types of misconduct were not terminated from employment by defendant, whereas employees of Filipino descent were terminated.

Plaintiff was subject to various forms of workplace harassment, disparate treatment, and worked in a hostile work environment ever since the above incident. In one instance noted in 2012 he endured a derogatory remark from a superior, who said, "Filipinos eat that shit!" in reference to roaches that were believed to have infested the military barracks.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

JOINT INITIAL CMC STATEMENT
FIRMWIDE:131232338.2 052664.1111

1.

Case No. C-14-04343 JST

B.   **Defendant's Position:**

Plaintiff is a former mechanic for United Airlines. Plaintiff worked at United's Oakland and San Francisco maintenance base. Plaintiff was terminated on or about March 14, 2013 after he was caught on a security camera vandalizing another employee's vehicle parked on United's property. United conducted a thorough and fair hearing with Plaintiff, who was represented by his Union, and submitted photographic and video evidence in addition to employee statements regarding the vandalism. The hearing officer upheld Plaintiff's discharge, and Plaintiff's Union declined to pursue his grievance any further. United denies that Plaintiff was subject to age or disability discrimination, retaliation, wrongfully terminated, defamed or any other wrongful conduct and denies that Plaintiff suffered damages as a result of any alleged conduct of United. Plaintiff's claims are without merit and should be dismissed on a properly supported pretrial motion.

### III. LEGAL ISSUES

Whether Plaintiff can establish that his termination was the result of illegal discrimination because of age.

Whether Plaintiff can establish that his termination was the result of illegal discrimination because of a disability.

Whether Plaintiff can establish that his termination was the result of illegal discrimination because of race.

Whether Plaintiff can establish that he was terminated in retaliation for filing a workers' compensation claim.

Whether Plaintiff can establish that he was terminated in retaliation for taking leave under the Family and Medical Leave Act of 1993.

Whether Plaintiff can establish that he was wrongfully terminated in violation of public policy.

Whether Plaintiff can establish a claim for willful failure to pay wages under California Labor Section 201 and 203.

Whether Plaintiff can sustain a claim for defamation.

Whether Plaintiff was subject to discrimination because of veteran status.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

JOINT INITIAL CMC STATEMENT
FIRMWIDE:131232338.2 052664.1111                2.                        Case No. C-14-04343 JST

Whether Plaintiff suffered damages proximately caused by United.

Whether Plaintiff is entitled to recover punitive damages.

Whether Plaintiff has mitigated his alleged damages.

Whether any recovery is barred by after-acquired evidence.

The nature and extent of damages suffered by Plaintiff, if any.

The amount of attorneys' fees any party is entitled to, if any.

## IV. MOTIONS

Defendants[1] filed a motion to dismiss on October 3, 2014. Plaintiff filed a motion to remand on October 31, 2014. The Court issued an order on December 22, 2014 denying Plaintiff's motion to remand, and granted in part and denied in part Defendants' motion to dismiss. The Court granted Plaintiff leave to amend the Complaint's dismissed claims. The Court required Plaintiff to seek leave from the Court to bring additional claims. Pending before the Court is Plaintiff's motion to amend his Complaint to add additional claims. On February 3, 2015, Defendant filed a Statement of Non-Opposition to Plaintiff's motion to amend his Complaint to add additional claims. Defendant anticipates filing a motion to dismiss Plaintiff's amended Complaint. Defendant anticipates filing a motion for summary judgment or other dispositive motion, a motion to bifurcate punitive damages, and motions *in limine.*

## V. AMENDMENT OF PLEADINGS

### A. Plaintiff

Plaintiff has filed an Amended Complaint which is not opposed by Defendant.

### B. Defendant

Defendant has not yet answered. Defendant reserves its right to file amended pleadings pursuant to the Federal Rules.

---

[1] Plaintiff's original Complaint alleged claims against United Continental Holdings, Inc. and United Airlines, Inc. The Court dismissed Plaintiff's claims against United Continental Holdings, Inc., and Plaintiff has not re-alleged claims against United Continental Holdings, Inc. in his amended Complaint.

JOINT INITIAL CMC STATEMENT
FIRMWIDE:131232338.2 052664.1111

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Northern District's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred to discuss the discovery of electronically stored information ("ESI"). Plaintiff has taken appropriate measures to preserve potentially relevant evidence. Defendant has taken reasonable measures to preserve relevant evidence that is readily accessible.

The parties agree to continue to meet and confer in good faith regarding the scope and nature of any requests for electronic discovery.

## VII. DISCLOSURES

The parties have stipulated to continue the date of initial disclosures to March 3, 2015.

## VIII. DISCOVERY

The parties have not taken any discovery to date. The parties intend to engage in written discovery, including requests for production of documents, interrogatories, and expert discovery. The parties also intend to take depositions. At this time, Plaintiff intends to depose one or two of United's employees and Defendant intends to depose Plaintiff.

The discovery limits set by the Federal Rules of Civil Procedure are acceptable to both parties.

## IX. CLASS ACTION

This is not a class action.

## X. RELATED CASES

The parties are not aware of any related cases currently pending. On November 6, 2014, in the related case *Tukay v. International Brotherhood of Teamsters Local 856/986*, Case Number 3:14-cv-01906-JST, Plaintiff filed a notice of dismissal without prejudice based on which the Court ordered the case dismissed without prejudice.

## XI. RELIEF

### A. Plaintiff's Position

Plaintiff has suffered approximately $180,000 in lost wages, plus lost benefits; has suffered emotional distress, and seeks potential punitive damages.

### B. Defendant's Position

Defendant denies that Plaintiff is entitled to the relief sought.

## XII. SETTLEMENT AND ADR

The parties have an ADR phone conference on February 23, 2015.

## XIII. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES

The parties declined to the assignment of this case to a Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At this early stage, the parties have not been able to determine whether the length of trial can be reduced by stipulation, use of summaries, or other means of presenting evidence.

## XVI. EXPEDITED SCHEDULE

The parties do not believe this case is suitable for an expedited schedule.

## XVII. SCHEDULING

Defendant proposes the following schedule:

- Non-expert discovery cutoff: August 31, 2015
- Dispositive Motions filed by September 30, 2015
- Expert witness disclosure: November 30, 2015
- Expert Witness discovery cutoff: December 30, 2015
- Trial: January 2016.

Plaintiff proposes the following tentative pre-trial deadlines:

- Trial before the end of 2015.

## XVIII. TRIAL

Defendant requested a jury trial. At this early stage, it is difficult to estimate with any degree of accuracy the length of trial. At this time, the parties estimate that trial of this matter will take approximately 4-6 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant has filed a Certificate of Interested Entities as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## XX. PROFESSIONAL CONDUCT

The parties have reviewed the Guidelines of Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

The parties' counsel understands they should have filed a Joint Case Management Conference Statement on December 22, 2014 and mistakenly did not do so. The parties' counsel did not file a Joint Case Management Statement on December 22, 2014 because they were awaiting the Court's ruling on United's motion to dismiss and Plaintiff's motion to remand, both motions which the Court had taken under submission. Counsel understand that regardless of the status of the then pending motions, absent direction otherwise by the Court, they should have filed their Joint Statement on December 22, and apologize for failing to do so.

Dated: February 11, 2015

/s/ NANCY E. PRITIKIN
NANCY E. PRITIKIN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED AIRLINES, INC.

Dated: February 11, 2015

/s/ ALBERT M. KUN
ALBERT M. KUN
Attorneys for Plaintiff
HENRY TUKAY

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

JOINT INITIAL CMC STATEMENT
FIRMWIDE:131232338.2 052664.1111

6.

Case No. C-14-04343 JST

## SIGNATURE CERTIFICATION

Pursuant to Section 5-1(i)(3) of the Civil Local Rules, I hereby certify that the content of this document is acceptable to Plaintiff's counsel, Albert M. Kun, and that I have obtained Mr. Kun's authorization to affix his electronic signature to this document.

                                               *s/ Nancy E. Pritikin*
                                               Nancy E. Pritikin
                                               Attorneys for Defendant
                                               UNITED AIRLINES, INC.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT INITIAL CMC STATEMENT
FIRMWIDE:131232338.2 052664.1111

7.

Case No. C-14-04343 JST