NANCY E. PRITIKIN, Bar No. 102392
nepritikin@littler.com
KYLE K. MATARRESE, Bar No. 271689
kmatarrese@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY TUKAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC. and DOES 1 to 20, inclusive,<br><br>　　　　Defendant. | Case No. 3:14-cv-04343-JST<br><br>**DEFENDANT'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[FED. R. CIV. P. 12(b)(6)]<br><br>DATE:　　April 23, 2015<br>TIME:　　2:00 p.m.<br>DEPT:　　Courtroom 9, 19th Floor<br>JUDGE:　 Hon. Jon S. Tigar<br><br>**COMPLAINT FILED:**　August 4, 2014<br>**TRIAL DATE:**　　　 February 29, 2016 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

Case No. 3:14-cv-04343-JST

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, April 23, 2015 in Courtroom 9 of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102 at 2:00 p.m. or as soon thereafter as counsel may be heard, Defendant United Airlines, Inc. will, pursuant to Federal Rule of Civil Procedure 12(b)(6), move for dismissal of Plaintiff's Sixth[1] and Eighth Causes of Action in the First Amended Complaint ("FAC"). This Motion is brought on the grounds that (1) Plaintiff's Sixth Cause of Action for defamation is time-barred and all of the allegedly defamatory statements are absolutely privileged under California Civil Code Section 47(b); and (2) Plaintiff's Eighth Cause of Action for discrimination based on veteran status must be dismissed because there is no private right of action under 38 U.S.C. Section 4212 and Plaintiff has not stated sufficient facts to sustain a cause of action under 38 U.S.C. Section 4301 *et seq*. Plaintiff cannot cure these fatal defects by amending the FAC. Therefore, both the Sixth and Eighth Causes of Action must be dismissed without leave to amend and with prejudice.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the complete files and records in this action, and such other materials or argument as may be presented to the Court in conjunction with the hearing on this motion.

Dated: March 5, 2015                               Respectfully submitted,


                                                   /s/ *Nancy E. Pritikin*
                                                   NANCY E. PRITIKIN
                                                   LITTLER MENDELSON, P.C.
                                                   Attorneys for Defendant
                                                   UNITED AIRLINES, INC.

---

[1] The First Amended Complaint includes two causes of action identified as the Fifth Cause of Action and does not contain a Sixth Cause of Action. For purposes of clarity, Defendant will refer to the defamation cause of action throughout this Motion as the Sixth Cause of Action.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

Case No.  3:14-cv-04343-JST

## STATEMENT OF RELIEF SOUGHT

By this motion, Defendant United Airlines, Inc. ("United") respectfully requests that the Court dismiss the Sixth and Eighth Causes of Action from Plaintiff's First Amended Complaint ("FAC") without leave to amend and with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff's First Amended Complaint marks the second attempt by Plaintiff Tukay to state a cause of action against United for defamation. As with his prior iteration of his Complaint, the claim is time-barred under California's one-year statute of limitations in defamation actions, with the purported statements upon which the claim is based occurring well over one year before the original Complaint was filed. Plaintiff's argument in the FAC that the Court should grant an equitable exception to avoid this time-bar is of no avail, as Plaintiff's Complaint nowhere points to any action which *he himself* took that would entitle him to seek to invoke the doctrine of equitable tolling to save his claim. Even if Plaintiff's defamation claim was somehow timely, which it is not, the purported defamatory statements, which are alleged communications to law enforcement personnel in connection with a report of suspected criminal activity, enjoy an unqualified privilege under California Civil Code section 47(b) and thus cannot serve as the basis for a defamation claim.

Plaintiff's Eighth Cause of Action for veteran status discrimination is equally defective, as there is no private right of action under one of the statutes on which Plaintiff bases his claim, and Plaintiff fails to state adequate facts to establish that his military service—which ended twenty-four years before his termination—was a motivating factor in his termination. Accordingly, United's motion to dismiss these purported causes of action should be granted without leave to amend.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

1.

Case No. 3:14-cv-04343-JST

## II. RELEVANT FACTUAL BACKGROUND

### A. Plaintiff's Allegations[2]

Plaintiff bases his Sixth Cause of Action for defamation on three statements which were allegedly made between late February and early April 2013. Plaintiff first alleges that "[o]n or about the time of termination of plaintiff's employment [in March 2013], defendants falsely accused plaintiff of a crime, namely that he had vandalized a co-worker's car in the parking lot." ECF Doc. No. 32 (FAC) at ¶¶ 6, 38. Plaintiff alleges that this statement is defamatory per se. *Id.* at ¶ 39. Plaintiff further claims that a United employee[3] made two allegedly defamatory statements to police investigators at the San Francisco Airport (SFO), one on February 26, 2013 and one on April 4, 2013. *Id.* at ¶ 42. Plaintiff alleges that on February 26, 2013, the employee told an investigator that Plaintiff was a "long-time disgruntled employee," and on April 4, 2013, he told another investigator that Plaintiff was a "crazy . . . guy who gets a gun and starts shooting." *Id.* Plaintiff does not identify any other allegedly defamatory statements made by United on which he bases his Sixth Cause of Action.

With regard to his Eighth Cause of Action for discrimination based on veteran status, Plaintiff alleges that United "failed to advance plaintiff's interest as required" by terminating his employment. *Id.* at ¶¶ 50-53. In support of this cause of action, Plaintiff relies on 38 U.S.C. Sections 4212, 4301, and 4311. *Id.* The facts stated in support of his claim include that Plaintiff is a veteran of the U.S. Navy, that he was honorably discharged, and that United is a federal contractor. *Id.* at ¶¶ 50-51. Plaintiff then concludes that United violated the above statutes by discharging him in March 2013. *Id.* at ¶ 53. Plaintiff asserts no other factual allegations on which he bases his veteran status discrimination cause of action.

---

[2] As the Court noted in its December 22, 2014 Order Granting in Part and Denying in Part Defendant's first Motion to Dismiss, when evaluating a motion to dismiss, the Court "accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. . . . However, 'the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." ECF Doc. No. 21 at 5, *quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[3] Plaintiff does not allege that this employee is a supervisor. *See* ECF Doc. No. 32 at ¶ 42.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

2.

Case No. 3:14-cv-04343-JST

B. **The Court Granted a Motion to Dismiss Three of Six Causes of Action in the Original Complaint and Gave Notice to Plaintiff of the Deficiencies to be Corrected.**

Plaintiff filed the original Complaint in this case in the Superior Court of California, County of San Mateo, on August 4, 2014, alleging six causes of action. ECF Doc. No. 1 (Notice of Removal) at 13. On September 26, 2014, United[4] removed the case to this Court. *Id.* at 1. On October 3, 2014, United filed a Motion to Dismiss the original Complaint, which this Court granted in part and denied in part on December 22, 2014. ECF Doc. Nos. 8, 21. The Court dismissed without prejudice Plaintiff's causes of action for disability discrimination, retaliation, and defamation and directed Plaintiff to file an amended complaint within thirty days of issuance of the Order. ECF Doc. No. 21 at 7, 9, 10-11. Plaintiff filed the FAC on February 17, 2015, adding causes of action for discrimination on the basis of race (Seventh Cause of Action) and veteran status (Eighth Cause of Action). ECF Doc. No. 32.

## III. ARGUMENT

### A. Legal Standard

"A Rule 12(b)(6) motion to dismiss tests the threshold sufficiency of a plaintiff's claim for relief." *Cusack v. Idaho Dep't of Corr.*, 2012 U.S. Dist. LEXIS 19948, *7 (D. Idaho Feb. 15, 2012). Although Rule 8(a) only requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. Proc. 8(a)(2)), to survive a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In deciding whether to grant a motion to dismiss, the court 'accepts[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences' in the light most favorable to the nonmoving party." *Rivas v. California Franchise Tax Board*, 619 F. Supp. 2d 994, 998 (E. D. Cal. 2008). The Court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State*

---

[4] United and former Defendant United Continental Holdings, Inc. jointly removed the case to this Court. United Continental Holdings, Inc. has since been dismissed from the case. *See* ECF Doc. No. 21 (Order Granting in Part and Denying in Part Defendants' Motion to Dismiss) at 11.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

3.

Case No. 3:14-cv-04343-JST

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In addition, a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), *overruled on other grounds by Twombly*, 550 U.S. at 562-563.

### B. Plaintiff's Defamation Claim Must Be Dismissed Without Leave To Amend Because It Is Time-Barred And The Allegedly Defamatory Statements Are Absolutely Privileged.

Plaintiff's Sixth Cause of Action for defamation must be dismissed without leave to amend because it is time-barred by California Code of Civil Procedure Section 340(c) and because each one of the statements is absolutely privileged under the Civil Code.

#### 1. Plaintiff's Claim Is Time-Barred By California Code of Civil Procedure Section 340(c).

Plaintiff's defamation claim rests on statements allegedly made by Defendant and one of its employees between late February and early April of 2013. ECF Doc. No. 32 at ¶¶ 38-39, 42. Plaintiff first claims that, at the time of his termination (on March 14, 2013), United "falsely accused" him of a crime, which he states is per se defamatory. *Id.* at ¶¶ 38-39. Plaintiff next alleges that a United employee made two defamatory statements to police investigators about him, one in February 2013 and one in April 2013. *Id.* at ¶ 42. However, as noted by the Court in its December 22, 2014 Order on Defendant's first Motion to Dismiss,[5] under California Code of Civil Procedure Section 340(c), there is a one-year statute of limitations for defamation claims. As the Complaint in this case was not filed until August 4, 2014,[6] each of these statements—even if made, which is disputed—was well outside of the statute of limitations. Accordingly, Plaintiff's claim for defamation must be dismissed.

---

[5] ECF Doc. No. 21 at 10.
[6] ECF Doc. No. 1 at 13.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

4.

Case No. 3:14-cv-04343-JST

### 2. The Doctrine Of Equitable Tolling Is Inapplicable.

Plaintiff's FAC argues that the "Doctrine of Equitable Tolling" should apply in this case and "the court should recognize an exception" to the statute of limitations to save his defamation claim. *Id.* at ¶ 41. No such exception is warranted in this case. As authority, Plaintiff's FAC cites to three cases: *Elkins v. Derby,* 12 Cal. 3d 410 (1974); *Myers v. County of Orange*, 6 Cal. App. 3d 626 (1970); and *Bollinger v. Nat'l Fire Insurance Co.*, 25 Cal. 2d 399 (1944), *superseded by statute in unrelated part*. ECF Doc. No. 32 at ¶¶ 41-42. Not one of these cases supports his argument that the Court should grant him special dispensation and ignore the operable statute of limitations.

In *Elkins, supra,* the plaintiff pursued a workers' compensation claim for several months and then, once it was denied, filed a private lawsuit after the statute of limitations had expired. The court in that case noted that the fundamental purpose of the statute of limitations is "to insure timely notice to an adverse party so that he can assemble a defense when the facts are still fresh." 12 Cal. 3d at 412-13. Because the plaintiff had taken some affirmative action to pursue his legal remedies, and because the lawsuit was based on the same injury and the same facts as his workers' compensation claim, the court found that the statute of limitations was tolled upon the plaintiff's filing of the workers' compensation claim. *Id.* at 413-14. Similarly, in *Myers, supra*, the plaintiff filed numerous administrative claims, plus a petition for writ of mandate, before initiating a lawsuit based on the same issues. The appellate court in that case found that because the plaintiff had pursued one of several options to adjudicate her rights, the statute of limitations did not bar her late-filed lawsuit. 6 Cal. App. 3d at 631-32, 634. Last, in *Bollinger, supra*, the plaintiff had filed an earlier lawsuit well within the statute of limitations which was declared a nonsuit due to the "fraudulent concealment" by the defendant of relevant facts. When the plaintiff re-filed the lawsuit outside of the statute of limitations, the court held that his claims were not time-barred because he had "diligently pursued" his action and it was delayed through no fault of his own. 25 Cal. 2d at 410-11.

What each of these cases has in common is that, in every one, the plaintiff took affirmative action to pursue a legal remedy for his or her alleged damage. As the Court of Appeal

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

5.

Case No. 3:14-cv-04343-JST

stated in *Myers, supra,* "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursued one . . . the statute of limitations does not run on the other while he is thus pursuing the one." 6 Cal. App. 3d at 634. In contrast, in this case, Plaintiff Tukay claims only that *United* filed a vandalism complaint with the San Mateo District Attorney's office, which somehow resulted in his four-month delay in filing the instant lawsuit—without any explanation as to why this is the case. ECF Doc. No. 32 at ¶ 42. Plaintiff nowhere points to any action which *he himself* took in order to pursue his legal remedies against United. Without such facts, pursuant to the very authority to which Plaintiff cites in the FAC, Plaintiff cannot establish that the statute of limitations should be equitably tolled. Accordingly, his defamation claim must be dismissed as time-barred.

### 3. Assuming, *Arguendo*, That His Claim Is Not Time-Barred, Plaintiff Fails To State Facts Sufficient To Establish His Defamation Claim.

Even assuming, for purposes of argument, that Plaintiff's defamation claim is not time-barred, his Sixth Cause of Action must still be dismissed because he has failed to state facts sufficient to establish his claim, as each of the three statements about which he complains is absolutely privileged.

Pursuant to California Civil Code § 47(b),[7] "the overwhelming majority of cases conclude that when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication . . . enjoys an unqualified privilege." *Hagberg v. Cal. Fed. Bank FSB,* 32 Cal. 4th 350, 364 (2004); *see also Wise v. Thrifty Payless, Inc.,* 83 Cal. App. 4th 1296, 1303 (2000); *Williams v. Taylor,* 129 Cal. App. 3d 745, 753 (1982). The California Supreme Court has stated that this privilege "often is referred to as an 'absolute' privilege, and it bars all tort causes of action except a claim for malicious prosecution." *Hagberg,* 32 Cal. 4th at 360. The public policy behind this privilege is to provide "free and open access to governmental agencies for the reporting of suspected illegal activity." *Wise,* 83 Cal. App. 4th at 1303. In *Williams, supra,* an employer contacted the police in order to report allegedly

---

[7] In pertinent part, Civil Code Section 47(b) states that a privileged communication is one made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure."

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111
6.
Case No. 3:14-cv-04343-JST

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

fraudulent activity on behalf of its employee. The employee, who was ultimately acquitted of the charges, sued the employer for defamation in connection with statements the employer made to the police during the course of the investigation. In finding the statements absolutely privileged, the Court of Appeal held that the benefit of providing citizens a "free and open" forum to report illegal activity "outweighs the occasional harm that might befall a defamed individual." 129 Cal. App. 3d at 753-54.

Under *Hagberg*, *Wise*, and *Williams*, *supra*, the alleged defamatory statements in this case—that Plaintiff committed a crime, that he was a disgruntled employee, and that he was likely to "get a gun and start shooting"[8]—all fall within the scope of the absolute privilege afforded by Section 47(b), as all were made to law enforcement personnel in connection with suspected illegal conduct. Accordingly, such communications cannot serve as a basis for Plaintiff's defamation claim, and it must be dismissed.

### C. Plaintiff's Veteran Status Discrimination Cause Of Action Must Be Dismissed Because It Fails To State A Claim Upon Which Relief May Be Granted.

Plaintiff's Eighth Cause of Action for discrimination on the basis of veteran status must be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff bases his claim on three statutes: 38 U.S.C. Sections 4212, 4301, and 4311. ECF Doc. No. 32 at ¶¶ 52. However, Plaintiff's cause of action must be dismissed because there is no private right of action under Section 4212, and Plaintiff has failed to plead sufficient facts to state a claim under the remaining statutes.

#### 1. No Private Right Of Action Exists Under 38 U.S.C. Section 4212.

38 U.S.C. Section 4212(a) provides that certain federal contractors must take affirmative action to "employ and advance in employment" qualified veterans. However, there is no private right of action available for individuals under this statute. *See, e.g., Daniels v. Chertoff*, 2007 WL 1140401, *5 (D. Ariz. Apr. 17, 2007) ("the case law is clear that there is no private right of

---

[8] United does not concede that these statements, even if made, are defamatory. To the contrary, with the exception of the first statement regarding Plaintiff's commission of a crime, none are *per se* defamatory as defined by California Civil Code Section 46, and Plaintiff has failed to allege any facts in the FAC which would establish that he suffered any damage as a result of the alleged statements. *See* ECF Doc. No. 32 at ¶¶ 38-47; Cal. Civil Code § 46.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

7.

Case No. 3:14-cv-04343-JST

action under 38 U.S.C. §§ 4212 or 4214."); *Harris v. Adams,* 873 F.2d 929, 931-32 (6th Cir. 1989); *Wikberg v. Reich,* 21 F.3d 188, 189 (7th Cir. 1994), *reh'g denied*; *Suazo v. Regents of the University of California,* 149 F.3d 1191 (10th Cir. 1998); *see also* Department of Labor OFCCP Notices, "Proposed Extension of the Approval of Information Collection Requirements," Fed. Reg. Vol. 79, No. 24 (Feb. 5, 2014) ("No private right of action exists under the three programs that are enforced by the United States Department of Labor [including 38 U.S.C. § 4212]."), *accessible at* https://webapps.dol.gov/federalregister/HtmlDisplay.aspx?DocId=27338&AgencyId=11.

Accordingly, Plaintiff cannot state a claim for a cause of action arising under Section 4212, and that portion of his Eighth Cause of Action must be dismissed.

> 2. **Plaintiff Has Failed To Allege Sufficient Facts To State A Claim Under 38 U.S.C. Sections 4301 And 4311.**

Plaintiff has also failed to allege sufficient facts to state a claim under 38 U.S.C. Sections 4301 and 4311, the other two statutes on which he relies in support of his Eighth Cause of Action. In order to succeed on a claim under these sections, a plaintiff must prove that his or her military service was a motivating factor in the employer's decision to take the adverse employment action. 38 U.S.C. § 4311(c)(1); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 899-900 (9th Cir. 2002). However, in this case, the FAC is devoid of any facts which would tend to establish that Plaintiff's termination was the result of his military service, which ended *twenty-four years* before Plaintiff's employment at United was terminated. *See* ECF Doc. No. 32 at ¶¶ 6, 50. In support of his claim, Plaintiff (1) alleges that he is a veteran who was honorably discharged from the United States Navy and that United is a federal contractor; (2) quotes from the statutes identified above; and (3) then concludes, with no other explanation, that "[i]n dismissing plaintiff, defendant failed to advance plaintiff's interest as a veteran as required by the statutes." *Id.* at ¶¶ 50-53. This fails to meet the standard set by *Iqbal* and *Twombly*, *supra*, as Plaintiff has failed to state facts sufficient to demonstrate that his termination was due to his military service. Accordingly, Plaintiff's Eighth Cause of Action must be dismissed.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

8.

Case No. 3:14-cv-04343-JST

### D. Leave To Amend Would Be Futile And Should Be Denied.

The Court should not grant Plaintiff leave to amend his FAC for the second time, as such an amendment would be futile. "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility . . . or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (court may deny leave to amend where an amendment is futile); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538, 542 (9th Cir. 1989) (affirming trial court's denial of leave to file a third amended complaint when claims sought to be added "[w]ere defective, and would have been subject to dismissal.").

In this case, allowing Plaintiff leave to amend would be futile because the information Plaintiff needs to sufficiently plead each claim simply does not exist, which has been made eminently clear by the fact that Plaintiff has already amended his Complaint once to no avail. Plaintiff cannot change that the statements he claims are defamatory are time-barred and absolutely privileged, nor can he create a private right of action under 38 U.S.C. Section 4212 or create facts to establish a causal connection where one does not exist. Plaintiff's Sixth and Eighth claims should be dismissed without leave to amend.

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Sixth and Eighth Causes of Action from his FAC without leave to amend and with prejudice.

Dated: March 5, 2015                          Respectfully submitted,

/s/ *Nancy E. Pritikin*
NANCY E. PRITIKIN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED AIRLINES, INC.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
-an Francisco, CA 94108.2693
415.433.1940

NOTICE OF MOTION, MPA ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:131958376.2 052664.1111

9.

Case No. 3:14-cv-04343-JST