Albert M. Kun, Esq. SB# 55820
381 Bush Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-4000
Facsimile: (415) 362-1305

Attorney for Plaintiff, HENRY TUKAY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY TUKAY,<br><br>　　　　　Plaintiff<br>v.<br><br>UNITED AIRLINES, INC., and DOES 1 TO 20<br>　　　　　Defendants. | Case 3:14-CIV-04343 JST<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　April 23, 2015<br>Time:　2:00 .m.<br>Dept.　Courtroom 9, 19th Floor<br>Judge:　Hon. Jon S.Tigar<br><br>Complaint filed: August 4, 2014<br>Trial Date:　　February 29, 2016 |

## FACTUAL BACKGROUND

The evolving facts show the following background to the Complaint.

The defendant attempted on four (4) or five (5) different occasions to entrap the plaintiff by placing him in a compromising position so as to discharge him for a criminal act or acts, all based on a similar scenario.

On one occasion, it transpired that the plaintiff was not even at work on the day in question. On another occasion, the plaintiff had parked in a different parking lot. On the third occasion, it turned out that the so-called "victim" sustained no damages to his automobile. On another occasion, the so-called "victim" falsely reported that his vehicle mysteriously sustained damages as he purportedly claimed but no one can be identified on the video (per statement Mr. Sahebjami provided United security, but defendant United refused to disclose videotapes for that day, around nine plus (9 +) hours of videotape). Thus a false police report. And, on the fourth occasion — which the defendant now uses as a basis for the dismissal of plaintiff—the evidence consisted of a nine and half (9-1/2) hours of videotape of which only around 3-1/2 minutes was disclosed at the grievance hearing held on March 14, 2013 to dismiss plaintiff. The excerpted tape shows a man of a considerably larger build than plaintiff, dragging a bag.

The video disclosed was in itself not a clear and convincing evidence of the allegations; but suggestions, assumptions and speculation were made by the defendants. It should be noted that said vehicle was apparently parked very close to the gate (i.e., the East Gate) where most employees go through to enter and exit to and from United's facilities from the parking lot. Hence, most employees (or anyone, for that matter) coming and going more than likely are recorded on video. One can only infer on the reasoning behind United's refusal to disclose the further 18 hours of tape recordings. (See the Declaration of Albert M. Kun.)

The totality of the facts surrounding the incidents described above are sufficient to anyone who has tried a criminal case to explain why the district attorney dismissed the charges against the plaintiff. Further details will be provided once plaintiff's files are released by defendant. Defendant should be reminded that the instant case does not concern a private security fraud, and that, therefore, no high-level pleading requirement exists.

## LEGAL ARGUMENT

The allegations of the Sixth Cause of Action are not time-barred because equitable tolling should apply.

Defendant instigated the criminal action against plaintiff well before the statute of limitations expired in the action brought by plaintiff. The criminal action was pending, and in fact defendant's employees were the prosecution's witnesses in the criminal case.

The purpose of the statute of limitations is to "insure that timely notice [is given] to the adverse party so he can assemble a defense when the facts are still fresh," 12 Cal. 3rd at 412-413. Both Ahmad Sahebjami (the employee that made the purported allegations) and William Knight (United security supervisor) were to be subpoenaed to testify in the criminal case, and are listed as witnesses, together with their statements, in Defendant's Initial Disclosure; thus, clearly, their evidence is fresh in their minds, and the equitable estoppel should apply.

The emphasis in equitable tolling is on the word <u>equitable</u>. Plaintiff could not forcefully deny that he had committed a crime until the criminal complaint was dismissed, which was on April 28, 2014. The statute of limitations should have begun to run on April 28, 2014, because on that date plaintiff was finally in a position to justly state that he had not committed a crime.

Defendant, in its Motion to Dismiss the Sixth Cause of Action, questions why plaintiff had not taken "any action which he himself took in order to pursue his legal remedies against United."

Here, defendant fails to note that on August 26, 2013 plaintiff had filed a complaint with EEOC/FEHA on that very issue, regarding the allegation of vandalism against plaintiff [made] in December 2012, defamatory statements to authorities made in February 2013 by this same United employee, and the latest one made on Aril 13, 2014 (by Mr. Sahemjami, correction on a typographical error on FAC, the earlier date was noted as April 13, 2013 but should have been

April 13, 2014 per records) to a private security investigator, not to law enforcement personnel. Plaintiff's lawsuit was filed on August 4, 2014. Plaintiff received on February 27, 2015 a Notice of Right to Sue from the EEOC.

Under California law, the statute of limitations is tolled where a person has several legal remedies for the same wrong, and reasonably and in good faith pursues one of them. Thus for example, the prior pursuit of a federal remedy may toll the statute of limitations on a state claim. Jones v. Tracy School District (1980), 27 Cal. 3d 99, 108; 165 Cal Rptr 100, 104.

When employment discrimination charges are timely filed with both the EEOC and the DFEH, and the DFEH defers its investigation to the EEOC, the one-year period to commence suit for a violation of the FEHA is equitably tolled during the pendency of the EEOC investigation until a right to sue letter is received. Downs v. Department of Water & Power of City of Los Angeles (1997) 58 Cal. App. 4th 1093,1102; 68 Cal. Rptr 2d 590, 596. Therefore, as plaintiff received the right to sue letter from the EEOC on February 27, 2015 he is clearly within the statute of limitations.

The Absolute Privilege Is Applicable Only to a Legitimate Peace Officer Investigating a Crime

In the instant case the statements made by defendant's employee (Ahmad Sahebjami) on April 13, 2014 were not made to a "real" police officer, but to a private security officer employed by a company. Under such circumstances the absolute privilege is inapplicable; and because on the earlier purported allegations (December 2012), the purpose was not to investigate a crime, but to frame the plaintiff.

Furthermore, the proceedings were not a "public official" proceedings but, rather, a private grievance proceedings orchestrated by the defendant.

A "public official proceedings" includes a police investigation, for purposes of the absolute privilege required for a fair and true report or for communication to a public journal of

Opposition to Defendant's Motion to Dismiss First Amended   4
  Complaint and Memorandum of Points and Authorities                  Case No. 3:14-CIV-04343 JST

public official proceedings. <u>Balzaga v. Fox News Network LLC</u> (2009 - 4th Dist CA) 173 Cal App. 4th 1325, 93 Cal. Rptr 3d. Rehearing Denied. Review Denied.

The instant grievance proceeding was neither fair nor true, and most importantly, was not a public official proceeding.

As a matter of fact, plaintiff urged in his Complaint that similar incidents in the past <u>not</u> involving Filipinos were handled by United in a "public official proceeding" because the incidents occurred "outside the gates" of the Company. This plaintiff was treated differently because he is a Filipino, and thus his case was handled in a private proceeding.

Defendant should not be permitted to use the benefits inherent in a public proceeding against plaintiff in a private proceeding.

<u>Defendant's Contentions on Absolute Privelege Must Meet Legal Conditions<br>Under CA Civ. Code Section 47, Subdivision 2</u>

It is well known at the defendant's SF Maintenance base and specially at plaintiff's former department (where he used to work), from information he learned, a lot of other employees (third parties) uninterested and not a party to this litigation were mostly aware of the malicious, false, defamatory statements advanced by defendant/s and its agents from the time allegations against plaintiff were made.

Per CA Civ Code Sec. 47, subd. 2, absolute privilege is afforded only if the following conditions are met: the statement or publication (1) was made in a judicial proceeding; (2) had some connection or logical connection to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law.

In Bradley v. Hartford Acc. & Indem. 30 Cal. App. 3d 818 (1973) 106 Cal Rptr. 718, the court held that ..."in determining whether or not the defamatory publication should be accorded an absolute privilege, special emphasis must be laid on the requirement that it be made on the furtherance of litigation and to promote the interest of justice. Only if the requirement has been satisfied, is it appropriate for the courts to define liberally the scope of the term "judicial proceedings"..."

In the instant case, defendant's and its agents' motivation were not in the "interest of justice" but to unlawfully under pretext discharge the plaintiff from employment and the fact that plaintiff's reputation has already been seriously damaged by these allegations, by their conduct, utterance of these defamatory allegations -- other employees' or third parties are already aware of or made known to them but are not parties to this case.

Furthermore, in the same case as Bradley v. Hartford as above, the court held the following case authorities in support of its decision:

"... Before examining the allegations of the Complaints, we must also add that by statutory mandate the allegations of a complaint must be liberally construed with a view to substantial justice between the parties (Code Civ. Proc., § 452). This precept is fully applicable to a complaint in a defamation action (*Ingraham* v. *Lyon* (1894) 105 Cal. 254, 257 [38 P. 892]; *Farr* v. *Bramblett* (1955) 132 Cal.App.2d 36, 48 [281 P.2d 372]). In such an action, as in any type of action, the essence is fairness in pleading in order to give the defendant sufficient notice of the cause of action stated against him so that he will be able to prepare his case (*Bauer* v. *County of Ventura* (1955) 45 Cal.2d 276, 291 [289 P.2d 1]; *Wise* v. *Southern Pacific Co.* (1963) 223 Cal.App.2d 50, 63 [35 Cal.Rptr. 652]). (4) A party is no longer required to plead with common law exactness, and less particularity is needed where it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy (*Simons* v. *County of Kern* (1965) 234 Cal.App.2d 362, 367 [44 Cal.Rptr. 338]; *Schessler* v. *Keck* (1954) 125 Cal.App.2d 827, 835-836 [271 P.2d 588]). It is unnecessary and improper to allege evidentiary facts (*Taylor* v. *Oakland Scavenger Co.* (1938) 12 Cal.2d 310, 317 [83 P.2d 948]; *Wise* v. *Southern Pacific Co., supra,* at p. 62), and plaintiff is not required to plead negative facts to anticipate a defense (*Stowe* v. *Fritzie Hotels, Inc.* (1955) 44 Cal.2d 416, 422 [282 P.2d 890]; *Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 158-159 [114 P.2d 335, 135 A.L.R. 775]; *Farr* v. *Bramblett, supra,* at p. 48). (5) Furthermore, where a cause of action for civil conspiracy to defame the plaintiff is pleaded, explicit details concerning the manner in which the defendants conspired to publish the alleged defamatory matter are not required. If the plaintiff's complaint sufficiently apprises the defendants of the character and type of the facts and circumstances upon which he relies to establish the conspiracy, the complaint is not vulnerable to a demurrer (*Schessler* v. *Keck, supra,* at p. 833). (6) Finally, we note that under well recognized law, for the purpose of testing the demurrer all material and issuable facts properly pleaded must be regarded as true (*Flores* v. *Arroyo* (1961) 56 Cal.2d 492, 497 [15 Cal.Rptr. 87, 364 P.2d 263]; *Pettitt* v. *Levy* (1972) 28 Cal.App.3d 484, 487 [104 Cal.Rptr. 650]).".

See also: Kinnamon v. Straitman & Snyder, supra 66 Cal App.3d at p. 897; Earp v. Nobman, supra, 122 Cal.App.3d at pp. 284-285; Barbary Coast Furniture Co. v. Sjolie, supra, 167 Cal.App.3d at p. 334; McKnight v. Faber, supra, 185 Cal.App.3d at p. 650; and Fuhrman v. California Satellite Systems, supra, Cal.App.3d at p. 421.

Statements made re the plaintiff namely: " longtime disgruntled employee, crazy..., gets a gun and starts shooting...". are in themselves full of malice, hatred and ill-will, made with reckless disregard for the plaintiff's reputation – are not protected under qualified privilege per CA Civ. Code Sec. 47 Subdiv 3. These same statements do not meet the legal requirements of CA Civ. Code Section 47, Subdiv. 2 on absolute privilege, as they are derogatory statements that bears no "logical connection" to the action but solely intended to harm plaintiff's reputation.

Defendant's conduct should be further called into question: 1) the refusal to provide the eighteen-plus (18+) hours of alleged videotape recordings which in itself amounts to obstruction of justice by withholding information or evidence; 2) the fact that photographs of alleged damages cannot be verified as timely, with no time-dated stamps; 3) the fact that the motivation, credibility and record of the other employee (i.e., who made the allegations of vandalism) were apparently not checked or considered by United, but whose word were taken at face value; 4) the fact that the information presented as evidence on the alleged damages was not independently verified by security personnel or local authorities at the time of occurrence to preserve its integrity, that is, the alleged scratches on said vehicle on 11/30/2012. This simply calls into question whether purported damages were tampered with or manufactured to suit these defendants' allegations, which could be in violation of CA Penal Code Section 141 PC, a criminal offense.

<u>Private Right of Action Exists in the Ninth Circuit Under 38 USC § 4212</u>

<u>Preliminary Statement:</u>

In recognition of their unique sacrifices and services to this country, the United States, in defense of its national security interests and its territories, US Congress has enacted laws to protect, advance the interests of eligible veterans and military service members notably among which is the prohibition of discriminatory conduct. 38 U.S.C. 4212, et. seq., 38 U.S.C. 4301, et.

Opposition to Defendant's Motion to Dismiss First Amended   7
 Complaint and Memorandum of Points and Authorities                     Case No. 3:14-CIV-04343 JST

seq., 38 U.S.C. 4311, et. seq.

Legal Argument:

The only 9th Circuit case cited by the defendant is <u>Daniels v. Chertoff</u>, an unpublished district court case which, as such, cannot be a precedent to any action this court might make. Nor are the cases defendant cited in other circuits controlling in extant case. By the same token, the Department of Labor Regulations are not controlling in light of <u>Perez, Secretary of Labor, v. Mortgage Bankers Association</u> (United States Supreme Court March 10, 2015 2015 DJAR 2725).

As long as the Ninth Circuit formally decides whether there is or is not a private cause of action under 38 USC §4212, this court should not--solely for the sake of judicial economy--deny plaintiff the right to proceed with this cause of action.

<u>Plaintiff Has Alleged Sufficient Facts Under 38 USC §§ 4301 and 4311</u>

The Uniformed Services Employment and Reemployment Act (USERRA) protects members of the military from losing their jobs as a result of military service (38 USC § 4301 et seq.) and expressly supersedes any state law that would limit its protections (38 USC § 4302(h)). Thus an action for wrongful termination based on the employer's violation of USERRA survives plaintiff's release by all claims against the employer. <u>Perez v. Uline Inc.</u> (207) 157 Cal. App. 4th 953, 958; 68 Cal. Rptr 3d 872,875.

On the other hand, USERRA does not supersede state law, contracts, agreements, etc. that establish a right or a benefit that is more beneficial to, or is in addition to, rights or benefits provided by USERRA. 38 USC § 4302(a)

USERRA also prohibits retaliation for taking advantage of USERRA rights or for participating in an investigation or other proceedings regarding an alleged violation of USERRA

38 USC § 4311, 20 CFR § 1002.19.

Although the term "retaliation" is not used in USERRA, the gravamen of Section 4311 is to prohibit adverse employment action in retaliation for exercising military leave rights. <u>Wallace v. City of San Diego</u> (9th Cir 2008) 479 F 3d 616, 625 fn.1.

Plaintiff has sufficiently alleged an adverse employment action in the instant case and as a veteran subjected to discriminatory conduct and disparate treatment. Even if his military service ended 24 years ago as alleged by defendant, in seemingly spiteful language, in their motion to dismiss the First Amended Complaint. The proof of plaintiff's allegations will be disclosed at trial.

<u>Leave to Amend Should Be Granted</u>

The Seventh and Eighth causes of action appear for the first time in the First Amended Complaint. Any deficiency that the court finds can be amended. The Ninth Circuit policy is to allow amendments, and not only once.

<u>CONCLUSION</u>

For all the foregoing reasons, the Motion to Dismiss should be denied; <u>or</u>, in the alternative, leave to amend should be granted.

March 16, 2015                           Respectfully submitted


                                         Albert M. Kun
                                         Attorney for the plaintiff

Opposition to Defendant's Motion to Dismiss First Amended   9
  Complaint and Memorandum of Points and Authorities          Case No. 3:14-CIV-04343 JST