NANCY E. PRITIKIN, Bar No. 102392
nepritikin@littler.com
KYLE K. MATARRESE, Bar No. 271689
kmatarrese@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY TUKAY, | Case No. 3:14-cv-04343-JST |
| Plaintiff, | **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| UNITED AIRLINES, INC. and DOES 1 to 20, inclusive, | **[FED. R. CIV. P. 12(b)(6)]** |
| Defendant. | DATE: April 23, 2015<br>TIME: 2:00 p.m.<br>DEPT: Courtroom 9, 19th Floor<br>JUDGE: Hon. Jon S. Tigar |
| | COMPLAINT FILED: August 4, 2014<br>TRIAL DATE: February 29, 2016 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111

Case No. 3:14-cv-04343-JST

## I. INTRODUCTION

Plaintiff's Opposition to United's Motion to Dismiss simply underscores the fatal nature of the defects contained in his claims for defamation and discrimination based on veteran status alleged in his First Amended Complaint (FAC). Despite being afforded the opportunity to amend the previous iteration of his Complaint in order to meet the required pleading standard for his defamation claim, his FAC still falls far short, as it is based entirely on statements that are time-barred under California's one-year statute of limitations for defamation actions and, moreover, are all privileged under California Civil Code Section 47. Plaintiff provides no legal authority in the Opposition that would permit this defective claim to proceed on principles of equitable tolling, and his argument that the statements are actionable because they are not privileged is equally specious as it is legally unsupportable and contrary to established law. Nor can Plaintiff cure these defects by alleging new facts in his Opposition to United's Motion to Dismiss the FAC ("Opposition")[1] as the face of the FAC controls the Rule 12(b)(6) inquiry.

Similarly, Plaintiff has failed to articulate facts sufficient to meet the pleading standard with regard to his cause of action for veteran status discrimination. In response to the authority cited by United that there is no private right of action under one of the statutes on which Plaintiff bases his claim, Plaintiff merely states that such a right of action exists without offering any authority to the contrary. Plaintiff also alleges no facts to establish any kind of causal connection between his military service and his termination. Plaintiff cannot cure these defects through further amendment and offers no reasonable explanation as to what amendment he would propose making. Accordingly, United's motion to dismiss these purported causes of action should be granted without leave to amend.

---

[1] Plaintiff's Opposition was due on March 19, 2015, but was not filed until March 23, only three days before the instant Reply brief was due. The Opposition makes no mention of this late filing, nor does it offer any explanation for its tardiness. United objects to the late filing and requests that the Court strike Plaintiff's Opposition in its entirety.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111

Case No. 3:14-cv-04343-JST

## II. ARGUMENT

### A. Plaintiff's Sixth Cause of Action for Defamation Must Be Dismissed Because It Is Time-Barred by California Code of Civil Procedure Section 340(c).

Plaintiff's Sixth Cause of Action for defamation purports to state a cause of action based on three statements allegedly made between late February and early April 2013. ECF Doc. No. 32 at ¶¶ 38-39, 42. Plaintiff's Opposition does not dispute that he did not file his Complaint until August 4, 2014,[2] more than one year after these alleged statements were made,[3] which is beyond the applicable one-year statute of limitation. Cal. Code Civ. Proc. § 340(c). Plaintiff's Opposition appears to argue, however, that the one-year statute of limitations applicable to defamation claims should be equitably tolled because (1) United identified witnesses in its Rule 26 Initial Disclosures who have information relevant to Plaintiff's defamation claim; (2) Plaintiff filed an administrative claim with the state Department of Fair Employment and Housing ("DFEH") and the federal Equal Employment Opportunity Commission ("EEOC") in August 2013; and (3) the criminal case against Plaintiff was not dismissed until April of 2014. Plaintiff's tolling argument is unavailing and not supported by any reported California or federal case.

First, the fact that United identified two individuals in its Initial Disclosures that may have information pertaining to Plaintiff's claim does not mean that, as Plaintiff claims, "their evidence is fresh in their minds, and the equitable estoppel should apply." ECF Doc. No. 36 at 3. Defendant is required by the Federal Rules to identify witnesses "likely to have discoverable information" to support its defenses. Fed. R. Civ. Proc. 26(a)(1)(A)(i). Such identification, however, does not equate with the individuals having evidence "fresh in their minds" such that the Court should ignore the statute of limitations and permit Plaintiff to delay filing a common law tort claim. Plaintiff's Opposition points to no authority that recognizes equitable tolling in that context.

---

[2] ECF Doc. No. 1 at p. 13.

[3] Plaintiff argues that one of the three statements on which his defamation claim is based (that Plaintiff was crazy and would "get a gun and start[] shooting"), is not time-barred because it was in fact made on April 13, 2014 and not on April 4, 2013 as stated in the FAC. Compare ECF Doc. No. 32 at ¶ 42 with ECF Doc. No. 36 at pp. 3-4. Plaintiff may not add new facts into his Opposition (or modify facts previously plead) in order to avoid the dismissal of his defamation claim. *See Schneider*, 151 F.3d at 1997; *Bernard*, 2012 U.S. Dist. Lexis 19791 at \*5; *Session*, 2011 U.S. Dist. Lexis 147487 at \*13-14. Accordingly, Plaintiff's argument on this point must be disregarded.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111     2.     Case No. 3:14-cv-04343-JST

Plaintiff's claim that his DFEH/EEOC charge should toll the statute of limitations for his defamation case is similarly without merit. The function of the DFEH (and its federal equivalent, the EEOC), is "to investigate, conciliate, and seek redress of claimed **discrimination**." *Commodore Home Sys., Inc. v. Superior Court,* 32 Cal. 3d 211, 212 (1982) (emphasis added), *citing* Cal. Gov. Code § 12930; *see also* 29 CFR § 1691.1 (purpose of the EEOC is to "process[] and resolv[e] complaints of employment discrimination"). As a matter of law, neither the DFEH nor the EEOC have jurisdiction over claims of defamation. *See generally* Cal. Gov. Code § 12930; 29 CFR § 1691.1. Plaintiff's claim—asserted for the first time in his Opposition[4]—that he filed a claim with the DFEH/EEOC based on the allegedly defamatory statements is therefore simply untenable. Moreover, even if he did file such a claim, the statute of limitations for a defamation claim cannot be tolled by filing an administrative claim for a violation of the FEHA (or Title VII) with an agency that has no jurisdiction over defamation claims. *See Walker v. Boeing Corp.*, 218 F.2d 1177, 1185-86 (C.D. Cal. 2002) (rejecting argument that the statutes of limitations on plaintiff's tort claims were tolled by his pursuit of administrative remedies); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). In *Walker*, the plaintiff filed several claims against his former employer that included defamation, among others, all of which were filed outside of the applicable statute of limitations. The Central District held that the plaintiff's defamation claim was not equitably tolled by his pursuit of administrative remedies in connection with a claim for wrongful termination within

---

[4] Plaintiff is prohibited from adding new allegations or factual assertions in his Opposition in order to avoid dismissal of his defamation claim. In deciding whether to dismiss a complaint, "a court *may not* look beyond the complaint to a Plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. . . . The focus of a Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint." *Schneider v. Cal. Dept. of Corrections,* 151 F.3d 1194, 1997 (9th Cir. 1998) (emphasis in original), *overruled in unrelated part by Francis v. California*, 2004 U.S. Dist. Lexis 16816 (N.D. Cal. Aug. 10, 2004); *see also Bernard v. Donat,* 2012 U.S. Dist. Lexis 19791, *5 (N.D. Cal. Feb. 6, 2012) (same); *Session v. PLM Lender Servs., Inc.,* 2011 U.S. Dist. Lexis 147487, *13-14 (N.D. Cal. Dec. 22, 2011) ("Plaintiff's attempt to supplement the facts in her complaint with her opposition brief is not allowed. A plaintiff cannot avoid dismissal of her complaint by alleging new facts in opposition to a motion to dismiss."). Plaintiff nowhere alleges in the FAC that he filed a complaint with either the EEOC or the DFEH in connection with his termination. *See generally* ECF Doc. No. 32. Rather, in the FAC, Plaintiff argues that equitable tolling should apply to his defamation claim because of the criminal charges that were pending against him until April of 2014. *Id*. at ¶¶ 41-42.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111

3.

Case No. 3:14-cv-04343-JST

the statutory time period because the plaintiff "failed to establish that the facts of the two claims [were] sufficiently similar" to provide his employer with timely notice of the defamation (and other) claims and failed to show that there was no resulting prejudice to the employer as a result of the delay. *Id*. The *Walker* case is exactly on point here, as Plaintiff filed an administrative claim related to discrimination that he now claims should toll a defamation claim. However, Plaintiff has failed to meet the standard required by *Walker*, as he has not plead facts to demonstrate that the discrimination charge he filed with the EEOC was sufficiently similar to his defamation claim to put United on notice of his intent to file the latter claim.

Plaintiff has also failed to allege any facts that would support a finding that equitable tolling applies for any other reason to "save" his defamation claim. Established law requires that he take affirmative action to pursue his legal remedies *for that claim* (as opposed to his FEHA and/or Title VII claims). *See Daviton*, 241 F.3d 1131 (because plaintiffs' administrative complaint and judicial action asserted violations of the same statute and were "based on essentially the same set of facts," civil statute of limitations was equitably tolled); *Elkins v. Derby,* 12 Cal. 3d 410, 413-14 (1974) (where the plaintiff filed a workers' compensation claim within the statute of limitations, and his later lawsuit was based on the same injury and the same facts, equitable tolling applied); *Myers v. County of Orange*, 6 Cal. App. 3d 626, 631-32, 634 (1970) (plaintiff's claims were not barred by statute of limitations because plaintiff filed numerous administrative claims, plus a petition for writ of mandate, before initiating a lawsuit based on the same issues). In this case, Plaintiff does not allege that he took any action to pursue his legal remedies for defamation against United. Without such facts, Plaintiff cannot establish that the statute of limitations should be equitably tolled.

Plaintiff's argument that the criminal charges against him for vandalism somehow serve to toll the one-year statute of limitations for his defamation claim is equally specious. The criminal case against Plaintiff was an entirely separate proceeding from the instant action, and the San Mateo District Attorney's investigation of Plaintiff in the former has no effect on the statute of limitations that applies to the latter. Plaintiff cites no authority in his Opposition to support his argument that the statute of limitations for his claim should have been tolled by the criminal investigation, and indeed none exists. To the contrary, the California Legislature has found it

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111

4.

Case No. 3:14-cv-04343-JST

appropriate in only a few specific circumstances to toll the statute of limitations for a civil claim while criminal charges are pending. *See, e.g.*, *Cuadra v. City of South San Francisco*, 2009 U.S. Dist. Lexis 21625 (N.D. Cal. Mar. 5, 2009) (finding that because Gov. Code § 945.3 did not apply, the plaintiff's civil claims against police officers were not equitably tolled by criminal charges); *Satz v. Superior Court,* 225 Cal. App. 3d 1525 (1990) (finding that Civil Code § 48.7 did not apply and plaintiff's defamation claim was not equitably tolled by criminal child abuse proceedings).[5] Those limited factual circumstance are not before this Court here. Neither of these statutes applies to this case to toll the statute of limitations on Plaintiff's defamation claim.

Plaintiff has not stated sufficient facts in the FAC to demonstrate that equitable tolling should apply in this case, nor does he cite to any authority which would support this argument. Accordingly, Plaintiff's defamation claim against United is time-barred.

**B. Even If Plaintiff's Claim Were Not Time-Barred, Plaintiff Still Fails To State Facts Sufficient To Establish His Defamation Claim.**

Even assuming, for purposes of argument, that the Court were to accept Plaintiff's legally unsupported contention that Plaintiff's defamation claim is not time-barred, his Sixth Cause of Action must still be dismissed because each of the statements about which he complains is privileged, and therefore cannot serve as a basis for a defamation claim. In his Opposition, Plaintiff argues that the statements are not absolutely privileged under Section 47(b)—despite conceding that two of them were made to a police officer investigating a possible crime—because the individuals who allegedly made the statements were not motivated by the interests of justice and the statements were not made in a public proceeding, but rather in a private grievance meeting.[6] First, again, this is another factual allegation not present in the FAC on which Plaintiff may not rely to avoid the dismissal of his defamation claim. *See Schneider,* 151 F.3d at 1997; *Bernard,* 2012 U.S. Dist. Lexis 19791 at *5; *Session,* 2011 U.S. Dist. Lexis 147487 at *13-14. Moreover, the established case law

---

[5] Government Code Section 945.3 states that an individual charged with a crime is barred from filing a civil claim against a police officer based on the officer's conduct in connection with that crime until the charges have been adjudicated. Civil Code Section 48.7 prohibits an individual charged with child abuse from bringing a defamation action against the minor at issue, the minor's parents, and any witnesses while the abuse charges are pending.
[6] ECF Doc. No. 36 at pp. 4-6.

cited by United in its Motion to Dismiss holds to the contrary. *Hagberg v. Cal. Fed. Bank FSB,* 32 Cal. 4th 350, 364 (2004) ("the overwhelming majority of cases conclude that when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication . . . enjoys an unqualified privilege."); *see also Wise v. Thrifty Payless, Inc.*, 83 Cal. App. 4th 1296, 1303 (2000); *Williams v. Taylor*, 129 Cal. App. 3d 745, 753 (1982).

With regard to the allegation that one of United's employees said "to an investigator" that Plaintiff was crazy and would "get a gun and start[] shooting"[7], Plaintiff now claims that that the absolute privilege of Civil Code Section 47(b) does not apply because the statement was "not made to a 'real' police officer, but to a private security officer employed by the company." ECF Doc. No. 36 at p. 4. Even if Plaintiff were permitted to add this factual information to the FAC to save his claim—which, as provided above, he is not—any such statements would be entitled to qualified protection under Civil Code Section 47(c). That section provides that the following is privileged:

> a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

Cal. Civ. Code § 47(c). Because of the requirement that such statements be made without malice, the privilege is a qualified one. *Greenfield v. Am. West Airlines, Inc.,* 2005 U.S. Dist. Lexis 48033, *53-54 (N.D. Cal. Mar. 31, 2005). This means that statements protected by Section 47(c) are not actionable, such as in a claim for defamation, in the absence of actual malice. *Id*. at *55-56. This Court has held that the privilege "applies when the communicator and the recipient have a common interest and the communication is used to further that interest." *Id*. at *53-54.

In this case, a statement made by a United employee to a United security officer pertaining to whether another employee is likely to "start shooting" is clearly entitled to the qualified privilege of Section 47(c). Both the communicator and the recipient have the common interest of protecting the safety of United employees (as well as other individuals at the SFO location where

---

[7] ECF Doc. No. 32 at ¶ 42.

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111                     6.                     Case No. 3:14-cv-04343-JST

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Plaintiff worked), and the alleged statement would further that interest. In addition, to the extent that Plaintiff alleges that the statement was made in the context of United's investigation into Plaintiff's conduct, this would also come under the purview of subsection (3) of Section 47(c), as the statement was presumably made in response to a request for information from the investigating security officer. Thus, the statement is privileged under Section 47(c).

Because the statement is entitled to qualified protection under Section 47(c), in order to avoid dismissal of his defamation claim, Plaintiff must allege that the statement was made with actual malice. Cal. Civ. Code § 47(c); *Greenfield,* 2005 U.S. Dist. Lexis 48033 at *53-54. He has failed to do so, and his claim must be dismissed.

    **C.    Plaintiff's Veteran Status Discrimination Cause Of Action Must Be Dismissed Because It Fails To State A Claim Upon Which Relief May Be Granted.**

In his Opposition, Plaintiff argues that he should be allowed to proceed with his Eighth Cause of Action for discrimination on the basis of veteran status because Section 4212 provides for a private right of action because United's authorities are inapplicable and the Ninth Circuit has not yet addressed this question. Plaintiff's argument is legally unsupported and contrary to established law.

As a threshold matter, Plaintiff is incorrect that the only Ninth Circuit case on which United relied in its Motion to Dismiss is unpublished. The case, *Daniels v. Chertoff*, 2007 WL 1140401, *5 (D. Ariz. Apr. 17, 2007), is a published case out of the District of Arizona. In that case, the court held that "the case law is clear that there is no private right of action under 38 U.S.C. §§ 4212 or 4214." *Id*. As the Ninth Circuit has not yet ruled on this issue, United's citing to the holdings of other circuits as well as to administrative guidance on this issue was for the purpose of providing persuasive authority to the Court. These persuasive authorities included cases from the Sixth (*Harris v. Adams,* 873 F.2d 929, 931-32 (1989)); Seventh (*Wikberg v. Reich*, 21 F.3d 188, 189 (1994), *reh'g denied*); and Tenth Circuits (*Suazo v. Regents of the University of California*, 149 F.3d 1191 (1998)), as well as the Department of Labor's OFCCP Notices, "Proposed Extension of the Approval of Information Collection Requirements," Fed. Reg. Vol. 79, No. 24 (Feb. 5, 2014) ("No private right of action exists under the three programs that are enforced by the United States

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111

7.

Case No. 3:14-cv-04343-JST

Department of Labor [including 38 U.S.C. § 4212].")[8]  Plaintiff has provided no authority to the contrary to support his claim that such a private right of action exists, and he cannot state a claim under Section 4212.

Plaintiff has also failed to allege sufficient facts to state a claim under 38 U.S.C. Sections 4301 and 4311, the other two statutes on which he relies to support his Eighth Cause of Action.  In order to succeed on a claim under these sections, a plaintiff must prove that his or her military service was a motivating factor in the employer's decision to take the adverse employment action.  38 U.S.C. § 4311(c)(1); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 899-900 (9th Cir. 2002). In this case, while Plaintiff did allege in the FAC that he is a veteran and was terminated, he failed to allege any facts which would tend to establish that Plaintiff's termination *was the result of*, or *motivated by*, his military service.  *See* ECF Doc. No. 32 at ¶¶ 50-53.  His argument in the Opposition that USERRA is intended to protect veterans and prohibits discrimination and retaliation on the basis of military service does not change this simple fact.  To the contrary, Plaintiff states in the Opposition that "the gravamen of Section 4311 is to prohibit adverse employment action in retaliation for exercising military leave rights." ECF Doc. No. 36 at p. 9.  However, nowhere in the FAC is there any allegation that Plaintiff exercised, or attempted to exercise, his military leave rights.  Plaintiff concludes his argument by stating merely that the proof of his allegations "will be disclosed at trial." *Id*.  This is insufficient, under the standard established by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) to survive a motion to dismiss under Rule 12(b)(6).  Plaintiff has failed to state facts sufficient to demonstrate that his termination was due to his military service.  Accordingly, his Eighth Cause of Action must be dismissed.

D. **Leave To Amend Should Be Denied.**

The Court should not grant Plaintiff leave to amend his FAC for the second time, as such an amendment would be futile.  "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in

---

[8] *Accessible at* https://webapps.dol.gov/federalregister/HtmlDisplay.aspx?DocId=27338&AgencyId=11, *last accessed* March 25, 2015.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111            8.            Case No. 3:14-cv-04343-JST

futility . . . or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (court may deny leave to amend where an amendment is futile); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538, 542 (9th Cir. 1989) (affirming trial court's denial of leave to file a third amended complaint when claims sought to be added "[w]ere defective, and would have been subject to dismissal.").

In this case, contrary to Plaintiff's claim, he has already once been provided with the opportunity to amend his Complaint to state a claim for defamation, and he has again failed. Granting him leave to amend a second time would be futile because Plaintiff cannot cure the defects in his FAC, as he cannot change that the allegedly defamatory statements are time-barred and privileged under Civil Code Section 47. Similarly, Plaintiff cannot create a private right of action under 38 U.S.C. Section 4212 or create facts to establish a causal connection between his military service and his termination where one does not exist. Therefore, Plaintiff's Sixth and Eighth claims should be dismissed without leave to amend.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Sixth and Eighth Causes of Action from his FAC without leave to amend and with prejudice.

Dated: March 26, 2015              Respectfully submitted,

/s/ *Nancy E. Pritikin*
NANCY E. PRITIKIN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED AIRLINES, INC.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY BRIEF ISO DEF'S MOTION TO DISMISS FAC
FIRMWIDE:132493296.5 052664.1111

9.

Case No. 3:14-cv-04343-JST