1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11

HENRY TUKAY,

        Plaintiff,

    v.

UNITED AIRLINES, INC.,

        Defendant.

Case No. 14-cv-04343-JST

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: ECF No. 32

12
13

Before the Court is defendant United Airlines' motion to dismiss two causes of action from plaintiff Henry Tukay's First Amended Complaint ("FAC"). ECF No. 35.

14

**I.    Background**

15

    **A.    Factual Background[1]**

16
17
18
19

For more than twenty-three years, Tukay worked as a mechanic for United at its Oakland and San Francisco maintenance base. ECF No. 32 at 1. Tukay is 57 year-old Filipino male who is disabled. Id. at 2. Tukay suffers from Hypertension, Lumber Intervert Disc Displacement, and Lumber Spinal Stenosis, and has also been diagnosed with a Diabetic condition. Id.

20
21
22
23
24
25

United terminated Tukay's employment on March 14, 2013 after he was accused of vandalizing another employee's car in the workplace parking lot. Id. Tukay alleges that United had "no reasonable suspicion or probable cause to report plaintiff to the police, and in fact the San Mateo District Attorney subsequently dismissed all charges against plaintiff." Id. Tukay also alleges that employees of different races were not terminated for "similar misconduct," but that "other employees of Filipino descent were terminated." Id.

26
27
28

---

[1] For the purposes of this order, the Court accepts as true all of the well-pled factual allegations contained in Plaintiff's First Amended Complaint ("FAC"). ECF No. 32.

United States District Court
Northern District of California

**B.     Procedural History**

On August 4, 2014, Tukay filed suit in the Superior Court of the County of San Mateo. ECF No. 1, Ex. A.  In his complaint, Tukay alleged claims for discrimination based on age and disability, retaliation, wrongful termination in violation of public policy, violation of California Labor Code §§ 201 and 203, and defamation.  Id.  United[2] removed the action to federal court, id., and later filed a motion to dismiss, ECF No. 8.  Tukay did not oppose the motion, but filed a motion to remand to state court.  ECF No. 16.  In an order granting in part and denying in part United's motion to dismiss, this Court: (1) determined it has diversity jurisdiction over the present case; (2) dismissed defendant United Continental Holdings, Inc. from the suit; (3) granted the motion without prejudice with respect to Tukay's disability discrimination, retaliation, and defamation claims; and (4) denied the motion with respect to Tukay's claims for age discrimination, wrongful termination in violation of public policy, and violation of the California Labor Code.  ECF No. 21.  Tukay filed a motion to amend the complaint, ECF No. 23, which the Court granted.  ECF No. 31.

On February 15, 2015, Tukay filed his First Amendment Complaint ("FAC"), renewing all his previous claims and alleging new claims for discrimination based on race and veteran status. ECF No. 32 at 32.  United subsequently filed a motion to dismiss Plaintiff's defamation and veteran discrimination claims, ECF No. 35,[3] which the Court now considers.

## II.     Jurisdiction

The Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction over Tukay's disability discrimination claim pursuant to 28 U.S.C. § 1331 and veteran status discrimination claim pursuant to 38 U.S.C. § 4323(b).

## III.    Motion to Dismiss

**A.     Legal Standard**

On a motion to dismiss, the Court accepts the material facts alleged in the complaint,

---

[2] United Continental Holdings, Inc. was originally also a defendant, but the Court uses the shorthand "United" for ease of reference to refer alternately to both United entities and to United Airlines, Inc.
[3] United has not moved to dismiss Tukay's renewed racial discrimination, disability discrimination, or retaliation claims.

United States District Court
Northern District of California

together with all reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 687.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In the Ninth Circuit, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).  Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible."  Starr, 652 F.3d at 1216 (original emphasis).

### B.    Defamation

In his amended complaint, Tukay renews his defamation claim, which this Court previously dismissed without prejudice.  ECF No. 21 at 10.  Under California law, a claim for defamation must be commenced within one year of the alleged defamatory act.  Cal. Code. Civ. Pro. § 340(c).  The defamatory statements pled by Tukay—United's accusations that Tukay had vandalized property—were made "on or about the time of termination of plaintiff's employment [March 14, 2013]."  ECF No. 32 at 7.  Tukay filed his initial complaint in this litigation in state court on August 4, 2014, approximately 16 months after the allegedly defamatory statements.  ECF No. 1.  Therefore, the Court previously held that Tukay's defamation claim was likely barred by the statute of limitations.

Tukay states in his FAC that the Court should apply the doctrine of "equitable tolling" to his defamation claim.  Although typically a defendant bears the burden of demonstrating all of the essential elements of a defense, under California law, where "a plaintiff contends that the statute of limitations is not a bar based on equitable tolling, the plaintiff bears the burden of proving the applicability of such." Fanucci v. Allstate Ins. Co., 638 F. Supp. 2d 1125, 1136-37 (N.D. Cal. 2009) (collecting cases).  The California Supreme Court has held that, in order to demonstrate that equitable tolling is merited in cases where a plaintiff pursued an alternate, non-mandatory remedy, a plaintiff must establish "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137-38 (9th Cir.2001).

To satisfy the requirement of lack of prejudice to the defendant, "the facts of the two claims should be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." Id. at 1138.  Tukay alleged in his original complaint that "he filed a complaint with EEOC regarding his termination on August 6, 2013." ECF No. 1, Ex. A.  Tukay's FAC does not reference a 2013 EEOC complaint.  It is unclear from the FAC what claims Tukay filed with the EEOC and whether those claims would have given United notice of Tukay's defamation claim.[4]  Therefore, Tukay has not met his burden of showing a lack of prejudice to United.

Tukay has also not alleged sufficient facts to establish good faith and reasonable conduct in filing the defamation claim in state court.  He argues that the statute of limitations on his

---

[4]  In his opposition, Tukay alleges for the first time that the complaint filed with the EEOC regarded "the allegation of vandalism made against plaintiff made in December 2012, defamatory statements made in February 2013 by this same United employee, and the latest one made on April 13, 2014." ECF No. 36 at 3.  United argues that Tukay is prohibited from adding new allegations or factual assertions in his Opposition in order to avoid dismissal of his defamation claim. ECF No. 37 fn. 4.  The Court agrees and declines to take notice of Tukay's newly alleged fact.  See Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").  Because Tukay states facts in his opposition bearing on the question of equitable tolling, the Court will dismiss the defamation claims with leave to amend one final time.

4

1    defamation claims should not have begun to run until April 28, 2014, the date on which the

2    criminal vandalism complaint against him was dismissed.  ECF No. 36 at 3.  Tukay cites no

3    authority for the assertion that a defamation claim should be equitably tolled under these

4    circumstances because "defendant's action interfered with and contributed to plaintiff's delay in

5    filing suit."  ECF No. 32 at 8.  Therefore, Tukay has not alleged sufficient facts showing "good

6    faith and reasonable conduct" to convince the Court that equitable tolling is appropriate.  Daviton,

7    241 F.3d at 1137-38.

8          Because Tukay has failed to show the doctrine of equitable tolling applies to his claim, the

9    Court grants United's motion to dismiss his defamation claim.  Tukay requests that the Court grant

10   leave to amend the complaint.  United argues that leave to amend should not be granted as, even if

11   Tukay's defamation claim were to be equitably tolled, the alleged communication is privileged

12   under California Civil Code Section 47.  United notes that pursuant to Section 47, courts generally

13   "conclude that when a citizen contacts law enforcement personnel to report suspected criminal

14   activity and to instigate law enforcement personnel to respond, the communication . . .  enjoys an

15   unqualified privilege."  ECF No. 35 at 6 (quoting Hagberg v. Cal. Fed. Bank FSB, 32 Cal. 4th

16   350, 364 (2004)).

17         The FAC describes three allegedly-defamatory statements: 1) a vandalism complaint filed

18   with the San Mateo County District Attorney's Office against Tukay; 2) a statement made by

19   Sahebjami on April 4, 2013 to an investigator named Mr. O'Brien designating Tukay as a

20   "crazy . . . guy who gets a gun and starts shooting"; and 3) a statement made to San Francisco

21   Police Officer V. Bertolozzi on February 26, 2013 that Tukay was a "long-time disgruntled

22   employee."  Tukay offers no substantive response to United's assertion of privilege as to the first

23   or third statements, and the Court concludes that amendment concerning these statements would

24   be futile.  The complaint indicates that both statements were made "to report suspected criminal

25   activity and to instigate law enforcement personnel to respond" and therefore are protected by

26   absolute privilege.  Hagberg, 32 Cal. 4th at 364.  The Court will dismiss the defamation claims

27   relating to these statements with prejudice.

28         As to the second statement, Tukay responds that "statements made by defendant's

United States District Court
Northern District of California

5

1    employee (Ahmad Sahebjami) on April 13, 2014 were not made to a 'real' police officer, but to a

2    private security officer employed by a company."  ECF No. 36 at 4.  From the face of the FAC,

3    however, the Court cannot discern whether Mr. O'Brien, to whom the second statement was made,

4    was law enforcement personnel or a private individual.  The FAC also does not include any

5    statement made on April 13, 2014; the only alleged statement attributed to Sahebjami was made

6    on April 4, 2013.  The Court will accordingly grant Tukay leave to amend his defamation claim

7    relating only to the statement made by Sahebjami to O'Brien on April 4, 2013.[5]  Tukay should add

8    to any amended complaint the facts stated in the opposition indicating that Mr. O'Brien was not a

9    law enforcement officer.  Should Tukay wish to amend his complaint regarding this statement, he

10   must also allege sufficient facts to demonstrate that the doctrine of equitable tolling applies to his

11   claim, as the April 4, 2013 statement was made greater than a year prior to the institution of the

12   state court proceedings on August 4, 2014.

### C.    Veteran Status Discrimination

14        Tukay pleads in his amended complaint a new claim for employment discrimination on the

15   basis of veteran status.  Tukay alleges that such discrimination violated the Vietnam Era Veterans'

16   Readjustment Assistant Act ("VEVRA"), 38 U.S.C. § 4212, and under the Uniform Services

17   Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301-4333.  ECF

18   No. 32 at 10 (citing specifically 38 U.S.C. §§ 4212, 4301, 4311).  United asserts that Tukay's

19   cause of action must be dismissed because there is no private right of action under VEVRA and

20   Tukay has failed to plead sufficient facts to state a claim under USERRA.

21        The Ninth Circuit has not addressed the issue of whether a private right of action exists

22   under VEVRA.  As United notes, many other courts that have addressed the issue have found the

23   statute does not create a private right of action.  See Suazo v. Regents of Univ. Of California, 149

24   F.3d 1191 (10th Cir. 1998); Antol v. Perry, 82 F.3d 1291, 1296-98 (3d Cir. 1996); Harris v.

United States District Court
Northern District of California

---

[5] There is some suggestion in Tukay's opposition that the actual date on which the statement was made was other than April 4, 2013.  ECF No. 36 at 3-4.  If Tukay amends his complaint in response to this order, he has leave to allege the actual date.  See, e.g., Adamski-Thorpe v. Stevens Mem'l Hosp., No. C09-1302, 2010 WL 5018141, at *7 (W.D. Wash. Dec. 3, 2010) (granting leave to amend to correct typographical errors where there was no prejudice to the defendant).

1   Adams, 873 F.2d 929, 931-32 (6th Cir. 1989); Barron v. Nightingale Roofing, 842 F.2d 20 (1st

2   Cir. 1988); Daniels v. Chertoff, No. CV 06-2891 PHXJAT, 2007 WL 1140401, at *5 (D. Ariz.

3   Apr. 17, 2007).  "[V]eterans who believe themselves to be victims of discrimination may complain

4   to the Secretary of Labor, who enforces the VRA administratively."  Harris, 873 F.2d at 931

5   (citing 38 U.S.C. § 2012(b)).

6       Plaintiff urges that these cases are not binding on this Court, but provides no contrary

7   authority or any argument in support of the proposition that VEVRA should be found to create a

8   private cause of action.  ECF No. 36 at 7-8.  In the absence of any support for the contrary

9   proposition, this Court will follow the overwhelming persuasive authority that has held that there

10  is no private right of action under VEVRA.  Therefore, Plaintiff cannot bring a claim for

11  discrimination based on veteran status under that statute.

12      USERRA, which prohibits employment discrimination on the basis of military service,

13  does provide a private right of action for enforcement of rights under the Act.  See 38 U.S.C.

14  § 4323.  A violation of the statute occurs when a person's membership, application for

15  membership, service, application for service, or obligation for service in the uniformed services is

16  a *motivating factor* in the employer's action."  38 U.S.C. § 4311(c)(1) (emphasis added); see

17  Leisek v. Brightwood Corp., 278 F.3d 895, 899-900 (9th Cir. 2002).  Here, Tukay alleges only

18  that he "was a veteran of the United States, having served honorably in the U.S. Navy from 1980

19  to 1989" and that "in dismissing plaintiff, defendant failed to advance plaintiff's interest as a

20  veteran as required by the statutes."  ECF No. 32 at 11.  Although Tukay contends he has

21  "sufficiently alleged an adverse employment action in the instant case and as a veteran subjected

22  to discriminatory conduct and disparate treatment [sic]," ECF No. 36 at 9, he has not pled any

23  facts suggesting that his veteran status was a motivating factor in his termination.  Therefore, he

24  has not pled a plausible claim for discrimination based on veteran status.  C.f. Kirbyson v. Tesoro

25  Ref. & Mktg. Co., No. 09-3990 SC, 2010 WL 2382395, at *2 (N.D. Cal. June 10, 2010) (finding

26  plaintiff's allegation that defendant accommodated eight disabled employees who were not

27  members of the military, but refused to accommodate plaintiff who was a veteran sufficiently pled

28  causation).  Therefore, the Court will grant United's motion to dismiss Tukay's veteran

United States District Court
Northern District of California

7

1 | discrimination claims.

2 | **IV.    CONCLUSION**

3 |      The Court grants United's motion to dismiss Tukay's claims for defamation and veteran

4 | discrimination without prejudice.

5 |      Tukay may file an amended complaint within thirty days from the date of this order.  If no

6 | amended complaint is filed, the Court will deem that Tukay is proceeding only on the claims that

7 | survived this motion to dismiss.  Plaintiff is reminded that he may not add new claims to an

8 | amended complaint without first obtaining leave of court.

9 |      IT IS SO ORDERED.

10 | Dated:  June 10, 2015

11 | 

12 |                JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

8