UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY TUKAY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Case No. 14-cv-04343-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 42 |

    Before the Court is defendant United Airlines' ("United") motion to dismiss two causes of action from plaintiff Henry Tukay's Second Amended Complaint ("SAC"). ECF No. 42.

**I.    BACKGROUND**

    **A.    Factual Background**[1]

    For more than twenty-three years, Tukay worked as a mechanic for United at its San Francisco maintenance base. ECF No. 42 at 1. Tukay is a 57 year-old Filipino male who is disabled. Id. at 1–2. Tukay suffers from Hypertension, Lumber Intervert Disc Displacement, and Lumber Spinal Stenosis, and has also been diagnosed with a Diabetic condition. Id. at 2.

    United terminated Tukay's employment on March 14, 2013 after he was accused of vandalizing another employee's car in the workplace parking lot. Id. Tukay alleges that United had "no reasonable suspicion or probable cause to report plaintiff to the police, and in fact the San Mateo District Attorney subsequently dismissed all charges against plaintiff." Id. Tukay also alleges that employees of different races were not terminated for "similar misconduct," but that "other employees of Filipino descent were so terminated." Id.

---

[1] For the purposes of this order, the Court accepts as true all of the well-pled factual allegations contained in Tukay's Second Amended Complaint ("SAC"). ECF No. 41.

### B. Procedural History

On August 4, 2014, Tukay filed suit in the Superior Court of the County of San Mateo. ECF No. 1, Ex. A. In his complaint, Tukay alleged claims for discrimination based on age and disability, retaliation, wrongful termination in violation of public policy, violation of California Labor Code §§ 201 and 203, and defamation. Id. United[2] removed the action to federal court, id., and later filed a motion to dismiss, ECF No. 8. Tukay did not oppose the motion, but filed a motion to remand to state court. ECF No. 16. In an order granting in part and denying in part United's motion to dismiss, the Court: (1) determined it has diversity jurisdiction over the present case; (2) dismissed defendant United Continental Holdings, Inc. from the suit; (3) granted the motion to dismiss without prejudice with respect to Tukay's disability discrimination, retaliation, and defamation claims; and (4) denied the motion to dismiss with respect to Tukay's claims for age discrimination, wrongful termination in violation of public policy, and violation of the California Labor Code. ECF No. 21. Tukay filed a motion to amend the complaint, ECF No. 23, which motion the Court granted. ECF No. 31.

On February 17, 2015, Tukay filed his First Amended Complaint ("FAC"), renewing all his previous claims and alleging new claims for discrimination based on race and veteran status. ECF No. 32 at 8–11. United subsequently filed a motion to dismiss Tukay's defamation and veteran discrimination claims. ECF No. 35.[3] On June 10, 2015, the Court granted United's motion to dismiss with respect to both claims without prejudice. ECF No. 40 at 8.

On July 10, 2015, Tukay filed his Second Amended Complaint ("SAC"), renewing all of his previous claims. ECF No. 41. Once again, United filed a motion to dismiss Tukay's defamation and veteran discrimination claims, ECF No. 42,[4] which motion the Court now considers.

---

[2] United Continental Holdings, Inc. was originally also a defendant, but the Court uses the shorthand "United" for ease of reference to refer alternately to both United entities and to United Airlines, Inc.
[3] United did not move to dismiss Tukay's newly added racial discrimination claim, nor did United move to dismiss Tukay's renewed disability discrimination or retaliation claims, which claims this Court previously dismissed with leave to amend. ECF No. 21.
[4] United has not moved to dismiss Tukay's six other remaining claims. ECF No. 42.

## II.     JURISDICTION

The Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction over Tukay's disability discrimination claim pursuant to 28 U.S.C. § 1331 and veteran status discrimination claim pursuant to 38 U.S.C. § 4323(b).

## III.    MOTION TO DISMISS

### A.     Legal Standard

On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 687.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In the Ninth Circuit, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." Starr, 652 F.3d at 1216 (emphasis in original).

### B.     Defamation

In the Court's previous order granting United's motion to dismiss the FAC's defamation claim, the Court considered three allegedly-defamatory statements described in the FAC: (1) a

3

vandalism complaint filed with the San Mateo County District Attorney's Office against Tukay; (2) a statement made by Mr. Sahebjami on April 4, 2013 to an investigator named Mr. O'Brien designating Tukay as a "crazy . . . guy who gets a gun and starts shooting"; and (3) a statement made to San Francisco Police Officer V. Bertolozzi on February 26, 2013 that Tukay was a "long-time disgruntled employee." ECF No. 40 at 5. The Court dismissed with prejudice Tukay's defamation claims relating to the first and third statements, finding that those statements were protected by absolute privilege as they were made "to report suspected criminal activity and to instigate law enforcement personnel to respond." Id. (quoting Hagberg v. Cal. Fed. Bank FSB, 32 Cal. 4th 350, 364 (2004)). As to the second statement, the Court granted Tukay "leave to amend his defamation claim relating only to the statement made by Sahebjami to O'Brien," noting that "Tukay should add to any amended complaint the facts stated in the opposition indicating that Mr. O'Brien was not a law enforcement officer." Id. at 6.

Rather than pleading such facts, the SAC dispenses with any allegations related to the second statement altogether.[5] ECF No. 41 at 7–9. Instead, the SAC includes facts related only to the first allegedly-defamatory statement, namely the vandalism complaint filed with the San Mateo County District Attorney's Office against Tukay. ECF No. 41 at 8. Because this Court previously held that this statement was protected by absolute privilege and granted United's motion to dismiss Tukay's defamation claim regarding this statement without leave to amend, this Court will not reconsider the dismissal of Tukay's defamation claim based on the first statement. Even if the Court were inclined to do so, Tukay's Opposition brief offers no argument as to why the first statement should not be found to be protected by absolute privilege. Accordingly, the Court grants United's motion to dismiss Tukay's defamation claim.

Further, the Court continues to find that Tukay's defamation claim is barred by California's one year statute of limitations for defamation claims, Cal. Code Civ. Pro. § 340(c), because Tukay has not sufficiently alleged that his defamation claim should be equitably tolled. The California Supreme Court has held that, in order to demonstrate that equitable tolling is

---

[5] The SAC also dispenses with any allegations related to the third statement. ECF No. 41 at 7–9.

4

United States District Court
Northern District of California

appropriate in cases where a plaintiff pursued an alternate, non-mandatory remedy, a plaintiff must establish "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137-38 (9th Cir.2001). "To satisfy the second requirement the facts of the two claims [should] be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." Id. at 1138 (internal quotation marks omitted) (alteration in original).

In the Court's previous order dismissing Tukay's defamation claim, the Court found that "Tukay has not met his burden of showing [the] lack of prejudice to United" required to apply the doctrine of equitable tolling. ECF No. 40 at 4. In particular, the Court noted that "[i]t is unclear from the FAC what claims Tukay filed with the EEOC and whether those claims would have given United notice of Tukay's defamation claim." Id. Similarly, the SAC does not include sufficient facts from which the Court can conclude that the EEOC complaint gave United notice of Tukay's potential defamation claim. ECF No. 41 at 7-9. The SAC alleges that "[p]laintiff filed a complaint with the EEOC in February 2013 . . . in which the same allegation of vandalism by the same United employee was made against the plaintiff." ECF No. 41 at 8. However, it is unclear from the SAC whether Tukay's EEOC complaint would have put United on notice that it may be sued for defamation regarding the SAC's sole remaining allegedly-defamatory statement, namely the vandalism complaint filed with the San Mateo County District Attorney's Office. Accordingly, the Court finds that equitable tolling is not appropriate and grants United's motion to dismiss Tukay's defamation claim on the additional ground that it is time-barred.

### C. Veteran Status Discrimination

As with the FAC, the SAC includes a claim for employment discrimination on the basis of veteran status in violation of the Vietnam Era Veterans' Readjustment Assistant Act ("VEVRA"), 38 U.S.C. § 4212, and the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301-4333. ECF No. 41 at 11–12 (citing specifically 38 U.S.C. §§ 4212, 4301, 4311). This Court previously dismissed Tukay's VEVRA claim, finding that there is

1   no private right of action under VEVRA. ECF No. 40 at 7. The Court also dismissed Tukay's

2   USERRA claim, finding that "he has not pled any facts suggesting that his veteran status was a

3   motivating factor in his termination," as required by 38 U.S.C. § 4311(c)(1). ECF No. 40 at 7.

4       Regarding his VEVRA claim, Tukay now argues that a Ninth Circuit decision published

5   after the Court's prior order dismissing the FAC's VEVRA claim "allows the plaintiff a private

6   cause of action." ECF No. 43 (citing Veterans of Am. v. CIA, No. 13-17430, 14-15108 (9th Cir.

7   June 30, 2015)). However, Veterans of Am. did not involve a claim arising under VEVRA, let

8   alone hold that the statute provided a private cause of action. Rather, plaintiffs in that case

9   brought suit under section 706(1) of the Administrative Procedure Act, claiming, in part, that the

10  Army had "unlawfully failed to notify test subjects of new medical and scientific information

11  relating to their health as it becomes available." Id. at 1124. Veterans of Am. simply has no

12  bearing on the Court's prior holding that "there is no private right of action under VEVRA." ECF

13  No. 40 at 7. Therefore, the Court will grant United's motion to dismiss Tukay's VEVRA claim

14  for the same reasons stated in the Court's previous order. Id.

15      Regarding his USERRA claim, Tukay's Opposition brief offers no argument why the

16  Court should reconsider its previous ruling. The SAC includes no additional facts related to this

17  claim, let alone facts suggesting that Tukay's veteran status was a motivating factor in his

18  termination. ECF No. 41 at 10–12. Accordingly, the Court will grant United's motion to dismiss

19  Tukay's USERRA claim once again.

20  **IV.   CONCLUSION**

21      The Court grants United's motion to dismiss Tukay's claims for defamation and veteran

22  status discrimination. The Court has already given Tukay two opportunities to amend his

23  defamation claim and one opportunity to amend his veteran status discrimination claim. The

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    Court concludes that further amendment would be futile.  Accordingly, both claims are dismissed
2    with prejudice.[6]
3    **IT IS SO ORDERED.**
4    Dated: November 3, 2015



JON S. TIGAR
United States District Judge

---

[6] United's motion to dismiss also included a request that the Court impose sanctions on Tukay. The request is denied.  ECF No. 42 at 10.