UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY TUKAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-04343-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 54 |

　　　　Before the Court is Defendant United Airline Inc.'s ("United") Motion for Summary Judgment. ECF No. 54. For the reasons set forth below, the motion is granted.

**I. BACKGROUND**

　　**A. Undisputed Facts**

　　　　For more than twenty-three years, Plaintiff Henry Tukay worked as a mechanic for United at its San Francisco maintenance base. ECF No. 42 at 1. Tukay is a 57 year-old Filipino male who is disabled. Id. at 1–2. Tukay suffers from Hypertension, Lumber Intervert Disc Displacement, and Lumber Spinal Stenosis, and has also been diagnosed with a Diabetic condition. Id. at 2.

　　　　United terminated Tukay's employment on March 14, 2013 after he was accused of vandalizing another employee's car in the workplace parking lot. Id. At the time of the alleged vandalism, Colin Botto was employed by United as the Manager of Business Administration for the Western Region. ECF No. 54-1 (Declaration of Colin Botto) ¶ 2.[1] According to Botto, in early December 2012, a United employee, Ahmad Sahebjami, filed a complaint regarding the vandalism of his car on November 30, 2012 in an employee parking lot. Id. ¶ 5. Botto reviewed

---

[1] In his opposition brief, Tukay did not dispute any of the facts set forth in Colin Botto's declaration. See ECF Nos. 59, 60.

the security footage from the employee parking lot, "which showed an individual appearing to be Tukay walk through the parking lot [at 13:47 p.m. on November 30, 2015], brush up against Mr. Sahebjami's car on one side, turn around and go back in the direction he came from while brushing up against the other side of the car, and then come back through the lot again a minute or two later." Id. Botto "confirmed with Security . . . that Tukay had accessed that same parking lot at 13:46 p.m. on November 30 and left the parking lot at 13:48 p.m." Id. Botto also interviewed Mr. Sahebjami, "who positively identified Tukay as the individual in the video." Id. Botto subsequently decided to terminate Tukay "based solely on the evidence that he had vandalized another employee's vehicle." Id. ¶ 9.

### B. Procedural History

On August 4, 2014, Tukay filed suit in the Superior Court of the County of San Mateo. ECF No. 1, Ex. A. In his complaint, Tukay alleged claims for discrimination based on age and disability, retaliation, wrongful termination in violation of public policy, violation of California Labor Code §§ 201 and 203, and defamation. Id. United[2] removed the action to federal court, id., and later filed a motion to dismiss, ECF No. 8. Tukay did not oppose the motion, but filed a motion to remand to state court. ECF No. 16. In an order granting in part and denying in part United's motion to dismiss, the Court: (1) determined it had diversity jurisdiction over the present case; (2) dismissed defendant United Continental Holdings, Inc. from the suit; (3) granted the motion to dismiss without prejudice with respect to Tukay's disability discrimination, retaliation, and defamation claims; and (4) denied the motion to dismiss with respect to Tukay's claims for age discrimination, wrongful termination in violation of public policy, and violation of the California Labor Code. ECF No. 21. Tukay filed a motion to amend the complaint, ECF No. 23, which motion the Court granted. ECF No. 31.

On February 17, 2015, Tukay filed his First Amended Complaint ("FAC"), renewing all his previous claims and alleging new claims for discrimination based on race and veteran status. ECF No. 32 at 8–11. United subsequently filed a motion to dismiss Tukay's defamation and

---

[2] United Continental Holdings, Inc. was originally also a defendant, but the Court uses the shorthand "United" for ease of reference to refer alternately to both United entities and to United Airlines, Inc.

2

veteran discrimination claims. ECF No. 35.[3]  On June 10, 2015, the Court granted United's motion to dismiss with respect to both claims without prejudice. ECF No. 40 at 8.

On July 10, 2015, Tukay filed his Second Amended Complaint ("SAC"), renewing all of his previous claims. ECF No. 41. Once again, United filed a motion to dismiss Tukay's defamation and veteran discrimination claims, ECF No. 42,[4] which motion the Court granted, dismissing the defamation and veteran discrimination claims with prejudice. ECF No. 52.

On November 13, 2015, United filed a motion for summary judgment with respect to each of Tukay's six remaining claims, ECF No. 54, which motion the Court now considers.

### C. Jurisdiction

The Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction over Tukay's disability discrimination and racial discrimination claims pursuant to 28 U.S.C. § 1331.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to depositions, documents, affidavits, or other materials. Fed. R. Civ. P. 56(c)(1)(A). A party also may show that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). An issue is "genuine" only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). A fact is "material" if the fact may affect the outcome of the case. Id. at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

---

[3] United did not move to dismiss Tukay's newly added racial discrimination claim, nor did United move to dismiss Tukay's renewed disability discrimination or retaliation claims, which claims this Court previously dismissed with leave to amend. ECF No. 21.
[4] United did not move to dismiss Tukay's six other remaining claims. ECF No. 42.

Where the party moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial. See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party bears the initial burden of either producing evidence that negates an essential element of the non-moving party's claim, or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show that a genuine issue of material fact exists. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102–03 (9th Cir. 2000). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). Indeed, it is not the duty of the district court to "to scour the record in search of a genuine issue of triable fact." Id. "A mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint." Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997) (citation and internal quotation marks omitted). If the non-moving party fails to make this showing, the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## III. ANALYSIS

Six claims remain in this case:  (1) age discrimination under California law; (2) disability discrimination under California law and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (3) retaliation under California law; (4) wrongful termination in violation of public policy under California law; (5) breach of statutory duty under California law; and (6) racial discrimination under Title VII of the Civil Rights Act of 1964. United moves for summary judgment on all six claims, arguing that Tukay has essentially presented no evidence to support any of his claims. The Court agrees with United and concludes that Tukay, as the non-moving party, has failed to "identify with reasonable particularity [any] evidence that precludes summary judgment." Keenan, 91 F.3d at 1279. Accordingly, the Court will grant United's

motion for summary judgment as to all of Tukay's remaining claims.

### A. Age Discrimination

Under California law, it is "an unlawful employment practice for an employer to refuse to hire or employ, or to discharge, dismiss, reduce, suspend, or demote, any individual over the age of 40 on the ground of age, except in cases where the law compels or provides for such action." Cal. Gov't Code § 12941. "California has adopted the three-stage burden-shifting test for discrimination claims set forth in McDonnell Douglas Corp. v. Green[, 411 U.S. 792 (1973)]." Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 307 (2010). "At trial, the McDonnell Douglas test places on the plaintiff the initial burden to establish a prima facie case of discrimination." Id. (internal quotation marks omitted). "If, at trial, the plaintiff establishes a prima facie case, a presumption of discrimination arises [and] the burden shifts to the employer to rebut the presumption by producing admissible evidence, sufficient to raise a genuine issue of fact and to justify a judgment for the employer, that its action was taken for a legitimate, nondiscriminatory reason." Id. (internal quotation marks omitted). "If the employer sustains this burden, the presumption of discrimination disappears[,] [and] [t]he plaintiff must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination, or to offer any other evidence of discriminatory motive." Id. (internal quotation marks omitted).

The Court finds that Tukay has failed to make a prima face case for age discrimination. "[T]o make out a prima facie case of age discrimination under FEHA, a plaintiff must present evidence that the plaintiff (1) is over the age of 40; (2) suffered an adverse employment action; (3) was performing satisfactorily at the time of the adverse action; and (4) suffered the adverse action under circumstances that give rise to an inference of unlawful discrimination, i.e., evidence that the plaintiff was replaced by someone significantly younger than the plaintiff." Id. at 321. Tukay has presented no evidence giving rise to an inference of unlawful discrimination. Indeed, Tukay's opposition to United's motion for summary judgment identifies no evidence related to Tukay's age discrimination at all. ECF No. 59, 60. The Court will not "scour the record in search of a genuine issue of triable fact." Keenan, 91 F.3d at 1279. Accordingly, the Court concludes that United is entitled to summary judgment with respect to this claim.

Even if Tukay were able to make a prima facie case for age discrimination, the Court concludes that United has produced sufficient evidence "to raise a genuine issue of fact . . . that its action was taken for a legitimate, nondiscriminatory reason." <u>Sandell</u>, 188 Cal. App. 4th at 307. In particular, the undisputed declaration of Colin Botto, which is discussed in more detail above, states that Botto alone decided to terminate Tukay "based solely on the evidence that he had vandalized another employee's vehicle." ECF No. 54-1 ¶ 9. Plaintiff has submitted no evidence suggesting that Botto's legitimate, nondiscriminatory reason for firing Tukay was a pretext for discrimination. Accordingly, the Court will grant Defendant's motion for summary judgment for this additional reason. <u>See</u> <u>Wallis v. J.R. Simplot Co.</u>, 26 F.3d 885, 890 (9th Cir. 1994) (stating that to survive a motion for summary judgment, "[i]n response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce 'specific, substantial evidence of pretext.'").

### B. Disability Discrimination

Under both FEHA and the ADA, "the plaintiff initially has the burden to establish a prima facie case of [disability] discrimination. The plaintiff can meet this burden by presenting evidence that demonstrates, even circumstantially or by inference, that he or she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." <u>Sandell</u>, 188 Cal. App. 4th at 310; <u>see also</u> <u>Bonillas v. United Air Lines, Inc.</u>, No. 12-cv-6574-SBA, 2014 WL 4087906, at *10 (N.D. Cal. Aug. 19, 2014) (listing the elements of a prima facie claim for disability discrimination under the ADA).

Plaintiff has failed to present any evidence suggesting that he was terminated "because of [his] disability or perceived disability." <u>Sandell</u>, 188 Cal. App. 4th at 310. Instead, Plaintiff simply argues that "he is a qualified individual with a disability; and he suffered an adverse employment action when defendant United terminated him." ECF No. 60 at 6. This is not sufficient to make a prima facie case for employment discrimination because Plaintiff does not even attempt to show that his termination and his disability were somehow linked. <u>Id.</u> Accordingly, the Court concludes that United is entitled to summary judgment with respect to this

6

1    claim.

2        Moreover, even if Plaintiff were able to make a prima facie case for disability
3    discrimination, the Court once again concludes, for the same reasons it did with respect to
4    Plaintiff's age discrimination claim, that Defendant has produced sufficient evidence "to raise a
5    genuine issue of fact . . . that its action was taken for a legitimate, nondiscriminatory reason."
6    Sandell, 188 Cal. App. 4th at 307.  Because Plaintiff has submitted no evidence suggesting that
7    Botto's legitimate, nondiscriminatory reason for firing Tukay was pretextual, the Court will grant
8    Defendant's motion for summary judgment for this additional reason.

9        **C.     Racial Discrimination**

10       Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e–2(a), prohibits an
11   employer from "discriminat[ing] against an individual with respect to his . . . terms, conditions, or
12   privileges of employment because of his race."  Such claims are analyzed under the McDonnell
13   Douglas burden-shifting framework described above.  Plaintiff bears the initial burden of proving
14   his prima facie case of racial discrimination.  To do so, Plaintiff must produce evidence showing
15   that: (1) he belongs to a protected class; (2) he performed his job duties satisfactorily; (3) he was
16   subjected to an adverse employment action; and (4) similarly situated individuals who were not
17   members of the protected class were treated more favorably than he was.  Cornwell v. Electra
18   Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006).

19       The Court concludes that United is entitled to summary judgment with respect to this
20   claim, as no evidence has been presented showing that similarly situated individuals who were not
21   Filipino were treated more favorably than Plaintiff.  As with Plaintiff's age discrimination claim,
22   Plaintiff's opposition to Defendant's motion for summary judgment identifies no evidence related
23   to Plaintiff's racial discrimination claim.  ECF No. 59, 60.

24       Once again, even if Plaintiff were able to make a prima facie case for disability
25   discrimination, the Court concludes, for the same reasons it did with respect to Plaintiff's age and
26   disability discrimination claims, that Defendant has produced sufficient evidence "to raise a
27   genuine issue of fact . . . that its action was taken for a legitimate, nondiscriminatory reason."
28   Sandell, 188 Cal. App. 4th at 307.  Because Plaintiff has submitted no evidence suggesting that

Botto's legitimate, nondiscriminatory reason for firing Tukay was pretextual, the Court will grant Defendant's motion for summary judgment for this additional reason.

### D.     Retaliation

Under California law, it is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h).  "To establish a prima facie case of retaliation, a plaintiff must show that she engaged in protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a causal link between the two." Guthrey v. State of California, 63 Cal. App. 4th 1108, 1125 (1998).

The SAC alleges that "[o]n or about August 2012 plaintiff commenced taking leave under the Family and Medical Leave Act of 1993" and that "Defendant retaliated against plaintiff by terminating his employment with the Company." ECF No. 41 ¶¶ 25–26.  However, Tukay has failed to produce any evidence suggesting that "there was a causal link between" Tukay's protected activity and Tukay's termination.  As with Tukay's age and racial discrimination claims, Tukay's opposition to United's motion for summary judgment identified no evidence related to Tukay's retaliation claim.  ECF No. 59, 60.  Accordingly, the Court concludes that United is entitled to summary judgment with respect to this claim.

### E.     Wrongful Termination in Violation of Public Policy

Plaintiff also claims that he was wrongfully terminated in violation of the public policy embodied in California Government Code § 12940(a) and the California Constitution Article I, Section 8.  California law recognizes a cause of action for wrongful termination in violation of public policy where an employee can "show that the important public interests they seek to protect are tethered to fundamental policies that are delineated in constitutional or statutory provisions." Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 71 (1998) (internal quotation marks and citation omitted).  "The Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) declares as a public policy of [California] a necessity to protect and safeguard the right and opportunity to seek, obtain, and hold employment without discrimination on various grounds, among which is

age." Jennings v. Marralle, 8 Cal. 4th 121, 124 (1994); see also Cal. Gov't Code § 12920 ("It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability . . . ."). To prevail on a claim for wrongful discharge in violation of public policy, a plaintiff must establish that (1) an employer-employee relationship existed; (2) plaintiff's employment was terminated; (3) the violation of public policy was a motivating reason for the termination; and (4) the termination was the cause of plaintiff's damages. Haney v. Aramark Unif. Servs., Inc., 121 Cal. App. 4th 623, 641 (2004).

Plaintiff alleges that Defendant violated California's public policy against age and disability discrimination. ECF No. 41 ¶ 29. However, as discussed above, Plaintiff has presented no evidence supporting his assertion that his age or disability was a motivating reason for his termination. The Court will therefore grant Defendant summary judgment on this claim.

### F.    Breach of Statutory Duty

Finally, Plaintiff alleges that Defendants violated sections 201 and 203 of the California Labor Code by failing to "pay immediately plaintiff for his wages, for his medical treatment, and for his vacation and sick leave from December 3, 2012 to March 31, 2013 . . . when plaintiff received his final separation letter from defendant." ECF No. 41 ¶ 35. California Labor Code section 201(a) provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a). Labor Code section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).

Plaintiff has presented no evidence that Defendant "willfully fail[ed] to pay" Plaintiff at the time of discharge. Plaintiff's opposition brief once again fails to address this claim specifically, and the Court will not "scour the record in search of a genuine issue of triable fact." Keenan, 91 F.3d at 1279. Accordingly, the Court concludes that United is entitled to

summary judgment with respect to Plaintiff's claim for breach of statutory duty.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion for summary judgment as to all claims.

IT IS SO ORDERED.

Dated: January 19, 2016

JON S. TIGAR
United States District Judge